**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.   CASE NO. 3:21-cr-22-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN

**JUDGE HOWARD'S STANDING ORDER PERTAINING TO
DISCOVERY, MOTIONS, HEARINGS, CONFERENCES AND TRIAL**

**I.   HEARINGS, CONFERENCES AND TRIAL**

A.  **DISCOVERY MOTIONS TO BE FILED BY: APRIL 12, 2021**

**(Any necessary hearing will be set by separate notice)***

B.  **DISPOSITIVE MOTIONS, MOTIONS TO SUPPRESS AND OTHER NON-DISCOVERY MOTIONS ARE TO BE FILED BY: APRIL 12, 2021**

**(Any necessary hearings will be set by separate notice)**

C.  **STATUS CONFERENCE*:**
Date:  **APRIL 19, 2021**     Time:  **3:00 P.M.**
Courtroom Number:   **10B (10th Floor)**

**ALL CHANGE OF PLEA HEARINGS SHALL BE SCHEDULED AS SOON AS POSSIBLE BEFORE THE ASSIGNED MAGISTRATE JUDGE**

D.  **Trial Term Commencing On:**
Date:  **MAY 3, 2021** Time:  **9:00 A.M.**
Courtroom Number:   **10B (10th Floor)**
300 North Hogan Street, Jacksonville, Florida

***Defendants are not required to be present at Discovery Hearings or Status Conferences.**

**II.   RULES - DISCOVERY UNDER STANDING ORDER**

Defendant(s) may accept the following discovery by filing with the Court a <u>Notice of Acceptance of General Discovery</u> within ten (10) working days hereof, or as otherwise

directed by the Court. Within the time frame established in Part I of this Order, any party may file additional motions concerning discovery matters not covered by this Order or to seek a revision of the discovery deadlines established in this Order.

    A.    Within ten (10) working days from the filing of the Notice of Acceptance of General Discovery, the Government shall disclose to the defendant(s) and make available for inspection, copying, or photographing:

        1.    any relevant written or recorded statement made by the defendant(s), or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government; and

        2.    that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent;

        3.    the substance of any other relevant oral statement, if the Government intends to use that statement at trial (including for impeachment), made by the defendant(s) whether before or after arrest in response to interrogation by any person then known to the defendant(s) to be a Government agent; and

        4.    recorded testimony of the defendant(s) before a grand jury which relates to the offense charged; and

        5.    books, papers, documents, photographs, tangible objects, buildings,

     or places or copies or portions thereof, which are within the possession, custody or control of the Government, which:

     a. are material to the preparation of the defense; or

     b. are intended for use by the Government as evidence in its case in chief; or

     c. were obtained from or belong to the defendant; and

  6. results or reports of physical or mental examinations, and scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, which:

     a. are material to the preparation of the defense; or

     b. are intended for use by the Government as evidence in its case in chief.

B. No later than twenty (20) working days before trial (unless this deadline is modified upon good cause shown) the government should comply with Rule 16(a)(1)(G), Fed.R.Crim.P., regarding disclosure of a written summary of the testimony of expert witnesses.  No later than five (5) working days before trial (unless this deadline is modified upon good cause shown) the defendant(s) should comply with the reciprocal disclosure provisions concerning experts contained in Rule 16(b)(1)(C), Fed.R.Crim.P.

C. Within ten (10) working days from the filing of the Notice of Acceptance of General Discovery, the Government shall furnish the defendant(s) such copy

      of his prior criminal records, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

D.    The Government shall provide reasonable notice in advance of and at least ten (10) working days before trial the general nature of any evidence of other crimes, wrongs or acts which it intends to introduce at trial, either in its case in chief, for impeachment, or possible rebuttal, pursuant to Rule 404 (b), Fed.R.Evid.  Such notice may be made during trial if the Court excuses pretrial notice on good cause shown.

E.    Not later than five (5) working days before trial, the Government shall reveal to the defendant(s) all information and material known to the Government which may be favorable to the defendant(s) on the issue of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963).

F.    Where so stated, the Government shall exercise due diligence to make known the matters covered by this Order.

G.    Upon compliance by the Government with Paragraphs A.5 and A.6 of this Order, the defendant(s), within five (5) working days after said compliance, shall permit the Government to inspect and copy or photograph:

    1.    Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant(s), and which the defendant(s) intends to introduce in his case in chief at trial; and

    2.    Results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, within the possession or control of the defendant(s), which:

        a.    the defendant(s) intends to introduce as evidence in his case in chief at trial; or

        b.    were prepared by a witness whom the defendant(s) intends to call at the trial when the results or reports relate to that witness' testimony.

H.    If, prior to or during trial, a party discovers additional evidence or material previously required to be disclosed by Order of this Court, he shall promptly notify the attorney for the other party, or the defendant(s), if he or she is not represented by counsel, of the existence of the additional evidence or material.

I.    In accordance with Rule 12.2, Fed.R.Crim.P., if the defendant(s) intends to rely upon the defense of insanity at the time of the alleged crime, or if he intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of his mental state, he should comply with the notification procedure as set forth in said Rule within ten (10) working days of the date hereof.

J.    In accordance with Rule 12.1, Fed.R.Crim.P., if the Government makes a written demand concerning an alibi, the defendant shall comply with the notification procedure set forth in said Rule within fourteen (14) working days from the service of said written demand.  Upon receipt of the notice of alibi

        by the Government, the provisions of Rule 12.1(b), Fed.R.Crim.P., shall be complied with.

K.    The Court strongly encourages the Government to agree to produce <u>Jencks Act</u> materials before required to do so to give defendant(s) sufficient time to effectively utilize them in preparation for trial.  In the typical case (where there are no witness safety or other concerns), disclosure should be made at least five (5) working days before trial (earlier disclosure may be appropriate in a given case).   The parties are also strongly encouraged, but not required, to agree to a reciprocal witness list exchange five (5) working days before trial.  (In any event, witness lists must be provided by all parties at the commencement of trial.)

## III.   RULES - DISCOVERY BY WRITTEN MOTIONS

If the defendant(s) elect not to accept Rules -   Discovery Under Standing Order as stated in Part II, the defendant(s) shall file motions for Discovery within the time provided in Part I of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of March, 2021.

                                  PATRICIA D. BARKSDALE
                                  United States Magistrate Judge

                                  By: <u>s/A. Loeschen</u>
                                        Deputy Clerk

The Honorable Marcia Morales Howard
Counsel of Record
United States Marshal
United States Probation Office
United States Pretrial Services Office
Defendant