

FILED

2021 APR -1  P:: 2: 28

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.  3:21-cr-22(S1)-MMH-MCR
                                                          31 U.S.C. § 5324(a)(1)
KRISTOPHER JUSTINBOYER ERVIN                              31 U.S.C. § 5324(a)(3)
                                                          26 U.S.C. § 5861(j)
                                                          26 U.S.C. § 5861(d)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about December 28, 2020, in the Middle District of Florida, the

defendant,

KRISTOPHER JUSTINBOYER ERVIN,

knowingly and for the purpose of evading the reporting requirements of

31 U.S.C. § 5313, and the regulations promulgated pursuant thereunder with

respect to currency transactions in excess of $10,000, caused and attempted to

cause a domestic financial institution to fail to file a report required under

31 U.S.C. § 5313(a), and any regulation prescribed under any such section,

and did so while violating another law of the United States:

| DATE | AMOUNT | CREDIT UNION |
|------|--------|--------------|
| December 28, 2020 | $9000 | Community First (Orange Park) |
| December 28, 2020 | $5000 | Community First (Fleming Island) |

All in violation of 31 U.S.C. § 5324(a)(1) and (d)(2).

## COUNTS TWO THROUGH SEVEN

On the dates listed below, in the Middle District of Florida, the

defendant,

KRISTOPHER JUSTINBOYER ERVIN,

knowingly and for the purpose of evading the reporting requirements of

31 U.S.C. § 5313, and the regulations promulgated pursuant thereunder with

respect to currency transactions in excess of $10,000, structured, and

attempted to structure, the following transactions, each being a cash

withdrawal at a federally-insured financial institution, while violating another

law of the United States:

| COUNT | DATE | AMOUNT | CREDIT UNION |
|-------|------|--------|--------------|
| TWO | December 29, 2020 | $9000 | Community First (Orange Park) |
| THREE | December 30, 2020 | $9000 | Community First (Orange Park) |
| FOUR | December 31, 2020 | $9000 | Community First (Orange Park) |
| FIVE | January 2, 2021 | $9000 | Community First (Orange Park) |
| SIX | January 5, 2021 | $9000 | Community First (Orange Park) |
| SEVEN | January 6, 2021 | $9000 | Community First (Orange Park) |

All in violation of 31 U.S.C. § 5324(a)(3) and (d)(2).

2

## COUNT EIGHT

Beginning on or about November 30, 2020, and continuing through on or about March 1, 2021, in the Middle District of Florida, and elsewhere, the defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly transport or deliver firearms, and aid and abet the transportation and delivery of firearms, that is, machinegun conversion devices constituting machineguns, as defined in 26 U.S.C. § 5845(a) and 5845(b), in interstate commerce via the U.S. Mail, which firearms were not then registered in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841, as further specified below:

| DATE | APPROXIMATE QUANTITY OF MAILINGS |
|---|---|
| November 30, 2020 | Eighty-Nine |
| December 1, 2020 | Fourteen |
| December 2, 2020 | Twenty-Nine |
| December 3, 2020 | Sixteen |
| December 4, 2020 | Twenty-Three |
| December 5, 2020 | Two |
| December 6, 2020 | Twenty-Four |
| December 7, 2020 | Eight |
| December 8, 2020 | Twelve |
| December 9, 2020 | Four |
| December 10, 2020 | Three |
| December 11, 2020 | Twenty-Four |
| December 12, 2020 | Thirteen |
| December 13, 2020 | Thirty-Four |
| December 14, 2020 | Twenty-Five |
| December 15, 2020 | Twenty-Seven |
| December 16, 2020 | Seventeen |

| DATE | APPROXIMATE QUANTITY OF MAILINGS |
|---|---|
| December 17, 2020 | Nine |
| December 18, 2020 | Twenty-Four |
| December 19, 2020 | Eighteen |
| December 20, 2020 | Thirteen |
| December 21, 2020 | Fourteen |
| December 22, 2020 | Eighteen |
| December 23, 2020 | Fifteen |
| December 24, 2020 | Twelve |
| December 25, 2020 | Nineteen |
| December 26, 2020 | Seven |
| December 27, 2020 | Twenty-Eight |
| December 28, 2020 | Twenty-Eight |
| December 29, 2020 | Twenty-Four |
| December 30, 2020 | Twenty-One |
| December 31, 2020 | Twenty-Eight |
| January 1, 2021 | Eighteen |
| January 2, 2021 | Eleven |
| January 3, 2021 | Ten |
| January 4, 2021 | Nine |
| January 5, 2021 | Eight |
| January 6, 2021 | Eleven |
| January 7, 2021 | Twenty-One |
| January 8, 2021 | Eleven |
| January 9, 2021 | Eleven |
| January 10, 2021 | Ten |
| January 11, 2021 | Fifteen |
| January 12, 2021 | Fourteen |
| January 13, 2021 | Nineteen |
| January 14, 2021 | Seven |
| January 15, 2021 | Fifteen |
| January 16, 2021 | Seventeen |
| January 17, 2021 | Seven |
| January 18, 2021 | Twelve |
| January 19, 2021 | Sixteen |
| January 20, 2021 | Eight |
| January 21, 2021 | Eight |
| January 22, 2021 | Fifteen |
| January 23, 2021 | Fourteen |

