UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                           Case No.: 3:21-CR-22-MMH-MCR

**KRISTOPHER JUSTINBOYER ERVIN**
_____

**MOTION TO WITHDRAW AS COUNSEL
AND MEMORANDUM OF LAW**

The Defendant, KRISTOPHER JUSTINBOYER ERVIN, by and through the undersigned attorney, moves for his attorney to withdraw as counsel of record in this cause and states:

1. The Office of the Federal Public Defender was appointed to represent Mr. Ervin on March 5, 2021, at the hearing on status of counsel. Mr. Ervin was found indigent and qualified for appointed counsel.

2. The undersigned counsel has become aware of an actual conflict between the interest of Mr. Ervin and another client of the Office. The undersigned, therefore, requests leave to withdraw from Mr. Ervin's case and for appointment of conflict-free counsel for Mr. Ervin.

3. The undersigned certifies that a copy of this motion has been provided to Mr. Reeves on today's date, by mailing a copy of the motion to Mr. Ervin at

1

the Baker County Jail. Local Rule 2.02(c)(1)(A) provides that a lawyer must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal. Due to the ethical conflict in the case, undersigned asks the Court to waive the fourteen days' notice in order not to delay the proceedings any further. There is a hearing set of Mr. Ervin's motion to dismiss on July 8, 2021.

3. Assistant United States Attorney Laura Taylor was advised of the fact of the conflict and takes no position on this motion.

4. The undersigned has provided notice to Mr. Ervin of the filing of this motion by mailing a copy of the Motion to him at the Baker County Jail.

## **MEMORANDUM OF LAW**

Florida Rule of Professional Conduct 4-1.7 governs counsel's ethical obligations regarding conflicts of interests. Rule 4-1.7(a) provides the general rule that "a lawyer shall not represent a client if: (1) the representation of 1 client will be directly adverse to another client; or (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Fla. Rules of Prof'l Conduct 4-1.7(a). An exception is provided

if "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing." Fla. Rules of Prof'l Conduct 4-1.7(b). In addition, Florida Rule of Prof'l Conduct 4-1.9 further explains the ethical obligations of counsel when former clients are involved. *See* Fla. Rule of Prof'l Conduct 4-1.9.

The comment to Rule 4-1.7 clarifies that loyalty is an essential element in a lawyer's relationship with a client. A lawyer ordinarily may not advocate against a person the lawyer represents in another matter, even if it is wholly unrelated. Loyalty to a client is impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of a lawyer's other responsibilities or interests. Although a possible conflict does not itself preclude the representation, the critical questions are the likelihood that a conflict

3

will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. *See* Comment to Fla. Rule of Prof'l Conduct 4-1.7.

Although a client may consent to representation notwithstanding a conflict, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances. *See* Comment to Fla. Rule of Prof'l Conduct 4-1.7. In addition, a lawyer cannot properly ask a client to consent to representation where it is impossible to make the disclosure necessary to obtain such consent. *See* Comment to Fla. Rule of Prof'l Conduct 4-1.7; *see also* Fla. Rule of Prof'l Conduct 4-1.6 (Confidentiality of Information).

WHEREFORE, the undersigned counsel, given the ethical prohibitions of the Florida Bar, requests permission to withdraw as counsel and to appoint independent counsel for Mr. Ervin.

Dated: June 2, 2021.

JAMES T. SKUTHAN,
ACTING FEDERAL PUBLIC DEFENDER

s/ Lisa Call

_____

Lisa Call, Assistant Federal Public Defender
Florida Bar No. 0896144
Assistant Federal Public Defender
200 West Forsyth Street, Suite 1240
Jacksonville, FL 32202
Telephone: (904) 232-3039
Fax: (904) 232-1937
Lisa_call@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic notification to Laura Cofer Taylor, Assistant United States Attorney, 300 N. Hogan St, Suite 700, Jacksonville, Florida 32202, and by U.S. Mail to Kristopher Justinboyer Ervin, c/o Baker County Jail, PO Box 1629, Maccleney, FL 32063on February 19, 2021.

s/ Lisa Call

_____

Lisa Call

5