UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No:        3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
_____/

**MOTION TO RECONSIDER DETENTION OF DEFENDANT**

COMES NOW the Defendant, Kristopher Ervin, by and through his undersigned counsel, pursuant to Fed. R. Crim. P. 46(a) and 18 U.S.C. §3142(f)(2), hereby moves for reconsideration of his pretrial release, and in support hereof, further states as follows:

1. On March 3, 2021, Mr. Ervin was arrested, and a Criminal Complaint was filed against him alleging that he knowingly possessed a firearm as defined under Title 26, United States Code, Section 5845(a) and (b), that is, a machinegun conversion device, that was not then registered in the National Firearms Registration and Transfer Record.  Doc. 1.

2. On March 3, 2021, the Court ordered temporary detention of the Defendant (Doc. 12) until a hearing on this matter was conducted.

3. On March 25, 2021, after a hearing on this matter, the Court issued the Order of Detention Pending Trial (Doc. 23).

4. On March 11, 2021, Mr. Ervin was indicted, charging him with the same counts alleged in the Criminal Complaint.  Doc. 17.

5. On April 1, 2021, a Superseding Indictment was filed adding 13 additional counts. Doc. 25.

6. On January 26, 2022, a Second Superseding Indictment was filed adding 17 additional counts.  This Superseding Indictment not only contains new allegations but an additional

co-defendant who was previously not charged but has been subsequently arrested. The Government sought detention for Mr. Ervin's co-defendant, but he was not detained.

7. Mr. Ervin had been diligently preparing for trial, which prior to the Second Superseding Indictment, was scheduled for the April Trial Term.

8. At a status conference before Judge Howard, counsel for the co-defendant stated that due to the amount of discovery (approximately twenty-six thousand pages), they would not be ready for trial until early 2023. At that point in time, Mr. Ervin will have been in custody for nearly two years.

9. Judge Howard determined that such a timeline was likely unreasonable and continued the instant case. It is currently not set for trial and Mr. Ervin has been in custody for approximately fourteen months.

10. Pursuant to 18 U.S.C. § 3142(f), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." This statutory "provision is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around." *United States v. Pon*, 2014 WL 3340584, at *3, 9 (M.D. Fla. May 29, 2014).

**Detention Hearing Proceedings**

11.     On March 15, 2021 a detention hearing was conducted, at which time the Government requested that the Defendant be detained on the basis that the Defendant is charged with a crime that involves "the possession of firearms," and "is moving for detention based both on risk of flight and danger to the community." Tr. at 10.

12.     At the hearing, undersigned counsel did not represent Mr. Ervin.  At that hearing, prior counsel argues that Mr. Ervin is a life-long resident of Northeast Florida. His father, brother and sister also reside in Jacksonville.  Having a third-party custodian at that time was not verified by family at the time of the hearing, as they were not permitted to be present on the advice of counsel.  Detention Hearing Transcript at 37.

13.     However, subsequent to the detention hearing, Mr. Ervin's father has authorized the undersigned to represent that he is willing to be a third-party custodian for release of his son.

14.     At the detention hearing, the Government stated that "absent a third-party custody," that Mr. Ervin should be detained.  That concern is hereby satisfied by Mr. Ervin's father willing to be a third-party custodian.  Tr. at 45.

15.     The Court found detention of the Defendant was appropriate due the legal argument that the key cards Mr. Ervin was allegedly manufacturing fall into the category of "other dangerous weapon."  However, at the detention hearing, after a brief recess, the Court advised the parties after doing some quick research of the nature of the charge, that the Government satisfied its burden at least as to danger to the community. Tr. at 46.  However, the Government did not satisfy its burden regarding risk of flight.

**Grounds for Reconsideration**

1. During the detention hearing, it was argued that Mr. Ervin may have access to unknown amounts of money, which was difficult to disprove at the initial detention hearing. However, evidence that Mr. Ervin does not have access to such funds now exists, as testimony can establish he has been unable to contribute to the cost of his defense or his commissary account at the Baker County Jail.

2. The Defendant's circumstances have changed in nature due to the Defendant's father willing to be third-party custodian for his son. Mr. Ervin's father is a long time resident of Jacksonville and is willing to allow Mr. Ervin to live with him and report back to the Court.

3. In addition, the Defendant has now been in custody for over a year and a month.

4. There have been substantial delays in this case due to the rolling discovery production, two superseding indictments, and the recent arrest of codefendant Matthew Hoover, on February 22, 2022.

5. At his detention hearing, Mr. Ervin's codefendant, Mr. Hoover was granted pretrial release. See, Order Setting Conditions of Release. Doc. 86-5.

WHEREFORE, Defendant, due to the change of circumstances in this cause, the Defendant respectfully requests that this Honorable Court set a hearing on this matter and grant pretrial release.

        **Respectfully submitted,**

        **Monroe & King, P.A.**

          /s/ Alex King
        Alex King / Fla. Bar No.: 86034
        D. Scott Monroe **/** Fla. Bar No.: 86801
        Finley Williams / Fla. Bar No.: 100606
        Monroe & King, P.A.
        1805 Copeland Street
        Jacksonville, FL 32204
        **Pleadings to**: admin@monroekinglaw.com
        (904) 355-7777 Telephone
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to: Laura C. Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, this 27th day of April, 2022.

         /s/ Alex King
        ATTORNEY