UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE №: 3:21-cr22(S2)-MMH-MCR

UNITED STATES OF AMERICA,

v.

MATTHEW RAYMOND HOOVER,
_____/

**MOTION TO FOR LEAVE TO FILE REPLY TO OPPOSITION TO MOTION TO TRANSFER VENUE**

Pursuant to Local Rule 3.01(d) Defendant Matthew Raymond Hoover ("Defendant") respectfully moves this Court for leave to file a reply to the Government's opposition to his motion to transfer venue. Defendant states:

**I. ARGUMENT**

A reply to the opposition is needed to address the Government's curious contentions regarding the *Platt v. Minn. Mining and Mfg. Co.*, 376 U.S. 240, 235 (1964) factors and its failure to address analogous cases in the Middle District of Florida where courts facing similar situations granted such motions. *See generally United States v. Burke*, 607 F. Supp. 2d 1314, 1323 (M.D. Fla. 2009) (Judge Merryday's Order granting alleged members of the Gambino Organized Crime Family's Rule 26(b) motion to transfer venue from the Middle District of Florida to the Eastern District of New York where the alleged conspiracy included citizens of Florida and other states for their convenience);

1

*United States v. Albedhady-Sanchez*, No. 2:12-cr-48-FtM-29SPC, 2012 U.S. Dist. LEXIS 171108, at *2-3 (M.D. Fla. Dec. 3, 2012).

Instead of addressing these issues head on, the Government has unleashed a series of red herrings which have muddied the waters for the Court. *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931 (2011) ("When there is apparently dispositive precedent, an appellant may urge its overruling or distinguishing or reserve a challenge to it for a petition for certiorari but may not simply ignore it."). The Government has misrepresented many of the *Platt* factors, failed to address many of them directly, and conflated others (instead it has opted to spam the Court with links to YouTube videos and, for example, conflated the expenses to the parties factor with its theory-crafting regarding Defendant's finances), it cited wholly irrelevant cost of living indicators from www.payscale.com (Defendant does not intend to move to Jacksonville, Florida or Green Bay, Wisconsin—he has a home in Coloma, Wisconsin [which he is seeking to get a home equity loan on to continue to fund a meaningful legal defense]). Argued that "computer equipment, manufacturing equipment, more than 1500 Auto Key Cards, [and] firearms" are "records" despite our Supreme Court recent holding that a fish is not a record (or even a tangible object to

2

record or preserve information). *Yates v. United States*, 574 U.S. 528 (2015).[1] Cruelly nit-picked his medical records regarding his cancer treatment (by trying to create out of whole cloth, a distinction without difference within the *Platt* context between reoccurring cancerous polyps and lung nodules and full-blown stage-four cancer necessitating chemotherapy and radiation). It downplayed the burden on Defendant and his family and ignored the very true reality that a protracted period of time outside Wisconsin imposes an incredible burden on Defendant and his family (has to drive his daughter to Coloma Elementary School since there is no bus stop to be found near his home, and his studio and editing equipment is located at his home in Coloma he uses to make his videos).

**WHEREFORE**, Defendant moves this Court for leave to file a ten-page reply to the Government's opposition to his motion to transfer venue.

DATED: August 4, 2022

_____
Zachary Z. Zermay, Esq.
1762 Windward Way
Sanibel, FL 33957
Email: zach@zermaylaw.com
Telephone: 239-699-3107

/s/Matthew Larosiere_____
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575

---

[1] When Judge John Badalamenti of the Middle District of Florida was a federal public defender, he successfully appealed the petitioner's conviction under 18 U.S.C. § 1519 (the Sarbanes-Oxley Act) by arguing that a fish is not a record or tangible object under the code. The United States Attorney's Office for the Middle District of Florida knows about this case because the Court reversed the conviction it secured against the petitioner.

3

*Lead Counsel for Defendant*                *Counsel for Defendant*

## LOCAL RULE 3.01(g) CERTIFICATION

Defendant hereby certifies that he has conferred with the Government before filing this Motion. The Government has indicated that it takes no position regarding it.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Zachary Z. Zermay, Esq.