UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-22(S3)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE TRIAL TESTIMONY OF
GOVERNMENT'S PURPORTED EXPERT WITNESSES**

The United States of America, by and through the undersigned Assistant

United States Attorneys, hereby files its response in opposition to defendants'

Motion *in Limine* to Exclude Trial Testimony of Government's Purported Expert

Witnesses (Doc. 142) (hereinafter, "Defendants' Motion").   In an effort to exclude

the government's proposed expert witnesses, defendants mischaracterize the subject

of much of the proposed testimony and otherwise inexplicably claim that certain

subjects that are central to this case are "not at issue."   *See, e.g.*, Defendants' Motion

at 5 (suggesting that AS Lintner was proposed as an expert in "machinegun

conversion kits and how they are used to turn a firearm into a machinegun," which

was not part of the government's disclosure); *id.* (claiming that "the regulation of

machineguns is not at issue in the instant case" when, in fact, it is central to this

case).   The government has met its burden to provide an appropriate disclosure

under Rule 16[1] and has proposed experts who are well-qualified to provide relevant and helpful testimony to the jury in this case.

## **BACKGROUND**

The United States first made its expert disclosure on December 21, 2021, (Doc. 55), and then reconfirmed its previous disclosure on July 12, 2022 (Doc. 102). The government's disclosure proposed two expert witnesses: Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Area Supervisor (AS) Ernest Lintner and ATF Firearms Enforcement Officer (FEO) Cody Toy.   The government also provided to defendants multiple reports authored by FEO Toy in which he described in detail the process he undertook in evaluating the Auto Key Card and coming to his determination that it was a machinegun under federal law.   Additionally, the government provided to defendants curriculum vitae for both proposed experts. Those curriculum vitae are now attached to this response as Exhibit A (for AS Lintner) and Exhibit B (for FEO Toy).   The government further provided defendants with a copy of testimony given in 2015 by AS Lintner in the case *United States v. Kelerchian*, Case No. 2:13-cr-66.

The government proposed AS Lintner to testify at trial "regarding the rules and regulations that govern machineguns and other items regulated under the NFA, including the procedures that are required to be followed in order to legally

---

[1] Defendants baldly assert in the opening paragraph of their motion that "the Government has not complied with Rule 16," (Doc. 142 at 1), but make no effort to specify in what way they believe the government's disclosure to be insufficient.

manufacture, possess, and transfer both newly-made and pre-1986 machineguns."
Doc. 55 at 2.   AS Lintner was also proposed "to testify regarding the authority FFLs
and SOTs possess with regard to manufacturing, possessing, and transferring
machineguns."   *Id.*   AS Lintner's proposed testimony also included the subject of
"procedures through which SOTs can obtain advice from ATF in order to ensure
that they are complying with federal law" and "the history of Lightning Links and
their classification as machineguns."   *Id.*

FEO Toy, who has testified in federal court regarding classification of NFA
items on previous occasions, was proposed to testify regarding his evaluation of Auto
Key Cards, including that the design etched onto the surface "was immediately
recognizable [to him] as a 'Lightning Link,' which is a type of machinegun
conversion device that has been classified as a machinegun by ATF, pursuant to the
NFA, since at least the early 1980s."   *Id.* at 3.   FEO Toy was also proposed "to
testify that he was able to use a commonly-available Dremel tool to cut the etched
lines of the Auto Key Card and thereby cut the Lightning Link from the surrounding
material" and that he was then able to put the pieces "into an AR-15 style rifle and
that the rifle thereafter fired more than one shot with a single function of the trigger,"
thus meeting the definition of a machinegun under federal law.   *Id.* at 3-4.   FEO
Toy is further expected to testify regarding "the requirements for marking
machineguns, including the stage of manufacture at which such markings are
required, and the procedures for obtaining marking variances."   *Id.* at 4.

3

# ARGUMENT

## I.   AS Lintner

This case involves charges related to the manufacture, possession, and transfer of unregistered machinegun conversion devices.   The trial will involve the presentation of evidence in the form of recordings in which defendant Hoover makes representations about his authority to manufacture, possess, and distribute those devices as a holder of an SOT license from ATF.   For example, in his video "This Makes an illegal Machine gun," Hoover claims that he "can legally manufacture machineguns" as an SOT holder.   In the same video, Hoover discusses enforcement action taken against a manufacturer of another pretextual machinegun conversion device – the so-called "portable wall hanger" – and suggests that the individual manufacturing and selling portable wall hangers should have been warned by ATF that he was making machineguns prior to being charged with a crime.   Additionally, Defendant Ervin has advanced arguments that Auto Key Cards are his "artwork," suggesting that the cards were his original design or idea.   Doc. 30 at 10-12.

It will therefore be important for the jury to understand the complex regulatory background that exists concerning machineguns in order to properly understand and evaluate the evidence in the case.   This, largely, is what AS Lintner's testimony is designed to provide.   For example, AS Lintner is proposed to testify about procedures that must be followed if one is to legally manufacture, possess, and transfer newly-made machineguns.   AS Lintner is also expected to testify that Lightning Links have been in existence since at least the 1980s.   This

testimony will be necessary to rebut the contention by Ervin that Auto Key Cards were his original artistic design (in fact, Ervin is not even the first person to come up with the idea of manufacturing not fully cut out Lightning Links to try and skirt the NFA).

