UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   Case No.   3:21-cr-22(S3)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

_____

**INSTRUCTIONS TO COUNSEL RE: JURY SELECTION (CRIMINAL)**

A JURY PANEL HAS BEEN SUMMONED BY THE JURY ADMINISTRATOR WHO INITIALLY SCREENED THE HARDSHIPS AND BROUGHT ANY QUESTIONABLE CASES TO ME FOR A FINAL DECISION ON HARDSHIPS.  THE 48 PERSONS IN THE COURTROOM HAVE BEEN RANDOMLY SELECTED BY A COMPUTERIZED PROCESS AND SEATED IN THE JURY BOX AND ADJACENT AREAS IN A RANDOMLY SELECTED ORDER.  YOU HAVE BEEN PROVIDED WITH THE NAMES OF THE 48 JURORS IN THE RANDOMLY SELECTED ORDER.  JURY SELECTION WILL PROCEED WITH THOSE ASSIGNED NUMBERS.  THUS, IF, AFTER VOIR DIRE, THERE WERE NO CHALLENGES AT ALL, JUROR NOS. 1-12 ON THE LIST WOULD BE THE JURY AND JUROR NOS. 13 AND 14 WOULD BE THE ALTERNATES.

I WILL BEGIN BY BRIEFLY EXPLAINING THE NATURE OF THE CASE AND WILL THEN CONDUCT A BRIEF GENERAL VOIR DIRE EXAMINATION.  IN DOING SO, I WILL ASK GENERAL QUESTIONS AND ALSO SUCH QUESTIONS PROVIDED BY COUNSEL THAT I DEEM PROPER.

AFTER COMPLETION OF THE VOIR DIRE EXAMINATION, I WILL INQUIRE AT SIDE BAR AS TO ANY OBJECTIONS TO THE VOIR DIRE AND ANTICIPATED CHALLENGES FOR CAUSE SO THAT THE COURT CAN ADDRESS WITH THE PANEL ANY REMAINING ISSUES.  THE VENIRE WILL THEN BE EXCUSED AND COUNSEL WILL FIRST BE ASKED TO EXERCISE ANY CHALLENGES FOR CAUSE.  AFTER DISPOSING OF ANY CHALLENGES FOR CAUSE, PEREMPTORY CHALLENGES WILL THEN BE EXERCISED IN AN ALTERNATING MANNER, THE FIRST TWO BY DEFENDANT AND THEN ONE BY THE GOVERNMENT (THEN 2-1, 2-1, 2-1, 1-1, AND 1-1).  THE DEFENDANT WILL BE PERMITTED UP TO 10 PEREMPTORY CHALLENGES AND THE GOVERNMENT 6.  INITIAL CHALLENGES SHALL BE DIRECTED TO THE FIRST 12 PROSPECTIVE JURORS SEATED IN THE BOX.  IF, FOR EXAMPLE, THE GOVERNMENT EXCUSES PROSPECTIVE JUROR NO. 4, JUROR NO. 13 WILL BE DEEMED SUBSTITUTED IN NO. 4'S PLACE.  IF

THE DEFENDANT THEN EXCUSES NO. 8, NO. 14 WILL BE ON THE JURY, ETC.  THE EXERCISE OF CHALLENGES WILL THUS CONTINUE UNTIL ALL CHALLENGES ARE EXHAUSTED OR THE PARTIES BOTH ACCEPT THE JURY.  THE COURT WILL NOT RESTRICT A PARTY FROM STRIKING ANY JUROR AMONG THOSE UNDER CONSIDERATION AT A GIVEN TIME REGARDLESS OF THE ORDER IN WHICH THE PARTY EXERCISES THOSE STRIKES.  IF, BEFORE EXHAUSTING ITS PEREMPTORY CHALLENGES, ONE PARTY CHOOSES TO ACCEPT THE JURY AS CONSTITUTED AND "PASSES", THE OTHER SIDE MAY ALSO ACCEPT THE JURY AND JURY SELECTION WILL BE COMPLETE.  IF, HOWEVER, ONE SIDE PASSES AND THE OTHER SIDE EXERCISES A CHALLENGE, THE SIDE WHO PASSED MAY STILL EXERCISE ANY CHALLENGES THEY HAVE LEFT BUT ONLY AS TO ANY NEW JUROR WHO HAS COME ON TO THE PANEL BY VIRTUE OF THE EXERCISE OF A PEREMPTORY CHALLENGE.  IN OTHER WORDS, ONCE A PARTY PASSES, IT CANNOT GO BACK AND STRIKE ANY JUROR WHO WAS SEATED AT THE TIME THE PARTY PASSED.

ONCE A JURY OF 12 HAS BEEN SELECTED USING THIS METHOD, THE COURT WILL SELECT 2 ALTERNATE JURORS.  THE ALTERNATE JURORS WILL BE THE NEXT 2 JURORS WHO HAVE NOT BEEN

SELECTED TO BE ON THE JURY OF 12.   HOWEVER, EACH SIDE MAY EXERCISE 1 PEREMPTORY CHALLENGE TO THE ALTERNATE JURORS, BEGINNING WITH THE GOVERNMENT.   ONCE THE ALTERNATES ARE SELECTED, NO ATTORNEY OR ANY OTHER PERSON CONNECTED WITH THE CASE SHOULD ADVISE THE ALTERNATES OF THEIR STATUS.