UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                Case No:        3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
_____/

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY OF
DEFENDANTS' PROPOSED EXPERT WITNESSES**

COMES NOW the Defendant, Kristopher Ervin, by and through his undersigned counsel, and hereby files this Response to Government's Motion *In Limine* to Exclude Trial Testimony of Defendants' Proposed Expert Witnesses (Doc. 170) (hereinafter referred to as "Government's Motion to Exclude Expert Witness"), and in support hereof, further states as follows:

1. On December 9, 2022, undersigned counsel filed Defendant's Amended Notice of Disclosure of Summary of Expert Testimony in Compliant with Fed. R. Crim. P. 16(b)(1)(C) (Doc. 165) (hereinafter referred to as "Defendant's Expert Disclosure").

2. Defendant's Expert Disclosure lists Daniel G. O'Kelly as an expert with over 45 years of law enforcement experience, and references his CV (Doc. 56-1), and qualifications as an expert in firearms.

3. The Government, in their Government's Motion to Exclude Expert Witness (Doc. 170), has moved to exclude Mr. O'Kelly for a myriad of reasons, pursuant to Fed. R. Crim. P. 16(b)(1)(C), which will be addressed in turn, as they appear in the Government's Motion to Exclude Expert Witness.

4. The Government first asserts Defendant's Expert Disclosure is "deliberately vague" regarding testimony of firearms and their operation generally, as well as the functions of

firearms and their operation. Doc. 170 at 3. The Government further avers that such testimony is not relevant, and if it is, the Government "intends to explain these things through its own witnesses in its case in chief." *Id.* Quixotically, the Government claims that such a summary is "intentionally vague", while claiming the Government will present such testimony, even though the Government's disclosure fails to state that such testimony will be presented. *See generally* Doc. 55.

5.   In essence, the Government reasons Mr. O'Kelly should be excluded, *inter alia*, for a summary that is not specific enough, even though the Government appears to believe it will be presenting such evidence in the absence of any disclosure whatsoever. *See Id.* More concerning is the implication that Mr. O'Kelly should be excluded from testifying because the Government's witnesses will be able to handle it. Understandably, no case is cited for such a proposition. Indeed, excluding the testimony of Mr. O'Kelly because a government witness could provide some, similar testimony would deprive the jury of the ability to weigh the evidence themselves. *See United States v. Prince*, 883 F.2d 953, 959 n. 3 (11th Cir.1989) ("Weighing the credibility of witnesses ... is within the province of the jury, and the jury is free to believe or disbelieve any part or all of the testimony of a witness.").

6.   The Government next questions the expertise of Mr. O'Kelly regarding "the National Firearm Act generally" and other issues of legal authority, including the Gun Control Act. Doc. 170 at 3. While the Government disclaims that Mr. O'Kelly has any training or experience that would permit him to testify to such matters, his *Curriculum Vitae* is replete of expert knowledge regarding the relevant statutes and their interpretation. Even excluding his extensive career in law enforcement, Mr. O'Kelly was employed as the compliance expert for one of the country's larges firearms retailers. Mr. O'Kelly's vast experience, in and out of law

enforcement, can inform the jury on these issues, assuming the Government is allowed to present such evidence. As previously discussed with this Honorable Court at the most recent status conference, as well as Defendant's Disclosure (Doc. 165 at 2 n.2), it is Defendant's position, as will be addressed in a forthcoming *Motion in Limine,* that it is not permissible for the Government or defense to present expert testimony regarding interpretation of the criminal statutes. As the Supreme Court has stated, "we have never held that the Government's reading of a criminal statute is entitled to any deference." *United States v. Apel*, 571 U.S. 359, 369 (2014).

   7. The Government avers Mr. O'Kelly should be excluded because of a lack of training and experience regarding "lightning links" or the source of the "detailed copies, specifications, photographs, and measurements of the devices the government has alleged are machineguns." Doc. 170 at 4. Primarily, the Government attempts to narrow the scope of the training and expertise necessary to "lightning links", by referring to its own description in the Second Superseding Indictment and on a matter which Defendant has not conceded. *Id.* at 2, 4; *see generally* Doc. 57. The relevant expertise is the functioning of firearms and how one can be made to function under the statutory definition of a machinegun. This is an expertise the Government appears to concede Mr. O'Kelly possesses. Doc. 170 at 2. With regard to the basis of this knowledge, it is contained in the Government's own discovery, and an inspection of the objects alleged by the Government to be illicit. Present at this inspection was undersigned counsel, Mr. Redwine, counsel for the Government (though not the Assistant United States Attorney who filed the Government's Motion to Exclude Expert Witness), and several ATF agents. Although Mr. O'Kelly was not present because of financial considerations, the relevant material was made available to him as a result of that inspection. During the course of said examination, numerous photographs were taken, measurements were taken, ATF agents provided copies and measuring

3

devices of numerous samples, and information was obtained for Mr. O'Kelly. This is all in addition to the discovery provided by the Government, which stands at approximately thirty-four thousand (34,000) Bates Stamped items and documents.

