UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK TATE ADAMIAK,<br><br>Defendant. | Criminal No. 2:22cr47 |

# **ORDER**

Pending before the Court is a Motion in Limine to Exclude Trial Testimony of Defendant's Proposed Expert Witness (the "Motion") by the Government. ECF No. 55. On October 10, 2022, Defendant gave the United States Notice of Expert Witness for Mr. Daniel G. O'Kelly.[1] *See* Ex. A, ECF No. 55-1. The Notice identifies Mr. O'Kelly's experience, training, and the topics he intends to testify on. *Id.* at 1. The Government seeks to preclude Mr. O'Kelly from testifying as an expert witness because he does not have the requisite experience and failed to provide sufficient reasons for his conclusions as required by Federal Rule of Criminal Procedure 16(b)(1)(C). Mot. in Limine at 1, ECF No. 55.

In the Response in Opposition, Defendant states that he plans to call Mr. O'Kelly only in rebuttal to the Government's expert testimony. Resp. in Opp'n at 1,

---

[1] Under paragraph 8 of the Agreed Discovery Order, Defendant was required to disclose a written summary of testimony he intends to use under Federal Rule of Evidence 702 to the Government 10 business days before trial. Agreed Disc. O. at ¶ 8, ECF No. 21. Defendant should have sent the Notice of Expert Witness by October 3, 2022. Neither party raises the late Notice as an issue in the briefing, so the Court declines to address the issue at this juncture.

1

Case 3:22-cr-00024-MHL Document 58 Filed 10/27/22 Page 2 of 6 PageID# 510

ECF No. 57. Defendant failed to mention in his Notice that he planned to call Mr. O'Kelly only as a rebuttal witness, which has wasted Government and Court resources. *See* Ex. A, ECF No. 55-1. Defendant correctly asserts that he does not have to disclose a written summary of any rebuttal witness testimony under Rule 16(b)(1)(C). *See United States v. Beilharz*, 378 F. App'x 363, 365 (4th Cir. 2010) (noting that "[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements"). Given that Defendant intends Mr. O'Kelly to serve only as a rebuttal witness, the Court will determine during trial proceedings whether Mr. O'Kelly has the requisite experience to discuss topics that the Government's witnesses raise.

To the extent that Mr. O'Kelly intends to provide testimony on the Second Amendment, as suggested by the Government, the Court warns that testimony related to the Second Amendment will likely run afoul of Federal Rules of Evidence 402 or 403. Under Rule 402, irrelevant evidence is not admissible. Fed. R. Evid. 402. As discussed in the Court's Order on Defendant's Motion to Dismiss, the Second Amendment is not applicable to the instant case because machineguns and destructive devices are not weapons "in common use" today for self-defense. Order on Mot. Dismiss at 9, ECF No. 46; *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S. Ct. 2111, 2128 (2022). As such, the Court will generally view testimony on the Second Amendment as irrelevant and not admissible.

Further, under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, . . . or wasting time." Fed. R. Evid. 403. The probative value of Second

2

Amendment testimony is likely very low because machineguns and destructive devices are not protected under the Second Amendment. Order on Mot. Dismiss at 9, ECF No. 46. Testimony on the Second Amendment is likely to create confusion on the legal standard, mislead the jury as to the issues to be determined, and waste the Court's time. As such, the probative value of any Second Amendment testimony, even if relevant to some degree, will likely be substantially outweighed by the dangers discussed in Rule 403.

For the foregoing reasons, the Government's Motion (ECF No. 55) is **DENIED**. The Clerk is **REQUESTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

October 17, 2022
Norfolk, Virginia