UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No:        3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
MATTHEW HOOVER
_____/

**EMERGENCY JOINT MOTION FOR EXTENSION OF FILING DEADLINE**

COMES NOW, jointly, Defendants, Kristopher Ervin and Matthew Hoover, by and through their undersigned counsel, and hereby moves for an extension of the current February 24, 2023, deadline to file any motions *in limine*, and in support hereof, further states as follows:

1. On November 17, 2022, a status conference was held before this Honorable Court continuing the trial in this matter and orally setting deadlines for motions. *See generally* Doc. 159[1]. On that date, this Court said that there would be no further continuances absent extraordinary circumstances and stated dates for evidentiary and non-evidentiary motions would be provided in a subsequent trial order.

2. On January 3, 2023, the Court provided said trial order and ordered the parties to file any motions *in limine* on or before February 24, 2023, which is one day from the date of this filing. Doc. 169.

3. Yesterday, February 22, 2023, the Government notified undersigned counsels that they have supplemental discovery consisting of 1.66TB, and undersigned counsel would have to provide them with removable media so they could produce said supplemental discovery. To provide context, prior to this disclosure, the Government had disclosed thirty-four thousand

---

[1] Although jointly filed by both Mr. Ervin and Mr. Hoover, the document numbers referenced herein are as to Mr. Ervin's case for simplicity sake.

twenty-two (34,022) Bates numbers of discovery. While some Bates stamped entries are a single sheet of paper, others are images and videos, some of which are voluminous while comprising only one Bates number. The previous disclosures comprise approximately 10.6 gigabytes of information, including all documents, pictures, and video recordings.

4. Thus the February 22, 2023 disclosure is more than 156 times the previous disclosures that comprised more than 34,000 pages of documents, pictures, and videos. If the new disclosure contains the items of the same size and ratio, it will comprise more than 5,300,000 (five million three hundred thousand) items.

5. The Government at no point in time alerted counsel that this disclosure was expected or imminent. Counsel learned of the disclosure when the hard drives to transfer the material were requested.

6. Because of the volume of the February 22, 2023 disclosure, the Government is unable to provide it electronically and has requested a two terabyte hard drive to transfer the material, which counsel is in process of obtaining.

7. Given the length of time to obtain the devices, transfer, and obtain 1.66TB of additional discovery, it will not be possible to conduct even the most cursory review of it and determine what motions *in limine* exist from that review, let alone draft motions in the current filing deadline timeline. Furthermore, as counsel for Mr. Hoover is out of town, the information will be obtained by counsel for Mr. Ervin and said counsel will attempt to digitally transfer it to counsel for Mr. Hoover.

8. Since this Honorable Court set these matters for trial most recently in November, there have been six additional disclosures comprising nearly 2000 Bates numbers worth of data, many of which were video files that take extensive time to review.

9. When counsel inquired of the Government the nature of the disclosure, the Government stated the disclosures were of electronic devices of Mr. Ervin's bank records, "some videos, and miscellaneous business records declarations, among other things." The Government asserted in its communications that the electronic devices were "available for review upon appointment at all times since they were seized". However, while previous disclosures provided certain electronic communications of Mr. Ervin and Mr. Hoover, the Government has not previously provided or disclosed that the electronic materials seized were either "material to the preparation of the defense" or "intended for use by the Government as evidence in its case in chief" as provided in this Court's Standing Order Pertaining to Discovery, Motions, Hearings, Conferences, and Trial. Doc. 24.

10. After undersigned counsel requested information regarding the nature of the disclosure and expressed concern about the disclosure's impact on, *inter alia*, the February 24, 2023 deadline, the Government made available by USAfx, a file sharing system, approximately 1,641 Bates numbered items late this morning, February 23, 2022. Undersigned counsel is incapable of reviewing- much less conducting research and drafting motions *in limine* where appropriate- this information.

11. Undersigned counsel respectfully requests for additional time to review all of the supplemental discovery and actually obtain the 1.66 terabyte disclosure from the Government. At this time, having been unable to actually review the material, it is impossible to determine what impact it will have on other current deadlines or the ability of counsel to be prepared for trial in six weeks. The Government's continued "rolling discovery" and late disclosure of such voluminous discovery has once again made it impossible for the defense to adequately prepare and jeopardized the ability to prepare for trial.

12. The Government has informed undersigned counsel that it opposes any continuance of the motion deadline, irrespective of the voluminous and late nature of the Government's disclosure, as they do not believe it would impact the motions to be filed. However, given counsel's inability to review the materials prior to the deadline, counsel has no way of knowing how the disclosures would impact said motions, or what other impact these disclosures will have on the preparation of the case.

13. This request is made in good faith and not for purpose of delay and is in the best interest of justice.

WHEREFORE, it is respectfully requested that this Honorable Court grant this motion, and extend the current February 24, 2023 filing deadline.

Respectfully submitted,
**Monroe & King, P.A.**

  /s/ Alex King
Alex King, Esq.
Florida Bar No.: 0086034
Scott Monroe, Esq.
Florida Bar No.: 0086801
1805 Copeland Street
Jacksonville, Florida 32204
Tel: (904) 355-7777
E-mail: Admin@MonroeKingLaw.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to: (1) Laura C. Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, (2) Zachary Z. Zermay, Esq., zach@zermaylaw.com, and (3) Matthew Larosiere, Esq., larosieremm@gmail.com, this 23rd day of February, 2023.

  /s/ Alex King
ATTORNEY