UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:21-cr-22(S3)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

## RESPONSE TO MOTION TO EXTEND DEADLINES

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby responds to defendant KRISTOPHER JUSTINBOYER ERVIN and defendant MATTHEW RAYMOND HOOVER's "Emergency Joint Motion for Extension of Filing Deadline" (Doc. 187) (hereinafter, the "Motion"). In the Motion, the defendants request that the Court extend tomorrow's deadline to file any motions *in limine* until an unspecified date.

1. At the November 15, 2022 status conference, the Court set the set the trial in this case for April 10, 2023, and established various deadlines for pre-trial motions and responses. Doc. 159. As noted in the minutes, "The Court emphasized its expectation that the deadlines would be met and that the trial date is firm and will not change." Doc. 159. These deadlines were further restated in the Court's January 3, 2023 Order Scheduling Trial. Doc. 169. The Court ordered motions *in limine* to be filed by February 24, 2023, with responses by March 10, 2023. *Id.*

2. On February 23, 2023 – the day before motions *in limine* were due, counsel for ERVIN and HOOVER jointly filed the Motion[1] seeking an unspecified extension of time to file motions *in limine*. The grounds for the Motion are that on February 22, 2023, the United States notified the defendants that it would be producing "supplemental discovery" in the case, and that the United States had "at no point in time alerted counsel that this disclosure was expected or imminent." Doc. 187 at 1-2. Due to the volume of the materials, the defendants state they need additional time to review the materials and determine what, if any, effect on motions *in limine* they might have. Doc. 187 at 2.

3. The Motion states that the United States advised the defendants that materials contain "electronic devices of [sic] Mr. Ervin's bank records, 'some videos, and miscellaneous business records declarations, among other things.'" Doc. 187 at 3. The Motion avers (incorrectly) that "the Government has not previously provided or disclosed that the electronic materials seized were either 'material to the preparation of the defense' or 'intended for use by the Government as evidence in its case in chief,'" as required by the Court. Doc. 187 at 3.

4. As the United States advised the defendants, the vast majority of this production contains a courtesy copy of the electronic devices seized from defendant ERVIN (along with business record certifications and bank records for ERVIN and his father). The materials from these devices which the United States anticipates

---

[1] As the Court is no doubt aware, the defendants have previously requested several extensions of the filing deadline for motions *in limine* for assorted reasons prior to continuances of the trial. *See* Docs. 143, 152.

using in its case-in-chief at trial, or which it believes could be material to the preparation of the defense, were produced to the defendants months ago. The devices themselves, along with all other physical evidence in the custody of the United States, have been available for inspection upon request from the inception of the case – the availability of which the defendants have been advised in every single discovery letter from the United States. Neither defendant has yet to request inspection of the electronic devices, so out of an abundance of caution, the United States is providing courtesy copies which indeed comprise a large amount of data.

5. Thus, the United States has complied with (and, in fact, exceeded) the requirement under Fed. R. Crim. P. 16 and the Court's Rules for Discovery Under Standing Order that

> the Government shall disclose to the defendant(s) and make available for inspection, copying, or photographing . . . books, papers, documents, photographs, tangible objects, buildings, or places or copies or portions thereof, which are within the possession, custody or control of the Government, which: a. are material to the preparation of the defense; or b. are intended for use by the Government as evidence in its case in chief; or c. were obtained from or belong to the defendant.

The United States disclosed the seizure of these electronic devices to the defendants, and made them available for inspection and copying. Further, the United States previously identified and provided the defendants the materials within these devices

3

which it anticipates using in its case in chief or which it believes may be material to the preparation of the defense. The defendants did not avail themselves of the opportunity to inspect or copy these items, though both counsel for ERVIN and HOOVER have inspected other items of physical evidence at the Bureau of Alcohol, Tobacco, Firearms, and Explosives office in Jacksonville. Thus, the United States is providing courtesy copies of the entire devices well in advance of trial. With respect to the bank records recently produced by USAfx, the United States will identify for the defendants the relevant Bates numbers within those materials, and already informed counsel that it does not oppose any future motion for leave to file a motion *in limine* related to those records (if necessary).

6. The United States does not believe that there are sufficient grounds to extend the deadline to file motions *in limine*. The defendants have had ample time to prepare their motions, given the procedural history of this case. Further extension of the time to file motions *in limine* and responses imperils the date set for trial in this case, given that it would likely have a prejudicial effect on the United States' (and possibly the defendants') ability to prepare for trial, due to the need to schedule witness preparation simultaneous with drafting responses to motions and preparing for motion hearing(s), as well as the potential need to adjust trial strategy in light of rulings on these motions.

WHEREFORE, the United States opposes the Motion.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney


By:    s/ *David B. Mesrobian*
        DAVID B. MESROBIAN
        Assistant United States Attorney
        USA No. 188
        E-mail: David.Mesrobian@usdoj.gov

        LAURA COFER TAYLOR
        Assistant United States Attorney
        USA No. 170
        E-mail: Laura.C.Taylor@usdoj.gov

        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone:  (904) 301-6300
        Facsimile:   (904) 301-6310

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Alex King, Esq.
>>*Counsel for defendant KRISTOPHER JUSTINBOYER ERVIN*
>
>Zachary Z. Zermay
>Matthew LaRosiere
>>*Counsel for defendant MATTHEW RAYMOND HOOVER*

>>>>*s/ David B. Mesrobian*
>>>>DAVID B. MESROBIAN
>>>>Assistant United States Attorney