UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:21-cr-22(S3)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

## MOTION *IN LIMINE* FOR JURY INSTRUCTION

The United States of America files this motion *in limine* requesting that the Court instruct the jury regarding the definition of a machinegun as proposed herein and enter an order prohibiting the defendants, KRISTOPHER JUSTINBOYER ERVIN and MATTHEW RAYMOND HOOVER, from arguing that the United States is required to demonstrate that Auto Key Cards were designed and intended "solely and exclusively" to be used as machinegun conversion devices or otherwise is required to demonstrate a "plus factor."

## BACKGROUND

On August 31, 2022, the grand jury returned the operative indictment in this case. Doc. 120. That indictment charges a number of offenses related to the unlawful transfer of machinegun conversion devices. In each machinegun count, the charged items are alleged to be "machinegun conversion devices each consisting of a combination of parts designed and intended for use in converting a weapon into a machinegun, constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b) . . . ." *Id.* While 26 U.S.C. § 5845(b) contains several clauses describing

items that qualify as machineguns under the statute, only one of those clauses is incorporated into the indictment.  In other words, the defendants in this case may only be convicted under the indictment if the jury finds that the items that they dealt in are a "combination of parts designed and intended[] for use in converting a weapon into a machinegun."  It would, therefore, be improper for the Court to instruct the jury that it could convict under any other definition contained within the statute.

Defendant Hoover has highlighted his intention to argue that the government must demonstrate that the devices at issue in this case were "designed – which can be demonstrated by the 'plus' factor – and intended . . . for use in converting a weapon into a machinegun."  Doc. 132 at 3-4.  Despite there being no such requirement in the statute, Defendant Hoover has asserted that there must be evidence of a "'plus' factor . . . to sustain the legal conclusion that these cards are designed and intended solely for use as a weapon," which Defendant Hoover contends is "required by the statute."  *Id.* at 11.  And despite the government proceeding only on a "combination of parts" theory, Defendant Hoover continues to advance arguments that the "solely and exclusively" language applicable to single parts has a role in this case.  *Id.* at 11-13.  It does not.

## MEMORANDUM OF LAW

This Court already has rejected Defendant Hoover's "plus factor" argument as "unavailing" and the case upon which Hoover relies for that argument as "inapplicable here."  Doc. 141 at 16-17.  This Court should therefore prohibit either

defendant from advancing argument at trial that the government must prove a "plus factor" – which goes beyond what the statute requires.   Moreover, Defendant Hoover acknowledges that the requirement that a part be designed "solely and exclusively for use in converting a weapon into a machinegun" applies only "in the case of a single 'part' . . . . ."   Doc. 132 at 9-10.   The indictment alleges that the charged devices consist of a "combination of parts" – and therefore, there is no requirement that the government demonstrate that they were designed "solely and exclusively" for use as machinegun conversion devices.

Any argument about "plus factors" or items being designed "solely and exclusively" for the purpose of converting weapons into machineguns has no relevance to this case and the only purpose served by advancing such arguments would be to confuse the jury.   The United States therefore respectfully requests that this Court exclude such arguments at trial and instruct the jury that a machinegun is defined as "a combination of parts designed and intended for use in converting a weapon into a machinegun."

## CONCLUSION

Wherefore, the United States respectfully requests that the Court should prohibit the defendants from arguing that the United States is required to demonstrate a "plus factor" or that the conversion devices at issue were designed and intended "solely and exclusively" for the purpose of converting a weapon into a

machinegun, or otherwise advancing any argument contrary to the statutory definition of a machinegun as it is applicable to this case.

          Respectfully submitted,

          ROGER B. HANDBERG
          United States Attorney

By:   *s/ Laura Cofer Taylor*
          LAURA COFER TAYLOR
          Assistant United States Attorney
          USA No. 170
          E-mail: Laura.C.Taylor@usdoj.gov

          DAVID B. MESROBIAN
          Assistant United States Attorney
          USA No. 188
          E-mail: David.Mesrobian@usdoj.gov

          300 N. Hogan Street, Suite 700
          Jacksonville, Florida 32202
          Telephone:  (904) 301-6300
          Facsimile:   (904) 301-6310

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Zachary Zermay
>Matthew Larosiere
>*Counsel for defendant Matthew Raymond Hoover*
>
>Alex King
>*Counsel for defendant Kristopher Justinboyer Ervin*

>*s/ Laura Cofer Taylor*
>LAURA COFER TAYLOR
>Assistant United States Attorney