UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:21-cr-22(S3)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

**MOTION *IN LIMINE* TO EXCLUDE ARGUMENT AND EVIDENCE AT TRIAL THAT IS CONTRARY TO THE LAW**

The United States of America files this motion *in limine* requesting that the Court enter an order prohibiting the defendants, KRISTOPHER JUSTINBOYER ERVIN and MATTHEW RAYMOND HOOVER, from arguing or introducing testimony in support of a defense which would assert that their production, advertising, and distribution of the Auto Key Card machinegun conversion devices was protected First Amendment speech or activity.   The United States further moves this Court to order that defendants may not advance argument at trial that their activities were protected by the Second Amendment or that the National Firearms Act is unconstitutional or that federal firearms laws are otherwise unjust or unlawful.

## BACKGROUND

Both defendants in this case have filed motions which have sought dismissal of the indictment in this case on the grounds, *inter alia*, that the criminal activity alleged was purportedly protected by the First Amendment.   In defendant ERVIN's motion to dismiss, Doc. 30, he referred to the Auto Key Card machinegun

conversion devices as "artwork," "a drawing," or "artistic works." Doc. 30 at 1, 10. ERVIN argued that the Auto Key Cards he produced were protected First Amendment expression, and, therefore, the charges under the National Firearms Act were unlawful content-based restrictions. Doc. 30 at 10-12. The Court denied ERVIN's motion to dismiss at the July 8, 2021, hearing. Doc. 45.

HOOVER also filed two different motions to dismiss the Second Superseding Indictment. Docs. 132, 133. In Doc. 133, HOOVER similarly argued that 26 U.S.C. § 5845(b) was a "content-based restriction that is simultaneously overbroad and under inclusive [sic]," and that treating a "metal card with information drawn on it" as a machinegun conversion device raised "severe" First Amendment implications. Doc. 133 at 1-4. The Court again rejected this argument and denied HOOVER's motions, finding that "the statute at issue here does not implicate the First Amendment and [the doctrines of overbreadth and underinclusivity] are inapplicable. . . . The relevant statutes here are not 'content-based restrictions' as Hoover suggests, and as such, Hoover's arguments that they are overbroad and underinclusive are without merit." Doc. 141 at 30-32.

Additionally, HOOVER has advanced multiple arguments that the NFA is unconstitutional, particularly in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Doc. 133. ERVIN previously had advanced many of these same arguments. Doc. 30. This Court rejected each of ERVIN and HOOVER's claimed bases for declaring the NFA unconstitutional. Doc. 141 at 28 (rejecting HOOVER's argument that the NFA is

2

unconstitutional as-applied "because machineguns are unlawful and cannot be taxed"); *id.* at 29 (finding the NFA is facially constitutional); *id.* at 32-35 (rejecting HOOVER's *Bruen*-based arguments and finding that his "contention that the Supreme Court's holding in *Bruen* suggests that the statutes at issue violate the Second Amendment is unsupported by the relevant authority").

## MEMORANDUM OF LAW

The United States moves to preclude the introduction of any testimony or argument at trial that Auto Key Cards constitute "artwork" protected by the First Amendment, or that statements made in furtherance of advertising and distributing the Auto Key Cards were protected speech.   The United States further moves to preclude any argument that the NFA and federal firearms laws are otherwise unconstitutional or that the Second Amendment ensures the right to possess machineguns.   "District courts have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts."   *United States v. Arias*, 984 F.2d 1139, 1143 (11th Cir. 1993).   Defendants do not, however, have the right to introduce evidence and arguments to support a defense that is contrary to the law.   *United States v. Funches*, 135 F.3d 1405, 1408 (11th Cir. 1998) (concluding evidence supporting a legally infirm defense was inadmissible and its attempted introduction was a veiled attempt at jury nullification).

While the defendants have not provided notice of any affirmative defenses at this time, these purported constitutional protections have been a consistent theme in

their filings. As reflected in this Court's Order denying the motions to dismiss on this issue, the criminal charges in this case do not implicate First Amendment or Second Amendment concerns. Doc. 141 at 30 ("The Court finds that the statute at issue here does not implicate the First Amendment and these doctrines are inapplicable."); *id.* at 35 ("H[OOVER]'s contention that the Supreme Court's holding in *Bruen* suggests that the statutes at issue violate the Second Amendment is unsupported by the relevant authority."). Rather, the case charges the defendants with a conspiracy to manufacture and distribute metal cards containing etchings for parts intended for use as machinegun conversion devices. The statutes at issue contain no speaker- or content-based restrictions on speech. The defendants point to no case law where a court has found that the First Amendment guarantees the right to unregulated production or possession of firearms—let alone machineguns or other "dangerous and unusual weapons," *see District of Columbia v. Heller*, 554 U.S. 570, 627 (2008)—as a means of protected expression. While defendants are free to argue that they lacked the requisite intent to transfer a combination of parts "designed and intended" for use as a machinegun conversion device, any argument that their actions constitute speech or expression protected by the First Amendment would be merely a thinly-veiled argument for jury nullification. *See* Doc. 48 at 15 ("If Mr. Ervin wishes to defend against these charges by presenting evidence that it's

4

an artistic work, then a jury may well find that it is not a part designed and intended . . . for use in converting a weapon into a machine gun . . . ." [1]); Doc. 141 at 30.

