UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No:   3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
MATTHEW HOOVER
_____/

## DEFENDANTS' FIRST MOTION IN LIMINE

COMES NOW jointly Defendants, Kristopher Ervin and Matthew Hoover, by and through their respective counsel, and hereby respectfully requests the Court enter an order prohibiting the Government from arguing, placing into evidence, or otherwise eliciting expert testimony from lay witnesses regarding the operation of firearms and other expert opinions with regard to the "Auto Key Card", and in support hereof, further states as follows:

1. It is anticipated that the Government will call as witnesses at trial, several individuals, who are alleged to have purchased an "Auto Key Card". It is anticipated, that at a minimum, witnesses identified by their initials D.S., J.M., R.D., S.D., J.A., R.W., T.A., and A.O., will testify regarding their purchase of one or more "Auto Key Cards", though additional witnesses may be called to present similar testimony.

2. It is further anticipated that the Government will elicit testimony from the aforementioned witnesses regarding the "Auto Key Card", including its function, its legality, and technical aspects of both the "Auto Key Card", and the operation of firearms, in general.

3. The Government has not disclosed any of these witnesses as expert witnesses pursuant to this Court's general discovery order, further discovery orders, or Fed. R. Crim. Pro. 16. Additionally, the Government has not provided any information that these witnesses have any training, knowledge, or experience that would permit them to provide expert testimony to the jury.

4. If a lay witness's opinion "necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact." *United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980). *See also United States v. Southers*, 583 F.2d 1302, 1306 (5th Cir. 1978). "The danger here is that the jury could easily accord too much weight to the pronouncement of a lay witness unfamiliar with the criminal law." *United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981).

5. Indeed, it does not matter if such testimony is "couched as a . . . direct observation, [because it] fits squarely within . . . expert testimony by officers as to matters within their experience". *United States v. Oriedo*, 498 F.3d 593, 603 (7th Cir. 2007) (holding that an officer's testimony regarding manner of use of baggies to package drugs was improperly admitted as lay opinion and should have been subject to expert witness disclosures).

6. Although some or all of these witnesses may be more familiar with firearms than the average juror, this Court should not allow quasi-expert testimony from these witnesses. Not only have they failed to be disclosed as expert witnesses by the Government, the Government has otherwise disclosed to experts in firearms that would be able to provide the same or similar testimony. Thus, any expert or quasi-expert testimony would be in violation of this Court's orders on disclosure, Fed. R. Crim. Pro. Rule 16, and Fed. R. Evid. Rule 403, as such evidence would be needlessly cumulative.

WHEREFORE, it is respectfully requested this motion be granted and this Honorable Court enter an order prohibiting the Government from arguing, placing into evidence, or otherwise eliciting expert testimony from lay witnesses regarding the operation of firearms and other expert opinions with regard to the "Auto Key Card".

        Respectfully submitted,
        **Monroe & King, P.A.**

         /s/ Alex King
        Alex King, Esq.
        Florida Bar No.: 0086034
        Scott Monroe, Esq.
        Florida Bar No.: 0086801
        1805 Copeland Street
        Jacksonville, Florida 32204
        Tel: (904) 355-7777
        E-mail: Admin@MonroeKingLaw.com
        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to: (1) Laura C. Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, (2) Zachary Z. Zermay, Esq., zach@zermaylaw.com, and (3) Matthew Larosiere, Esq., larosieremm@gmail.com, this 27th day of February, 2023.

         /s/ Alex King
        ATTORNEY