UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No:        3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
MATTHEW HOOVER
_____/

**DEFENDANTS' SECOND MOTION IN LIMINE**

COMES NOW jointly Defendants, Kristopher Ervin and Matthew Hoover, by and through their respective counsel, and hereby respectfully requests the Court enter an order prohibiting the Government from arguing, placing into evidence, or otherwise eliciting testimony regarding the belief of lay witnesses, including substantive act witnesses, that the "Auto Key Card", or similar items, are Machineguns under the National Firearms Act or otherwise illegal, and in support hereof, further states as follows:

1. It is anticipated that the Government will call as witnesses at trial several individuals who are alleged to have purchased an "Auto Key Card". It is anticipated that, at a minimum, witnesses identified by the initials D.S., J.M., R.D., S.D., J.A., R.W., T.A., and A.O. will testify regarding their purchase of one or more "Auto Key Cards", though additional witnesses may, and likely will, be called to present similar testimony.

2. It is further anticipated that the Government will elicit testimony from these witnesses regarding their thoughts and opinions on the "Auto Key Card", including its function and legality. Specifically, it is anticipated that the Government will attempt to elicit from witness D.S. that he could cut out pieces from the "Auto Key Card" to make a machinegun. It is anticipated that the Government will attempt to elicit testimony that D.S. destroyed his "Auto Key Cards" out of fear that he could be prosecuted.

3. It is anticipated that the Government will attempt to elicit testimony from J.M., that he is familiar with "lightning links", believes the "Auto Key Card" to be a "lightning link", and that he further believes the "Auto Key Card" is a machinegun conversion device.

4. It is anticipated that the Government will attempt to elicit testimony from R.D., that R.D. was of the belief that it was illegal or unlawful to possess an "Auto Key Card", and that he destroyed his "Auto Key Card" by cutting it with tin snips. It is further anticipated that R.D. believes the "Auto Key Card" to contain a "lightning link" and that he could use it to make a machinegun.

5. It is anticipated that the Government will attempt to elicit testimony from S.D., that S.D. destroyed an "Auto Key Card", and believed it to be a "lightning link". In addition, that he further believes the "Auto Key Card" could convert an AR-15 to fire fully automatically and turn it into a machinegun.

6. It is anticipated that the Government will attempt to elicit testimony from J.A. similar to that of R.D. and S.D., but that the "Auto Key Card" would not work on his particular configuration of the AR-15 that J.A. possessed.

7. It is anticipated that the Government will attempt to elicit testimony from A.O. that he purchased an "Auto Key Card" at the behest of T.A., and that T.A. told A.O. that the "Auto Key Card" was for his AR-15 rifle. It is further anticipated that T.A. intended to cut pieces out of the "Auto Key Card" but disposed of it upon learning of the arrest of Mr. Ervin by ATF.

8. While, addressed elsewhere, such testimony should be excluded because of the expert nature of the testimony needed to reach such a conclusion, such opinion and testimony is otherwise inadmissible as to these witnesses, as it is merely those witnesses' opinions as to the

lawfulness of the "Auto Key Card", or worse, the regurgitation of the law as explained to those witnesses by Federal Law Enforcement Officers.

9. "Opinion testimony, whether offered by a lay witness pursuant to [Rule 701], or by an expert pursuant to [Rule 702], ... is not properly received 'merely [to] tell the jury what result to reach.'" (last alteration in original) *United States v. Hawkins*, 934 F.3d 1251, 1266 (11th Cir. 2019) (quoting Fed. R. Evid. advisory committee's notes on 1972 proposed rules)).

10. "The opinions of lay witnesses, in particular, as to the legality of an item or its treatment under federal law has no probative value, as these opinions do not help the jury make any factual determinations. Although opinion testimony, whether offered by a lay witness pursuant to Fed. R. Evid. 701, or by an expert pursuant to Fed. R. Evid. 702, is not inadmissible simply 'because it embraces an ultimate issue to be decided by the trier of fact,' Fed. R. Evid. 704, it is not properly received 'merely [to] tell the jury what result to reach.'" *United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005).

11. As the 1972 advisory committee notes to Fed. R. Evid. 704 states, Rules 701 and 702 "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach." *See also* 4 Weinstein's Federal Evidence § 701.05 (2d ed. 2004) (noting that courts should be wary of opinion testimony whose "sole function is to answer the same question that the trier of fact is to consider in its deliberations").

12. As these witnesses have not been identified or put forward as experts, they are precluded from providing opinion testimony unless the opinion is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. The Rule is in the conjunctive, yet fails on all three counts, and should be excluded.

13. Such an opinion is not and could not be based on the perception of the witness. The testimony anticipated is either wholly opinion testimony or would require testing that none of the witnesses conducted. The opinion would not, therefore, be based on the perception of those witnesses, but on hearsay and speculation.

14. Such opinions are also not helpful to understanding the witnesses' testimony or determining a fact at issue. The question the jury must answer is whether the "Auto Key Card" is a machinegun under the National Firearms Act. For purposes of the substantive counts, the Government must further prove that those individuals were transferred a machinegun as defined under the National Firearms Act. The jury is not required to determine if the individuals who received the items believed them to be machineguns. The purposes of the individual who has the item transferred to them is wholly irrelevant, whether they intend to turn it into a weapon or frame it and hang it on a wall. What any individual wanted the item for, or their intentions with the item is entirely irrelevant to whether the item in question is a machinegun.

15. Finally, it is incredulous to suggest that a lay person, with no expertise in firearms, would be able to recognize any item as a machine gun conversion device, much less a solid piece of credit-card sized metal. These witnesses have not been disclosed as experts under Rule 16, thus, even assuming one or more of them were capable of providing expert testimony under Fed. R. Evid. 702, they clearly are not permitted to provide such testimony under Fed. R. Evid. 701.

WHEREFORE, it is respectfully requested this motion be granted and this Honorable Court enter an order prohibiting the Government from arguing, placing into evidence, or otherwise eliciting testimony regarding the belief of lay witnesses, including substantive act witnesses, that the "Auto Key Card", or similar items, are Machineguns under the National Firearms Act or otherwise illegal.

Respectfully submitted,
**Monroe & King, P.A.**

  /s/ Alex King
Alex King, Esq.
Florida Bar No.: 0086034
Scott Monroe, Esq.
Florida Bar No.: 0086801
1805 Copeland Street
Jacksonville, Florida 32204
Tel: (904) 355-7777
E-mail: Admin@MonroeKingLaw.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to: (1) Laura C. Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, (2) Zachary Z. Zermay, Esq., zach@zermaylaw.com, and (3) Matthew Larosiere, Esq., larosieremm@gmail.com, this 27th day of February, 2023.

  /s/ Alex King
ATTORNEY