UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No:        3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
MATTHEW HOOVER
_____/

**DEFENDANTS' THIRD MOTION IN LIMINE**

COMES NOW jointly Defendants, Kristopher Ervin and Matthew Hoover, by and through their respective counsel, and hereby respectfully requests the Court enter an order prohibiting the Government from arguing, placing into evidence, or otherwise eliciting testimony regarding hearsay statements made in electronic communications and platforms, including Youtube comments and electronic mail, and in support hereof, further states as follows:

1.      It is anticipated that the Government will attempt to elicit evidence from several electronic platforms, including responses and Youtube comments to CRS Firearms videos by Mr. Hoover and various other unsolicited comments and electronic mail items to various emails.

2.      Nearly all of these comments are hearsay, and the vast majority of these items are hearsay without exception. Fed. R. Evid. Rule 801 defines hearsay as a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

3.      The vast majority of these statements are also otherwise irrelevant, as they do not provide evidence that proves or disproves a material fact at the trial.  "The starting place for evidentiary admissibility is relevance." *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020). "District courts may admit relevant evidence, which is evidence that 'has any tendency to

make a fact [of consequence in determining the action] more or less probable than it would be without the evidence.'" *United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020) (quoting Fed. R. Evid. 401). "Irrelevant evidence is not admissible." *United States v. Stephenson*, 550 F. Supp. 3d 1246, 1250 (M.D. Fla. 2021); *citing McGregor*, 960 F.3d at 1324.

    4. Even if evidence is relevant, under Rule 403, the Court should:

> [E]xclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:
>
>     a. unfair prejudice,
>
>     b. confusing the issues,
>
>     c. misleading the jury,
>
>     d. undue delay,
>
>     e. wasting time, or
>
>     f. needlessly presenting cumulative evidence.

    5. YouTubers' statements or comments should be excluded as hearsay to the extent that they are introduced to prove that the commenters wrote or otherwise believed that the "Auto Key Card" was a drop in auto sear or a machinegun as defined in the Third Superseding Indictment. *See* Fed. R. Evid. 801.

    6. Even assuming that the Government subpoenaed the commentors or emailers to elicit their testimony in court, the would not be able to offer anything that would tend to demonstrate that "a fact of consequence in determining the action [is] more or less probable than it would be without the evidence." *See Smith*, 967 F.3d at 1205; *Stephenson*, 550 F. Supp. 3d at 1250; *See* Fed. R. Evid. 403.

7. Furthermore, many of the emails and comments would comprise expert testimony or lay testimony for which the commentor or emailer would lack personal knowledge. The Government has not disclosed any of these witnesses as expert witnesses pursuant to this Court's general discovery order, further discovery orders, or Fed. R. Crim. Pro. 16. Additionally, the Government has not provided any information that these witnesses have any training, knowledge, or experience that would permit them to provide expert testimony to the jury.

8. If a lay witness's opinion "necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact." *United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980). *See also United States v. Southers*, 583 F.2d 1302, 1306 (5th Cir. 1978). "The danger here is that the jury could easily accord too much weight to the pronouncement of a lay witness unfamiliar with the criminal law." *United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981).

9. The vast majority of the comments and electronic mail was unsolicited and the Government is unable to establish that either Mr. Ervin or Mr. Hoover were aware of these comments, much less that they were otherwise agreed to or adopted by the defendants.

10. To the extent that a group of virtual spectators' remarks could make it more or less probable that a fact of consequence could be established, then the remarks' probative value is substantially outweighed by a danger of unfairly prejudicing the jury, confusing the issues, and misleading the jury. The conclusion that lay individuals believed that the "Auto Key Card" could convert a weapon into a machinegun is not probative—yet it would prejudice, confuse, and mislead the jury.

WHEREFORE, it is respectfully requested this motion be granted and this Honorable Court enter an order prohibiting the Government from arguing, placing into evidence, or otherwise

eliciting hearsay statements made in electronic communications and platforms, including Youtube comments and electronic mail.

                                       Respectfully submitted,
                                       **Monroe & King, P.A.**

                                        /s/ Alex King
                                        Alex King, Esq.
                                        Florida Bar No.: 0086034
                                        Scott Monroe, Esq.
                                        Florida Bar No.: 0086801
                                        1805 Copeland Street
                                        Jacksonville, Florida 32204
                                        Tel: (904) 355-7777
                                        E-mail: Admin@MonroeKingLaw.com
                                        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to: (1) Laura C. Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, (2) Zachary Z. Zermay, Esq., zach@zermaylaw.com, and (3) Matthew Larosiere, Esq., larosieremm@gmail.com, this 27th day of February, 2023.

                                        /s/ Alex King
                                        ATTORNEY