UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No: 3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
MATTHEW HOOVER
_____/

### DEFENDANTS' FIRST MOTION IN LIMINE

COMES NOW jointly Defendants, Kristopher Ervin and Matthew Hoover, by and through their respective counsel, and hereby respectfully requests the Court enter an order prohibiting the Government from arguing, placing into evidence, or otherwise eliciting expert testimony from lay witnesses regarding the operation of firearms and other expert opinions with regard to the "Auto Key Card", and in support thereof, further state as follows:

1.      It is anticipated that the Government will call as witnesses at trial several individuals who are alleged to have purchased an "Auto Key Card".  It is anticipated that at a minimum witnesses identified by the initials D.S., J.M., R.D., S.D., J.A., R.W., T.A., and A.O. will testify regarding their purchase of one or more "Auto Key Cards", though additional witnesses may be called to present similar testimony.

2.      It is further anticipated that the Government will elicit testimony from these witnesses regarding the "Auto Key Card", including its function, its

1

legality, and technical aspects of both the "Auto Key Card" and the operation of firearms generally.

3.     The Government has not disclosed any of these witnesses as expert witnesses pursuant to this Court's general discovery order, further discovery orders, or Fed. R. Crim. Pro. 16.   Additionally, the Government has not provided any information that these witnesses have any training, knowledge, or experience that would permit them to provide expert testimony to the jury.

4.     If a lay witness's opinion "necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact." *United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980). *See also United States v. Southers*, 583 F.2d 1302, 1306 (5th Cir. 1978). "The danger here is that the jury could easily accord too much weight to the pronouncement of a lay witness unfamiliar with the criminal law." *United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981).

5.     Indeed, it does not matter if such testimony is "couched as a . . . direct observation, [because it] fits squarely within . . . expert testimony by officers as to matters within their experience". *United States v. Oriedo*, 498 F.3d 593, 603 (7th Cir. 2007) (holding that an officer's testimony regarding manner of use of baggies to package drugs was improperly admitted as lay opinion and should have been subject to expert witness disclosures).

6.     Although some or all of these witnesses may be more familiar with firearms than the average juror, this Court should not allow quasi-expert testimony from these witnesses.  Not only were they never disclosed as expert witnesses by the Government, but the Government has otherwise disclosed experts in firearms that would be able to provide the same or similar testimony.  Thus, any expert or quasi-expert testimony would be in violation of this Court's orders on disclosure, Fed. R. Crim. Pro. Rule 16, and Fed. R. Evid. Rule 403 as such evidence would be needlessly cumulative.

**WHEREFORE**, it is respectfully requested this motion be granted and this Honorable Court enter an order prohibiting the Government from arguing, placing into evidence, or otherwise eliciting expert testimony from lay witnesses regarding the operation of firearms and other expert opinions with regard to the "Auto Key Card".

DATED:  February 27, 2023

/s/ *Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
1762 Windward Way
Sanibel, FL 33957
Email: zach@zermaylaw.com
Telephone: 239-699-3107
*Lead Counsel for Defendant*

/s/ *Matthew Larosiere*
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on  February 27, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

_/s/ Zachary Z. Zermay_
Zachary Z. Zermay, Esq.