UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.    CASE NO. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS'
FIRST MOTION *IN LIMINE*__**

In anticipation of trial in this case, defendants Ervin and Hoover have moved, *in limine*, to prohibit the United States from "arguing, placing into evidence, or otherwise eliciting expert testimony from lay witnesses regarding the operation of firearms and other expert opinions with regard to the 'Auto Key Card.'"  Docs. 193, 198[1] (the "Motion").  The defendants argue, generally, that the witnesses who purchased Auto Key Cards as alleged in the Fourth Superseding Indictment would testify regarding the Auto Key Card's "function, its legality, and technical aspects of both the 'Auto Key Card,' and the operation of firearms, in general."  Motion at 1.  The defendants characterize this as "expert or quasi-expert testimony" that should be prohibited.[2]  The Motion should be denied.

---

[1] Confusingly, both defendants filed what appear to be substantively identical joint motions *in limine*.  Because these motions are substantively identical, the United States responds to both filings in this response.  Page number references herein to the Motion refer to the pages as they are numbered in Doc. 193.

[2] The defendants also filed a similar motion at Docs. 194, 199, in which they seek to exclude the same testimony on the grounds that it is lay opinion testimony.

## **PERTINENT FACTS**

In the Fourth Superseding Indictment, the defendants are charged with conspiring to transfer unregistered machinegun conversion devices and seven substantive counts of transferring unregistered machinegun conversion devices. *See* Doc. 204. Defendant Ervin alone is also charged with structuring withdrawals and three counts of possessing unregistered machinegun conversion devices. *Id.* At trial, the United States anticipates that individuals who purchased Auto Key Cards as alleged in the conspiracy charged in Count One (Doc. 204 at 1-10) and in each of the substantive counts (Doc. 204 at 10-14) will testify regarding the facts of their respective purchases. Broadly, these individuals will each testify that they purchased one or more Auto Key Cards after watching video(s) posted by defendant Hoover on his CRS Firearms YouTube channel in which he discussed the Auto Key Card as a means of converting a semi-automatic AR-15 rifle into a machinegun. They will also testify as to what they did with the Auto Key Cards after they purchased them, which in some cases involved attempts to convert their AR-15 into a machinegun by using the Auto Key Card. For example, the United States anticipates purchaser S.D. will testify as to his unsuccessful attempts to cut a lightning link out of the Auto Key Card and an email request he sent to defendant Ervin in an attempt to obtain instructions for how to cut them out. Purchaser D.S. had direct communications with defendant Ervin about which he would testify as well.

## MEMORANDUM OF LAW

The purchaser witnesses' testimony is not expert opinion testimony, and the Motion should be denied.   Fed. R. Evid. 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Here, the government has not sought, nor is it seeking, to have any of the purchaser witnesses qualified as an expert or to testify as to an expert opinion.   Rather, these witnesses will testify as to the facts and circumstances of their respective purchases of Auto Key Cards, as set forth above, including their state of mind and motive in doing so.   Testimony that the purchasers bought Auto Key Cards after watching defendant Hoover's videos and learning that the Auto Key Card could purportedly convert an AR-15 into a machinegun does not constitute an opinion, let alone an expert opinion – it is both an observation of defendant Hoover's own statements, as well as testimony as to the purchasers' own motive and state of mind when engaging in the unlawful transfers alleged.

The defendants cite *United States v. Oriedo*, 498 F.3d 593, 603 (7th Cir. 2007), for the proposition that "such testimony" as the purchasers' may still be expert testimony even if it is couched as a "direct observation."   Motion at 2.   This is a mischaracterization of the analysis in *Oriedo.*   In that case, the Seventh Circuit found

3

that the testimony at issue "was not limited to what [the law enforcement officer] observed in the search or to other facts derived exclusively from this particular investigation; instead, he brought the wealth of his experience as a narcotics officer to bear on those observations and made connections for the jury based on that specialized knowledge." *Oriedo*, 498 F.3d at 603.   Thus, the officer's testimony regarding drug trafficking practices was not fact witness testimony, but instead expert opinion.

The distinction drawn in *Oriedo* defeats the defendants' own argument.   The purchaser witnesses will not be testifying about machineguns generally or the laws regulating them, but rather their own observations and actions (including their reasons for engaging in those actions).   This testimony is neither expert nor opinion, and, therefore, the Motion is due to be denied.

## **CONCLUSION**

This Court should deny the Motion.

                Respectfully submitted,

                ROGER B. HANDBERG
                United States Attorney

By:   *s/ Laura Cofer Taylor*
       LAURA COFER TAYLOR
       Assistant United States Attorney
       USA No. 170
       E-mail: Laura.C.Taylor@usdoj.gov

       DAVID B. MESROBIAN
       Assistant United States Attorney
       USA No. 188
       E-mail: David.Mesrobian@usdoj.gov

       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone:  (904) 301-6300
       Facsimile:   (904) 301-6310

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Zachary Zermay
>Matthew Larosiere
>*Counsel for defendant Matthew Raymond Hoover*
>
>Alex King
>*Counsel for defendant Kristopher Justinboyer Ervin*

>*s/ Laura Cofer Taylor*
>LAURA COFER TAYLOR
>Assistant United States Attorney