UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION *IN LIMINE*

In anticipation of trial in this case, defendants Ervin and Hoover have moved, *in limine*, to prohibit the United States from "arguing, placing into evidence, or otherwise eliciting testimony regarding the belief of lay witnesses, including substantive act witnesses, that the 'Auto Key Card', or similar items, are Machineguns under the National Firearms Act or otherwise illegal."  Docs. 194, 199[1] (the "Motion") at 1.  The defendants aver that the witnesses who purchased Auto Key Cards as alleged in the Fourth Superseding Indictment would testify regarding "their thoughts and opinions on the 'Auto Key Card', including its function and legality."  Motion at 1.  The defendants characterize this as "opinion" testimony which should be prohibited as improper lay opinion testimony under Fed. R. Evid. 701.[2]  The Motion should be denied.

---

[1]  Confusingly, both defendants filed what appear to be substantively identical joint motions *in limine*.  Because these motions are substantively identical, the United States responds to both filings in this response.  Page number references herein to the Motion refer to the pages as they are numbered in Doc. 194.

[2]  The defendants also state that this testimony is "expert" in nature, which was the focus of their first motion *in limine* at Docs. 193, 198.  The United States addressed that

## PERTINENT FACTS

In the Fourth Superseding Indictment, the defendants are charged with conspiring to transfer unregistered machinegun conversion devices and seven substantive counts of transferring unregistered machinegun conversion devices. *See* Doc. 204. Defendant Ervin alone is also charged with structuring withdrawals and three counts of possessing unregistered machinegun conversion devices. *Id.* At trial, the United States anticipates that individuals who purchased Auto Key Cards as alleged in the conspiracy charged in Count One (Doc. 204 at 1-10) and in each of the substantive counts (Doc. 204 at 10-14) will testify regarding the facts of their respective purchases. Broadly, these individuals will each testify that they purchased one or more Auto Key Cards after watching video(s) posted by defendant Hoover on his CRS Firearms YouTube channel in which he discussed the Auto Key Card as a means of converting a semi-automatic AR-15 rifle into a machinegun. They will also testify as to what they did with the Auto Key Cards after they purchased them, which in some cases involved attempts to convert their AR-15 into a machinegun by using the Auto Key Card. For example, the United States anticipates purchaser S.D. will testify as to his unsuccessful attempts to cut a lightning link out of the Auto Key Card and an email request he sent to defendant ERVIN in an attempt to obtain instructions for how to cut them out. Purchaser

---

issue in its response to that motion, and thus will not repeat itself here.

D.S. had direct communications with defendant Ervin about which he would testify as well.

## MEMORANDUM OF LAW

The Motion is based on the incorrect premise that the purchaser witnesses' testimony regarding why they bought an Auto Key Card and what they did with it (or intended to do with it) is opinion testimony. It is not. A witness may testify regarding facts or matters of which he or she has "personal knowledge." Fed. R. Evid. 602. A lay witness may also testify in the form of an opinion if the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Asking the purchaser witnesses to testify as to why they bought an Auto Key Card, what they believed the Auto Key Card could do, and what they intended to do or actually did with it is *factual* testimony. It concerns the purchasers' state of mind and motive to engage in the unlawful transactions alleged, about which they (and only they) have personal knowledge. Testimony that the purchasers bought Auto Key Cards after watching defendant Hoover's videos and learning that the Auto Key Card could purportedly convert an AR-15 into a machinegun does not constitute an opinion, let alone an expert opinion – it is both an observation of defendant HOOVER's own statements, as well as testimony as to the purchasers' own motive and state of mind when engaging in the unlawful transfers alleged. To analogize to

a narcotics case, an individual who purchased cocaine could testify as to their desire to purchase cocaine, the actions they took to obtain cocaine, and their intended use for the cocaine. That testimony does not constitute expert testimony regarding whether the substance purchased was actually cocaine, which would come from a laboratory chemist.

Contrary to the premise in the Motion, the United States does not intend to ask these non-expert witnesses to opine about what is or is not a machinegun under the law, or other matters constituting opinion testimony. To illustrate the flaw in the defendants' argument: the United States anticipates that at least one purchaser witness, R.W., would testify that he bought the Auto Key Card purportedly believing it was a "novelty piece" or artwork.[3] R.W.'s testimony regarding his purported state of mind and intent is no different than other purchasers testifying that they bought an Auto Key Card intending to use it to convert an AR-15 into a machinegun. It is logically inconsistent that a purchaser testifying that he bought an Auto Key Card with the intent to display it as artwork would be factual testimony, but a purchaser testifying that he bought an Auto Key Card with the intent to use it as a machinegun conversion device would be opinion. Just like other purchaser witnesses, the United States is (for obvious reasons) not seeking to introduce R.W.'s testimony as an opinion that the Auto Key Card was a "conversation piece," a "novelty," or a "tchotchke" as the defendants have argued repeatedly in their motions. It is simply

---

[3]   Notably, the defendants do not reference that anticipated testimony in the Motion.

4

factual testimony about the purchaser's intent and state of mind at the time he bought the Auto Key Card.[4]

The Eleventh Circuit has found analogous testimony to be factual, as opposed to opinion. For example, in *United States v. Toll*, 804 F.3d 1344 (11th Cir. 2015), the defendant appealed his convictions for wire fraud and other offenses on the grounds that the victim company's controller was allowed to testify improperly as to his "opinion" regarding the company's accounting practices and financial statements. *Toll*, 804 F.3d at 149. The court rejected the defendant's argument, finding that the testimony was factual:

> [The witness] testified to the *fact* that he believed, when he created the statements, that some of them complied with the Principles and others did not. A witness provides factual statements when he gives a "summary of financial records," and explains how the records were created. Contrary to Toll's argument, [the witness] did not testify as to whether the accounting methods utilized by Toll actually complied with the Principles. Instead, he testified about which statements were "done according to [his] best interpretation of [the Principles]." "To the ... best of [his] knowledge," he believed that, when the statements were prepared, one set complied with the Principles and the other did not. *What [the witness] believed when he prepared the statements is a question of fact*, so the district court did not err by permitting this testimony.

*Id.* at 1354–55 (emphasis added) (citation omitted). The court went on to find in the alternative that even if some of the testimony was opinion, it was admissible under

---

[4] Indeed, to the extent that either defendant chooses to testify and asserts that their intent or state of mind in advertising and distributing Auto Key Cards was to sell tchotchkes, that would also be factual testimony, as opposed to opinion.

5

Rule 701 because it was based on the witness's personal experience and particularized knowledge. *Id.* at 1355.

For these reasons, this testimony concerns facts and matters within the personal knowledge of the witnesses, and, therefore, the Motion should be denied.

## CONCLUSION

This Court should deny the Motion.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:   *s/ Laura Cofer Taylor*
      LAURA COFER TAYLOR
      Assistant United States Attorney
      USA No. 170
      E-mail: Laura.C.Taylor@usdoj.gov

      DAVID B. MESROBIAN
      Assistant United States Attorney
      USA No. 188
      E-mail: David.Mesrobian@usdoj.gov

      300 N. Hogan Street, Suite 700
      Jacksonville, Florida 32202
      Telephone: (904) 301-6300
      Facsimile: (904) 301-6310

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Zachary Zermay
>Matthew Larosiere
>*Counsel for defendant Matthew Raymond Hoover*
>
>Alex King
>*Counsel for defendant Kristopher Justinboyer Ervin*

>*s/ Laura Cofer Taylor*
>LAURA COFER TAYLOR
>Assistant United States Attorney