UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS'
THIRD MOTION *IN LIMINE*

In anticipation of trial in this case, defendants Ervin and Hoover have moved, *in limine*, for an order prohibiting the government from introducing at trial what defendants contend are hearsay statements "made in electronic communications and platforms, including YouTube comments and electronic mail." Docs. 195, 200.[1] Defendants contend that "nearly all" of these statements are hearsay and "the vast majority" do not fall within an applicable hearsay exception. Doc. 195 at 1. Defendants further generally assert that such statements are irrelevant and should be excluded on that ground as well. Doc. 195 at 1-2. Defendants also argue that this evidence should be excluded because it is expert testimony or otherwise lay testimony for which the proponent lacks personal knowledge and because, defendants argue, the government cannot establish that the defendants were aware of

---

[1] Confusingly, both defendants filed what appear to be substantively identical joint motions *in limine*. Because these motions are substantively identical, the United States responds to both filings in this response. Page number references herein to the Motion in Limine refer to the pages as they are numbered in Doc. 195.

these comments, and because the evidence would be unduly prejudicial. Defendants' motion should be denied.

## PERTINENT FACTS

Defendants are charged with conspiring to transfer unregistered machinegun conversion devices, substantive counts of transferring machinegun conversion devices, and with regard to defendant Ervin only, structuring and possessing unregistered machinegun conversion devices.  *See* Doc. 204.  As part of the conspiracy, Ervin set up at least two websites – autokeycard.com and autokeycards.com – that he used to receive orders via the internet for Auto Key Cards.  Auto Key Cards are business card-sized pieces of stainless steel into which were etched between one to three outlines for the two pieces of a machinegun conversion device that is known as a "lightning link."

Hoover's role in the conspiracy was promotion of Auto Key Cards via Hoover's YouTube channel, CRS Firearms.  Hoover made and posted to YouTube multiple videos advertising Auto Key Cards and explaining that a purchaser could use an Auto Key Card to make a machinegun.  Ervin compensated Hoover for promoting Auto Key Cards.

The government obtained search warrants for a number of email and social media accounts operated by Ervin and Hoover and otherwise documented publicly viewable online activity of the defendants, and others, via open sources.  The government anticipates entering into evidence electronic communications to and from the defendants at trial.

**MEMORANDUM OF LAW**

I. **The United States intends to offer into evidence only statements that are admissible.**

Many of the electronic communications that the government intends to introduce at trial contain the statements of Ervin and/or Hoover. For example, the United States intends to enter into evidence certain emails and online comments made by Ervin and Hoover along with correspondence from others that puts Ervin's and Hoover's statements into context. Ervin and/or Hoover's statements are not hearsay under Federal Rule of Evidence (FRE) 801(d)(2)(A) and (E). Statements of others that put Ervin and Hoover's statements into context are not hearsay because they will not be offered for the truth of the matter asserted. *United States v. Valdes*, 214 F. App'x 948, 950 (11th Cir. 2007) (recorded statements of an informant are admissible to put the defendant's half of the conversation into context).

Perhaps more fundamentally, these statements are not hearsay because they are not offered into evidence to prove the truth of the matter asserted. *See* FRE 801(c). For example, Ervin received many emails seeking instructions for using the Auto Key Card – these emails generally do not contain statements of fact, but rather are inquiries, and thus are not hearsay. *See United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) ("questions and statements" that are "simply incapable of being true or false . . . are not hearsay"). Moreover, such inquiries will be offered to show Ervin and Hoover's state of mind and intent, including by demonstrating their knowledge of the illegality of their activities and knowledge of

3

what purchasers of Auto Key Cards understood the product to be. *See id.* ("Generally, an out-of-court statement admitted to show its effect on the hearer is not hearsay."); *United States v. Hanson*, 994 F.2d 403, 406 (7th Cir. 1993) ("An out of court statement that is offered to show its effect on the hearer's state of mind is not hearsay."). In particular, despite Ervin's receipt of many messages asking if the Auto Key Card would work with a particular model of firearm and asking for instructions on how to cut out and use it, Ervin and Hoover continued with their scheme and did not make any effort to modify Auto Key Cards so that they could no longer be used for the purpose of converting a firearm into a machinegun.

