UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.      CASE NO. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT HOOVER'S MOTION *IN LIMINE* TO EXCLUDE TRIAL TESTIMONY OF ERICA IBE HOOVER

In anticipation of trial, defendant Matthew Raymond Hoover has moved *in limine* to "exclude the Government from soliciting testimony from Mrs. Erica Ibe Hoover concerning communications between her and Defendant Hoover," but then also to exclude Erica Ibe Hoover (hereinafter "Ibe") as a witness at trial at all. Doc. 203 (the "Motion") at 1. The Motion is without a basis in law or fact, and it is due to be denied.

### PERTINENT FACTS

During the trial of this case, the United States anticipates calling Ibe to testify in its case-in-chief. Specifically, the United States obtained during its investigation electronic communications between Ibe and defendant Kristopher Justinboyer Ervin regarding, among other things, the compensation Ervin provided to Hoover for Hoover's efforts in selling Auto Key Card machinegun conversion devices through

advertisements on his YouTube channel. Ibe would be called to testify regarding, among other things, those communications and other aspects of the conspiracy between Hoover and Ervin about which she has knowledge. As alleged in the Third Superseding Indictment, the conspiracy began in or about October 2020 and continued through at least July 2021. Doc. 120 at 2.

The investigation revealed that Ibe and Hoover did not marry until July 1, 2021. Indeed, on June 24, 2021, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") served Ibe with a grand jury subpoena for testimony scheduled for July 8, 2021. Subsequent investigation revealed that HOOVER and Ibe applied for a marriage license in Wisconsin on June 25, 2021, the day after service of the subpoena. They married on Thursday, July 1, 2021, after the expiration of the state's marriage license waiting period.

Ibe appeared in Jacksonville for her testimony on July 15, 2021. Prior to her testimony before the grand jury, Ibe agreed to participate in a preparatory interview with AUSA Laura Cofer Taylor and ATF Special Agents Jesse Hooker and Jason Slosson. During that interview, Ibe admitted that she and Hoover had gotten married "because of the subpoena." ATF subsequently contacted the clerk of courts for Ibe and Hoover's home county, who provided information about the circumstances of Ibe and Hoover seeking a marriage license.

# MEMORANDUM OF LAW

**I.    HOOVER cannot invoke the marital confidential communications privilege.**

Federal law recognizes two separate marital privileges: the "marital confidential communications privilege" and the "spousal testimonial privilege." *United States v. Singleton*, 260 F.3d 1295, 1297 (11th Cir. 2001) (citing *Trammel v. United States*, 445 U.S. 40, 50-51 (1980)). The marital communications privilege, which can be asserted by either spouse, "excludes information privately disclosed between husband and wife in the confidence of the marital relationship." *United States v. Abrams*, 171 F. App'x 304, 310 (11th Cir. 2006) (citing *Trammel*, 445 U.S. at 51). The marital communications privilege does not apply to communications by the spouses prior to marriage or after they are separated. *See, e.g.*, *Pereira v. United States*, 347 U.S. 1, 6-7 (1954) (testimony by wife regarding matters occurring prior to marriage admissible against husband); *Singleton*, 260 F.3d at 1300 (privilege not available where the spouses are permanently separated).

HOOVER here first argues that the Court should "exclude the communications between Defendant and Mrs. Hoover because those communications are privileged as contemplated by the martial [sic] confidential communications privilege and case law." Doc. 203 at 2. This argument is unavailing for the simple and obvious reason that Ibe would be testifying regarding the conspiracy and related events which occurred *before* she married Hoover.

3

Moreover, much (if not all) of Ibe's testimony is derived from information other than private communications with Hoover. It is, therefore, impossible for the marital confidential communications privilege to apply for two different reasons. To the extent that Ibe and HOOVER have privately discussed his criminal conduct since the marriage began, the United States does not seek to introduce testimony regarding those communications.

## II. Ibe's testimony would not be cumulative.

Hoover next argues that even if the United States can elicit non-privileged relevant testimony from Ibe, this evidence should be excluded under Fed. R. Evid. 403.[1] According to Hoover, the United States already has significant evidence of the conspiracy and the money sent by Ervin to Hoover alleged in the Third Superseding Indictment, including (but not limited to) "Defendant's YouTube videos, records from Louis Vuitton, Federal Express, GoFundMe records, and other electronic evidence." Doc. 203 at 2-3. Therefore, the defendant argues that Ibe's testimony would cause "undue delay, waste time, and/or needlessly present cumulative evidence." Doc. 203 at 3.

While the United States agrees that there is strong documentary evidence[2] in

---

[1] The defendant cites to "Federal Rule of Evidence 408," which the United States assumes to be a typo. Doc. 203 at 2.
[2] The United States also notes that the defendants have filed motions to exclude some of this documentary evidence, undercutting this argument to the extent it had merit to begin with. Docs. 195, 200.

this case that proves the conspiracy, that does not render witness testimony cumulative or a waste of time. Hoover offers no support for his argument, beyond the text of Rule 403 itself. "The district court possesses broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue." *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir. 1989). Hoover appears to concede that Ibe's testimony is probative. Thus, Rule 403 requires that any such purported prejudice "substantially outweigh[]" the probative value of the evidence. Exclusion under Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Stapleton*, 39 F.4th 1320, 1332 (11th Cir. 2022) (quoting *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)).

Here, Ibe's testimony can provide context for the messages she exchanged with Ervin and other documentary evidence which is unavailable through other means (or through the otherwise admissible documents themselves). The United States is not aware of any legal support for the argument that if documentary evidence exists to prove a fact in issue, it automatically renders witness testimony as to the same fact cumulative. To the contrary, the Eleventh Circuit has consistently held that Rule 403 does not mandate exclusion merely because some overlap exists between documentary evidence and witness testimony. *See, e.g.*, *United States v.*

*Brown,* 441 F.3d 1330, 1363 (11th Cir. 2006).   Therefore, the defendant's motion on this ground is due to be denied.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court deny the motion *in limine* at Doc. 203.

            Respectfully submitted,

            ROGER B. HANDBERG
            United States Attorney


      By  *s/ Laura Cofer Taylor*
            LAURA COFER TAYLOR
            Assistant United States Attorney
            USA No. 170
            E-mail: Laura.C.Taylor@usdoj.gov

            DAVID B. MESROBIAN
            Assistant United States Attorney
            USA No. 188
            E-mail:   david.mesrobian@usdoj.gov

            300 N. Hogan Street, Suite 700
            Jacksonville, Florida 32202
            Telephone:     (904) 301-6300
            Facsimile:     (904) 301-6310

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Zachary Zermay
>Matthew Larosiere
>*Counsel for defendant Matthew Raymond Hoover*
>
>Alex King
>*Counsel for defendant Kristopher Justinboyer Ervin*

>*s/ Laura Cofer Taylor*
>LAURA COFER TAYLOR
>Assistant United States Attorney

7