UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No:  3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN

_____/

**DEFENDANT ERVIN'S RESPONSE TO GOVERNMENT'S MOTION
*IN LIMINE* FOR JURY INSTRUCTION**

COMES NOW Defendant, Kristopher Ervin, by and through undersigned counsel, and hereby responds to the Government's Motion *in Limine* for Jury Instruction (Motion) (Doc. 189) and respectfully requests this Court decline to instruct the jury as advocated for by the Government and in support hereof, states as follows:

1. The Government, in its Motion, asserts that in the Third Superseding Indictment (Doc 120) against Mr. Ervin, the Government narrowed the scope of its allegations against Mr. Ervin under the definition provided in 26 U.S.C. § 5845(b). Doc. 189.

2. Although Mr. Ervin has subsequently been indicted by the Government for a fourth time in this matter, it does not appear that the assertions made by the Government in their Motion are altered by the changes made in this additional indictment. *Compare* Doc. 120 and Doc. 204.

3. 26 U.S.C. § 5845(a) defines a "machinegun" as a "firearm" under the National Firearms Act. The Act defines "firearm" in a statutory way different from its ordinary, everyday meaning. 26 U.S.C. § 5845(b) further defines what a "machinegun" is for purposes of the National Firearms Act. As with the definition of "firearm", the statutory definition is separate and distinct from the ordinary meaning of how most of the public would define a machinegun.

4. The definition of a machinegun under 26 U.S.C. § 5845(b) is:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

5. The definition applicable to the Government's Motion, as well as the conduct alleged in the indictment refers to the second sentence of the definition. This sentence has three distinct clauses or definitions that provide additional insight on the clause "[t]he term shall also include…" The first of these clauses is "include the frame or receiver of any such weapon" the second clause is "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun" and the third of these clauses is "any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

6. These clauses are set off with commas and the use of the conjunctive "and" before the third clause makes clear that all of these definitions are statutory "machineguns" under the National Firearms Act. The conjunctive is used because all three clauses are applicable to the definition, though they are separate and distinct.

7. The Government's advocated for and tortured reading of the statute would be that there are not three, but four distinct clauses for defining a "machinegun". Under the Government's reading, the second clause would be separated out into two distinct clauses, and four distinct definitions of a "machinegun".

8. The simple reason the Government prefers this reading is that by carefully dissecting and splitting up the clause, the Government hopes to avoid having to prove that the

2

"Auto Key Card" is designed and intended "solely and exclusively . . . for use in converting a weapon into a machinegun."

9. This would violate the Supreme Court's "longstanding practice of construing statutes *in pari materia*." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Had Congress intended to make clear and distinct the proof required where a statutory "machinegun" was comprised of one "part" as opposed to a combination of "parts", it would have done so far more clearly than the Government is advocating.

10. A plain reading of the statute does not support the Government's interpretation, and there is no support in any case counsel has been able to uncover or the Eleventh Circuit Pattern Jury Instructions for such an interpretation. Indeed, where the sentence structure and intent is clear, the statute, in this case a singular sentence, should be read as a whole to determine its meaning. ("statutes *in pari materia* should be interpreted harmoniously") *Sullivan v. Finkelstein*, 496 U.S. 617, 632 (1990) (J. Scalia Concurring).

11. The structure of the sentence, with three independent clauses set off in the conjunctive, makes clear that that there is no distinction, under 26 U.S.C. § 5845(b), whether a singular or combination of parts is alleged to be violative of the National Firearms Act.

12. As the Eleventh Circuit has held when engaged in statutory interpretation, "'The text must be construed as a whole.'" *United States v. Tigua*, 963 F.3d 1138, 1143 (11th Cir. 2020) *quoting* Scalia & Garner, Reading Law § 24, at 167; *see also* Scalia & Garner, Reading Law § 39, at 252 ("Several acts *in pari materia*, and relating to the same subject, are to be taken together, and compared in the construction of them, because they are considered as having one object in view, and as acting upon one system.") (citation and quotation marks omitted).

13. The definition advocated for in the Eleventh Circuit Pattern Jury Instructions is inclusive as to all three clauses and definitions provided for in 26 U.S.C. § 5845(b). Had the operative language of the first two indictments against Mr. Ervin remained, the Government would be permitted to argue to the jury any or all of the definitions provided for in 26 U.S.C. § 5845(b) are applicable to the alleged conduct of Mr. Ervin.

14. Although it is entirely within the purview of the Government to limit the scope as to its theory of prosecution, it cannot do so in order to escape the definition of a "machinegun" as provided for in 26 U.S.C. § 5845(b). When read in context and *in pari materia*, the definition of a "machinegun" this Honorable Court should provide the jury is that a "machinegun" is "a combination of parts designed and intended solely and exclusively, for use in converting a weapon into a machinegun."

15. Furthermore, any ambiguity as to whether the Government's advocated for interpretation or the one advocated for by Mr. Ervin is accurate should be resolved in favor of Mr. Ervin under the rule of lenity. In this instance, the rule of lenity aids in statutory interpretation, as "[t]he rule of lenity is merely a canon of statutory construction." *United States v. Rivera*, 884 F.2d 544, 546 (11th Cir. 1989).

16. The Eleventh Circuit has succinctly defined the rule of lenity:

> The rule of lenity holds that if at the end of the interpretive road— having exhausted the applicable semantic and contextual canons of interpretation, and thus seized everything from which aid can be derived, meaningful doubt remains about the application of a criminal statute to a defendant's conduct, then the doubt should be resolved in the defendant's favor. The rule is born of the principle that the law must speak in language that is clear and definite if it is to render something a crime, and serves the twin aims of (1) ensuring that the public is given a fair warning that punishment will follow when a certain line is passed and (2) preserving the separation-of-powers doctrine, which requires that legislatures, not courts define crimes.

*United States v. Caniff*, 955 F.3d 1183, 1191 (11th Cir. 2020) (citation and quotation marks omitted).

17.  An error in instructing the jury in this case would allow a jury to unlawfully convict Mr. Ervin even if the Government fails to prove both what is alleged in the fourth indictment and the statute. While undoubtedly clever, this Court should decline to accept the Government's invitation to chop up the otherwise clear definition of a "machinegun" under 26 U.S.C. § 5845(b) and require the Government to prove all relevant elements of the offense under the statute.

WHEREFORE, it is respectfully requested the Government's request for jury instruction be declined and the Court instruct the jury as advocated by Mr. Ervin and in comportment with 26 U.S.C. § 5845(b).

Respectfully submitted,
**Monroe & King, P.A.**

  /s/ Alex King
Alex King, Esq.
Florida Bar No.: 0086034
Scott Monroe, Esq.
Florida Bar No.: 0086801
1805 Copeland Street
Jacksonville, Florida 32204
Tel: (904) 355-7777
E-mail: Admin@MonroeKingLaw.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to:   (1) Laura C. Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, (2) Zachary Z. Zermay, Esq., zach@zermaylaw.com, and (3) Matthew Larosiere, Esq., larosieremm@gmail.com, this 10th day of March, 2023.

  /s/ Alex King
ATTORNEY