| DATE | APPROXIMATE QUANTITY OF MAILINGS |
|---|---|
| January 24, 2021 | Eight |
| January 25, 2021 | Seven |
| January 26, 2021 | Fourteen |
| January 27, 2021 | Fifteen |
| January 28, 2021 | Five |
| January 29, 2021 | Three |
| January 30, 2021 | Sixteen |
| January 31, 2021 | Fourteen |
| February 1, 2021 | Nine |
| February 2, 2021 | Ten |
| February 3, 2021 | Six |
| February 4, 2021 | Twelve |
| February 5, 2021 | Eleven |
| February 6, 2021 | Eight |
| February 7, 2021 | Six |
| February 8, 2021 | One |
| February 10, 2021 | Eight |
| February 11, 2021 | Three |
| February 12, 2021 | Six |
| February 13, 2021 | Nine |
| February 14, 2021 | Twelve |
| February 15, 2021 | Eight |
| February 16, 2021 | Eleven |
| February 17, 2021 | Six |
| February 18, 2021 | Four |
| February 19, 2021 | Sixteen |
| February 20, 2021 | Fourteen |
| February 21, 2021 | Eight |
| February 22, 2021 | Six |
| February 23, 2021 | Twenty |
| February 24, 2021 | Thirteen |
| February 25, 2021 | Nine |
| February 26, 2021 | Eight |
| February 27, 2021 | Eight |
| February 28, 2021 | Seven |
| March 1, 2021 | Three |

All in violation of 26 U.S.C. §§ 5861(j) & 5871 and 18 U.S.C. § 2.

## COUNT NINE

On or about January 15, 2021, in the Middle District of Florida, the defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess a firearm, that is, a machinegun conversion device constituting a machinegun, as defined in 26 U.S.C. § 5845(a) and 5845(b), which was not then registered to the defendant in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

## COUNT TEN

On or about January 26, 2021, in the Middle District of Florida, the defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess a firearm, that is, a machinegun conversion device constituting a machinegun, as defined in 26 U.S.C. § 5845(a) and 5845(b), which was not then registered to the defendant in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

## COUNT ELEVEN

On or about February 4, 2021, in the Middle District of Florida, the defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess a firearm, that is, a machinegun conversion device

constituting a machinegun, as defined in 26 U.S.C. § 5845(a) and 5845(b),

which was not then registered to the defendant in the National Firearms

Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

## COUNT TWELVE

On or about February 22, 2021, in the Middle District of Florida, the

defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess a firearm, that is, a machinegun conversion device

constituting a machinegun, as defined in 26 U.S.C. § 5845(a) and 5845(b),

which was not then registered to the defendant in the National Firearms

Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

## COUNT THIRTEEN

On or about February 24, 2021, in the Middle District of Florida, the

defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess a firearm, that is, a machinegun conversion device

constituting a machinegun, as defined in 26 U.S.C. § 5845(a) and 5845(b),

which was not then registered to the defendant in the National Firearms

Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

### COUNT FOURTEEN

On or about March 2, 2021, in the Middle District of Florida, the

defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess a firearm, that is, a machinegun conversion device

constituting a machinegun, as defined in 26 U.S.C. § 5845(a) and 5845(b),

which was not then registered to the defendant in the National Firearms

Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

### FORFEITURE

1.      The allegations contained in Counts One through Seven are

incorporated by reference for the purpose of alleging forfeiture pursuant to 31

U.S.C. § 5317(c)(1)(A).

2.      Upon conviction of a violation of 31 U.S.C. § 5324, the defendant,

KRISTOPHER JUSTINBOYER ERVIN, shall forfeit to the United States,

pursuant to 31 U.S.C. § 5317(c)(1)(A), all property, real or personal, involved in

the offense and any property traceable to such property.

3.      The allegations contained in Counts Eight through Fourteen are

incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

4.     Upon conviction of a violation 26 U.S.C. § 5861, the defendant, KRISTOPHER JUSTINBOYER ERVIN, shall forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

5.     The property to be forfeited includes, but is not limited to, the following:

     a.     a sum of money equal to at least $68,000.00, representing the amount of funds involved in the offenses charged in Counts One through Seven; and

     b.     the sum of $3,700.00 in United States currency.

6.     If any of the property described above, as a result of any act or omission of the defendant:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third person;

     c.     has been placed beyond the jurisdiction of the Court;

     d.     has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 31 U.S.C. § 5317(c)(1)(B), and as

incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

KARIN HOPPMANN
Acting United States Attorney

By: _____
LAURA COFER TAYLOR
Assistant United States Attorney

By: _____
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
3/31/21 Revised

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

KRISTOPHER JUSTINBOYER ERVIN

SUPERSEDING INDICTMENT

Violations: 31 U.S.C. § 5324(a)(1), 31 U.S.C. § 5324(a)(3),
26 U.S.C. § 5861(j), & 26 U.S.C. § 5861(d)

A true bill,

_Douglas Riegert Johnson_
Foreperson

Filed in open court this _1st_ day

of April, 2021.

_Maria S. Lenotti_
Clerk

Bail   $_____

GPO 863 525