AS Lintner is also expected to inform the jury of procedures that ATF has wherein a manufacturer may submit a sample of a firearm to ATF for evaluation to ensure that it is in compliance with federal law before engaging in manufacturing and distribution of the item.   It is also important for the jury to understand that this procedure exists, as both defendants have previously claimed that they had no way to know that Auto Key Cards would be classified as machineguns by ATF, and, in a bid to garner sympathy, that this prosecution is unfairly punitive.   *See* Doc. 30 at 4 (defendant Ervin arguing that he was "forced to speculate, at peril of indictment, whether his conducted is prohibited"); Doc. 132 at 5 (defendant Hoover arguing that the NFA was overly vague).

This is a permissible use of an expert witness.   *See, e.g.*, *United States v. Schultz*, Case No. 8:02-CR-111-T-17MAP, 2005 WL 8162669 at *1 (M.D. Fla. Feb. 24, 2005) (permitting testimony of an expert in a securities case on background legal issues); *see also United States v. Milton*, 555 F.2d 1198, 1204-05 (5th Cir. 1977) (upholding admission of expert testimony about the field of gambling and stating "[t]he trial judge must have discretion to discern the needs presented by a particular case and the forms of expert testimony that may best guide the jury over unfamiliar terrain"); *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) (upholding the admission of

expert testimony to assist the jury in understanding the general background of a regulated field (securities)).   It is highly unlikely that a jury will be sufficiently informed about the regulatory framework surrounding the manufacture, possession, and transfer of machineguns to be able to competently evaluate the evidence and arguments made at trial without the assistance of an expert.   AS Lintner is not expected to testify about how machineguns are defined under federal law, nor is he expected to testify that he determined that Auto Key Cards are machineguns. Rather, AS Lintner's testimony is expected to inform the jury of relevant regulatory background that is pertinent to this case and will aid the jury in evaluating the evidence presented at trial.

For the most part, defendants' arguments to exclude AS Lintner's proposed testimony are red herrings, as they argue that the government should not be allowed to present testimony that the government has not proposed SA Lintner provide.   *See, e.g.* Doc. 142 at 5 (arguing that AS Lintner should not be able to testify about "the definition of a machinegun and a firearm" or about "machinegun conversion kits and how they are used to turn a firearm into a machinegun" or about "making determinations of what is, and is not, a machinegun").   To be clear, the government has proposed AS Lintner be allowed to testify regarding the things that were contained in the government's expert disclosure.   *See* Doc. 55.   AS Lintner is well-qualified to testify on those topics, as reflected in the expert disclosure and his attached CV.   *Id.*; *see also* Defendants' Motion at 8 (acknowledging that AS Lintner

6

"may be an expert" in "the regulation and policies for FFL license holders and SOTs as it pertains to machineguns").

## II.   FEO Toy

Defendants acknowledge that FEO Toy has been employed as a Firearms Enforcement Officer for ATF since 2016.   *See also* Doc. 55 at 3; Ex. B.   As described in the government's expert disclosure, FEO Toy "is responsible for evaluating firearms submitted by law enforcement officers as evidence and making determinations regarding whether those firearms meet the criteria to be classified as firearms regulated by the NFA and GCA, including machineguns."   *Id.*   In other words, classifying firearms, including machineguns, has been FEO Toy's full-time job for the past 6+ years.   Interestingly, defendants insist that specific expertise in machinegun conversion devices is required to testify in this case.   Doc. 142 at 9. While they contend that FEO Toy lacks this expertise, they are mistaken.   FEO Toy's training and experience related to firearms encompasses both machineguns as the general public understands them as well as conversion devices.

FEO Toy is certainly qualified to testify, based on his specialized training and experience, that he recognized the design etched into the surface of the Auto Key Card as a Lightning Link, to inform the jury of how he was able to use a commonly-available tool to cut it out, and that he was able to install the pieces of the Lightning Link into a rifle and thereafter test its function.   Describing this process will require use of FEO Toy's expertise as an armorer to inform the jury of what the different parts of a firearm are and how the Lightning Link operates to cause the firearm to

shoot automatically more than one shot with a single function of the trigger.   This

testimony will be important for the jury to understand the case, is proper, and should

not be excluded.

## **CONCLUSION**

The United States has met its burden to demonstrate, in compliance with

Rule 16, that the testimony of proposed experts Lintner and Toy is admissible under

Federal Rule of Evidence 702.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     _s/ Laura Cofer Taylor_
LAURA COFER TAYLOR
Assistant United States Attorney
USA No. 170
E-mail: Laura.C.Taylor@usdoj.gov

DAVID B. MESROBIAN
Assistant United States Attorney
USA No. 188
E-mail: David.Mesrobian@usdoj.gov

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:    (904) 301-6310

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2022, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

> Zachary Zermay
> Matthew Larosiere
> *Counsel for defendant Matthew Raymond Hoover*
>
> Alex King
> *Counsel for defendant Kristopher Justinboyer Ervin*

> *s/ Laura Cofer Taylor*
> LAURA COFER TAYLOR
> Assistant United States Attorney