8. The Government, for more than two pages of the Government's Motion to Exclude Expert Witness, discusses a YouTube video of Mr. O'Kelly discussing the <u>ATF opinion</u> of the items alleged to be machinegun conversion devices. *Id.* at 4-6. Without getting into a factual recitation of the video, it is a conversation regarding some of the facts of the case against the Defendant in this cause. However, the Government does not provide a legal basis for excluding Mr. O'Kelly's testimony. While the video may or may not be fodder for cross-examination, it is not a reason to exclude Mr. O'Kelly's testimony. The only potential reason surmisable Mr. O'Kelly should be excluded from testifying, is Mr. O'Kelly expressed a preliminary opinion only a few weeks into the case. Again, this is not a basis to exclude a witness. If it were, it is important to note that FEO Toy must also be excluded from testifying, as "the Auto Key Card devices submitted to him was immediately recognizable as a … machinegun conversion device." Doc. 55 at 3. Obviously, this opinion took far less than a few weeks and occurred prior to any of the Government's discovery disclosure was created.

9. Further along, the Government's Motion to Exclude Expert Witness asserts, tangentially, that none of the specific roles Mr. O'Kelly held at ATF allowed, under ATF rules, for Mr. O'Kelly to formally make Firearms determinations under the National Firearms Act. Doc. 170 at 9-13. While ignoring the fact that Mr. O'Kelly has been a nationally recognized firearm expert for decades and has over forty-five years of experience in law enforcement and with firearms, the Government focuses on specific job roles within ATF. A quick review of the qualifications of the Government's purported experts and Mr. O'Kelly make it clear Mr. O'Kelly

4

has significantly more relevant experience in firearms, generally. Although Defendant's Expert Disclosure outlines numerous areas where Mr. O'Kelly may testify, the Government implies that the breadth of Mr. O'Kelly's knowledge and expertise is somehow disqualifying. Federal Rule of Evidence 702 provides that an expert, "through knowledge, skill, training, or education, may testify . . . if the testimony "will help the trier of fact to understand the evidence". Mr. O'Kelly is more than capable of assisting the jury in understanding the mechanisms of firearms and how it relates to this case.

10. More concerning, is the implication by the Government that *Daubert* and Rule 16 requires an expert witness to possess a government sanctioned position or certificate to provide useful, admissible testimony to a jury. *See generally* Doc. 170 at 10-12. This is not only a gross mischaracterization of the law, but anathema to this country's entire history of jurisprudence. ATF, as a large bureaucratic Federal Agency, certainly has good reason to delineate agents who may make formal determinations regarding a machinegun. Rule 16 and the relevant case law do not have such a requirement. Indeed, many experts exist in a myriad of fields without having ever worked for the government at all.

11. The Government is requesting this Honorable Court exclude Mr. O'Kelly because he did not hold a particular job with ATF during his more than twenty years with that agency, while asking this Court to completely ignore the rest of his relevant experience. Rule 702 provides that expertise may be established "through knowledge, skill, training, or education." Job title is not one of the requisite considerations and is not a reason to exclude Mr. O'Kelly, who has an exceptionally focused area of expertise as outlined in Defendant's Expert Disclosure.

12. Although the Government addresses other reasons it believes Mr. O'Kelly, should be excluded from testifying, these supposed reasons to exclude the testimony of Mr. O'Kelly are

either factual disagreements with Mr. O'Kelly or arguments that have been addressed in other areas. *See generally* Doc. 170 at 13-15. To some extent, it is difficult to affirmatively state what testimony Mr. O'Kelly may have to address based on the presentation of the Government's case-in-chief. However, the Government once again assures this Court on page 16 of the Government's Motion to Exclude Expert Witness that Mr. O'Kelly's testimony should be excluded as unnecessary because the jury will hear what it needs from "the evidence the United States will present in its case-in-chief." However, as discussed above, Rule 16, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the United States Constitution do not preclude Mr. Ervin from presenting a defense because of the Government's belief in its case and witnesses.

WHEREFORE, it is respectfully requested that this Honorable Court deny the Government' Motion to Exclude Expert Witness and permit Defendant's expert O'Kelly to testify at trial.

Respectfully submitted,

**Monroe & King, P.A.**


 /s/ Alex King
Alex King, Esq.
Florida Bar No.: 0086034
Scott Monroe, Esq.
Florida Bar No.: 0086801
1805 Copeland Street
Jacksonville, Florida 32204
Tel: (904) 355-7777
E-mail: Admin@MonroeKingLaw.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to: Laura Cofer Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, this 18th day of January, 2023.

 /s/ Alex King
ATTORNEY