Similarly, statements made in furtherance of the conspiracy to transfer the machinegun conversion devices—such as the YouTube videos created and published by defendant HOOVER promoting the sale of the Auto Key Card set forth in the Third Superseding Indictment, Doc. 120 at 4-9—are not protected speech.  Criminal activity is not protected by the First Amendment simply because it is in the form of speech.  *See Giboney v. Empire Storage & Ice, Co.*, 336 U.S. 490, 502 (1949) ("[I]t has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed.")  In *United States v. Williams*, 553 U.S. 285, 288, 294 (2008), the Supreme Court reviewed the constitutionality of 18 U.S.C. § 2252A(a)(3)(B), which criminalized the "pandering or solicitation" of child pornography, *i.e.*, "speech that accompanies or seeks to induce a transfer of child pornography—via reproduction or physical delivery—from one person to another."  The Court determined that the statute did not violate the First Amendment. *Id.* at 297-99.  Specifically, the Supreme Court stated that "[o]ffers to engage in illegal transactions are categorically excluded from First

---

[1] The Court's ruling on Mr. Ervin's Motion to Dismiss referenced the statutory definition for a single part constituting a machinegun conversion device – *i.e.*, a "part designed and intended solely and exclusively for use in converting a weapon into a machine gun," however, the United States has since narrowed its indictment and is proceeding only under a theory that Auto Key Cards constitute a combination of parts designed and intended to convert a weapon into a machinegun.  Doc. 120.

5

Amendment protection." *Id.* at 297 (citing *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 378 (1973)); *Giboney*, 336 U.S. at 498). The Court further explained that the categorical exclusion was based "on the principle that offers to give or receive what it is unlawful to possess have no social value and thus, like obscenity, enjoy no First Amendment protection." *Id.* at 298. The Supreme Court further described that "[m]any long established criminal proscriptions – such as laws against conspiracy, incitement, and solicitation – criminalize speech (commercial or not) that is intended to induce or commence illegal activities" and "[o]ffers to provide or requests to obtain unlawful material, whether as part of a commercial exchange or not, are similarly undeserving of First Amendment protection." *Id.* The Supreme Court also noted that "[t]o be sure, there remains an important distinction between a proposal to engage in illegal activity and the abstract advocacy of illegality." *Id.* at 298-99 (citing *Brandenburg v. Ohio*, 395 U.S. 444, 447-48 (1969).

The defendants' constitutional arguments are analogous to the purported First Amendment defenses cited by defendants in child pornography cases, such as *Williams*. In *New York v. Ferber*, 458 U.S. 747, 764 (1982), the Supreme Court had held that child pornography was not a class of material protected by the First Amendment. Nevertheless, defendants continued to attempt to assert that their possession or dissemination of child pornography materials was somehow protected First Amendment activity. For example, in *United States v. Matthews*, the defendant asserted that he was a journalist who had received and transmitted child

6

pornography to research a news story, and thus should be allowed to present evidence to the jury and argue that his actions were protected by the First Amendment. *Matthews*, 209 F.3d 338, 340-41 (4th Cir. 2000). The district court granted the government's motion *in limine* prohibiting this evidence and defense, and the court of appeals affirmed:

> Matthews and his amici present powerful rhetoric urging that he (and anyone else asserting such a defense) be allowed to present this defense to a jury. Let the jury decide, they argue: if the jury concludes that Matthews traded in pornography solely for a proper purpose, then the First Amendment prevents conviction; if the jury concludes that he acted for another purpose, then conviction is appropriate. The argument has visceral appeal. One of our bedrock principles is that every man deserves his day in court and the opportunity to have a jury consider his best defense. But the law does not permit a defendant to present a defense unless the law recognizes that defense. And, notwithstanding the skill of Matthews' advocacy, *Ferber* does not provide the broad defense he seeks to raise in this case.

*Id.* at 344. The court went on to note that such an affirmative defense appeared to have been specifically rejected by Congress in enacting 18 U.S.C. § 2252 without including an affirmative defense provision, citing to the legislative history where the testimony was that such a defense would be an invitation to "thwart the purpose of the statute by placing otherwise proscribed child pornography materials within a legitimate literary or scientific work." *Id.* at 349-50 (citing to 1984 U.S.C.C.A.N. at 504). The analogy is clear: allowing individuals to produce, advertise, and transfer machinegun conversion devices (or silencers or other regulated firearms) under the

7

guise that they are "artwork" (or merely "discussions" of artwork) would thwart the purpose of the National Firearms Act.

The Court should similarly prohibit First or Second Amendment defenses in this case, having already ruled that these amendments are not implicated by the statutes proscribing the conduct at issue in this case. Evidence tending only to establish facts which are not of consequence in determining the action is not relevant. Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "'The accused does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.'" *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (alteration in original) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)). "Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence." *Funches*, 135 F.3d at 1409; *see also United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification; and, indeed, may instruct the jury on the dimensions of their duty to the exclusion of jury nullification.") (citation omitted). A First Amendment or Second Amendment defense in this case has no basis in the law, and the related evidence and argument would only serve to confuse and mislead the jury.

## **CONCLUSION**

Wherefore, the United States respectfully requests that the Court should prohibit the defendants from arguing or presenting evidence to support a defense that their production and distribution of machinegun conversion devices was protected First Amendment activity, that the Second Amendment guaranteed their right to manufacture, sell, and transfer Auto Key Cards, that the NFA is unconstitutional, or that their activities were somehow otherwise protected by constitutional guarantees.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   *s/ Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney
USA No. 170
E-mail: Laura.C.Taylor@usdoj.gov

DAVID B. MESROBIAN
Assistant United States Attorney
USA No. 188
E-mail: David.Mesrobian@usdoj.gov

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:   (904) 301-6310

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Zachary Zermay
>Matthew Larosiere
>*Counsel for defendant Matthew Raymond Hoover*
>
>Alex King
>*Counsel for defendant Kristopher Justinboyer Ervin*

>*s/ Laura Cofer Taylor*
>LAURA COFER TAYLOR
>Assistant United States Attorney