## II.   The evidence the United States intends to offer at trial is relevant.

Defendants next contend that "the vast majority" of the "statements" that the government will seek to introduce at trial "are also otherwise irrelevant." Doc. 195 at 1. The government disagrees. The defendants' states of mind, knowledge, and intent in manufacturing, selling, and transferring Auto Key Cards are central to the government's proof in this case. *See, e.g.*, Motion to Dismiss, Doc. 132 at 3-4 (Hoover arguing that the government is required to demonstrate that the Auto Key Card was designed and intended for use in converting a weapon into a machinegun). The simple fact that defendants carried on their Auto Key Cards business despite overwhelming evidence during their conspiracy that purchasers of Auto Key Cards were intending to use them to convert firearms into machineguns is relevant to show defendants' knowledge that Auto Key Cards were designed and intended – and being purchased – for that purpose.

4

### III. Emails and internet comments are not "expert testimony."

Documents are not testimony. *Cf.* Eleventh Circuit Pattern Jury Instruction P1 (March 2022 revision) ("Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion."). Rules regarding disclosure of opinion testimony (expert or not) apply only to testifying witnesses. *See* FRE 701, 702. Defendants' assertion that the government has somehow violated this Court's discovery orders by not disclosing internet commenters – who are not expected to testify at trial – as expert witnesses (*see* Doc. 195 at 3) is without basis.

### IV. Evidence of whether ERVIN and HOOVER were aware of the comments and emails the government intends to offer as evidence at trial goes to weight, not admissibility of the evidence.

Defendants next assert that the government cannot establish that they knew of or read the comments, emails, and other items of evidence that the government seeks to admit at trial. In fact, many of these documents will reflect that Ervin and/or Hoover interacted directly with the email or comment thread, thus establishing their knowledge. Defendants are free to argue that the jury should not afford much weight to these comments. However, this evidence is relevant and admissible under FRE 401 and 402.

### V. Defendants' generic arguments that the government's evidence is unfairly prejudicial, confusing, and misleading are unavailing.

Defendants argue in general that any indication that a "lay individual[] believed that the 'Auto Key Card' could convert a weapon into a machinegun is not

5

probative," but would serve to "prejudice, confuse, and mislead the jury." Doc. 195 at 3. As to defendant's complaint that the government's evidence will prejudice the jury against them, that is the purpose of evidence. *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) ("[I]n a criminal trial relevant evidence is inherently prejudicial; it is only when *unfair* prejudice *substantially* outweighs probative value that the rule permits exclusion."). FRE 403 "permits the trial court to exclude evidence otherwise admissible because the 'probative value' of that evidence 'is substantially outweighed by the danger of unfair prejudice.'" *Id.* FRE 403 "is an extraordinary remedy which should be used sparingly." *Id.* (citation omitted).

Defendants do not articulate any way in which evidence that purchasers of Auto Key Cards, or viewers of Hoover's videos, believed that they were purchasing machinegun conversion devices is unfairly prejudicial. Rather, this evidence is highly probative of a key issue in this case: that is, did purchasers understand that Auto Key Cards were designed and intended to function as machinegun conversion devices.

## **CONCLUSION**

This Court should deny the Motion in Limine.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/ Laura Cofer Taylor*
        LAURA COFER TAYLOR
        Assistant United States Attorney
        USA No. 170
        E-mail: Laura.C.Taylor@usdoj.gov

        DAVID B. MESROBIAN
        Assistant United States Attorney
        USA No. 188
        E-mail: David.Mesrobian@usdoj.gov

        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone: (904) 301-6300
        Facsimile: (904) 301-6310

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Zachary Zermay
>Matthew Larosiere
>*Counsel for defendant Matthew Raymond Hoover*
>
>Alex King
>*Counsel for defendant Kristopher Justinboyer Ervin*

>*s/ Laura Cofer Taylor*
>LAURA COFER TAYLOR
>Assistant United States Attorney