UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                            Case No:         3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
_____/

**DEFENDANT ERVIN'S RESPONSE TO GOVERNMENT'S MOTION
*IN LIMINE* TO EXCLUDE ARGUMENT AND EVIDENCE AT TRIAL THAT IS
CONTRARY TO THE LAW**

COMES NOW Defendant, Kristopher Ervin, by and through undersigned counsel, and hereby responds to the Government's Motion *in Limine* to Exclude Argument and Evidence at Trial that is Contrary to the Law (Motion) (Doc. 190) and states as follows:

1. The Government in its Motion asserts numerous intertwined, unrelated, and unclear requests for relief. While premised on legal assertions that, on the whole, Mr. Ervin agrees accurately reflect the law, Mr. Ervin vehemently disagrees with the factual assertions and conclusions made by the Government. Furthermore, the request for relief is overly broad and assumes that the jury, this Court, and Mr. Ervin agree with the facts as alleged by the Government. In an effort to clarify Mr. Ervin's position, this response will address the arguments in the Government's Motion *seriatim.*

2. First, the Government notes that both Mr. Ervin and Mr. Hoover, through counsel, have moved to dismiss various versions of the now four indictments returned against Mr. Ervin in this case. In those respective motions, all of which have now been mooted with the return of the Third Superseding Indictment, the Defendants moved to dismiss the indictments, *inter alia*, on constitutional grounds. Although those motions were denied, motions before this Court were the proper venue for litigating the constitutionality of the National Firearms Act and other applicable

criminal statutes.  Mr. Ervin does not intend to advocate or argue that it is the role of the jury to determine which statutes the jury believes are constitutional.  Such argument would be impermissible, outside of the purview of the jury, and otherwise inappropriate.  While Mr. Ervin and Mr. Hoover have privately advocated those positions outside of court, as the First Amendment allows them to do, counsel has no intention of advancing such arguments before the jury.  Such arguments are only appropriate through motion and argument before this Court.

3. As to the legal issues raised in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), the same logic would apply.  The determinations this Court, its sister courts, and appellate courts make regarding the constitutionality of the National Firearms Act or any other firearms restrictions that are subsequently overturned in light of *Bruen* is beyond the province of the jury.  Such litigation and argument is legal, not factual.  The factual determination is the province of the jury and Mr. Ervin, through counsel, intends to litigate factual and legal issues in their appropriate forums, in comportment with the Federal Rules of Criminal Procedure.

4. In the first sentence of its Memorandum of Law, the Government requests this Court preclude any argument or testimony "that Auto Key Cards constitute 'artwork' protected by the First Amendment."  Doc. 190 at 3.  In an effort to support its request, the Government attempts to analogize First Amendment arguments, possession of, and discussions about the "Auto Key Card" with possession and solicitation of child sexual abuse material.  The Government correctly states that the First Amendment does not provide an Affirmative Defense to possession, solicitation, and dissemination of child sexual abuse material.  The Government, undisputedly and accurately, provides a myriad of case citations that further stand for the proposition that solicitation and speech in furtherance of procuring and providing illicit materials is not constitutionally protected speech.

5. It is inarguable that there is not a First Amendment right to engage in conspiracy, incitement, or solicitation where the target of that speech is admittedly unlawful. Where the analogy fails, however, is that in all of those cases, there was no argument or dispute that the subjects of the speech, particularly child sexual abuse material, were unlawful and illicit.

6. It is clear the Government believes the "Auto Key Card" is a "firearm" under 26 U.S.C. § 5845(a). As such, and as succinctly argued by the Government, "[t]he analogy is clear: allowing individuals to produce, advertise, and transfer machinegun conversion devices… under the guise that they are 'artwork' (or merely 'discussions' of artwork) would thwart the purpose of the National Firearms Act. Doc. 190 at 7-8. However, the analogy is only clear where no factual dispute exists as to whether the "Auto Key Card" is, in fact, a machinegun conversion device. If, as advocated strenuously by Defendants, the "Auto Key Card" is not a machinegun conversion device, then the purposes of the National Firearms Act are not thwarted, and the analogy completely fails.

7. There is a factual dispute between the parties as to whether the "Auto Key Card" is a machine gun conversion device that can only be resolved by the jury. Therefore, the Government's analogy is a false analogy and to the extent the Government's request relies upon said analogy, the request is due to be denied.

8. Given the factual dispute, the Government's request would be premised on this Court making a pre-trial factual determination, without evidence and solely on the argument of the Government, that the "Auto Key Card" is a "firearm" under 26 U.S.C. § 5845(a). The Government's request for relief, like its analogy, fails absent such a factual determination by this Court. Respectfully, this Court should decline the Government's invitation to make such a pre-trial factual determination.

9.      As this Court has already stated when addressing Mr. Ervin's Motion to Dismiss the first of his indictments, "in my view, the question of whether this keycard is a part that was designed and intended, whether exclusively or combined with other parts, to convert a weapon into a machine gun is a question that only the jury can decide. It is not a question that the Court can decide." Doc. 48 at 12:6-10. When Mr. Ervin asked this Court, as part of that Motion to Dismiss, to make a determination that the "Auto Key Card" was not a machinegun conversion device as a matter of law, this Court made clear "that's a decision the jury has to make. It's not a decision that the Court can make pretrial." *Id.* at 15:25-16:1. Respectfully, that analysis and determination should apply equally, regardless of the party requesting the Court make such a factual determination. With regard to the Government's Motion, this Honorable Court should allow the jury to resolve the factual dispute at the heart of this case and otherwise deny the Government's Motion.

10.     Unless and until Mr. Ervin concedes the "Auto Key Card" is a "firearm", or unless and until a jury makes that determination beyond a reasonable doubt, the Government's analogy is lacking and doomed to fail. As such, this Court should deny the Government's request to the extent it precludes argument or evidence from Mr. Ervin regarding his intentions regarding the purpose and nature of the "Auto Key Card" to the extent such evidence or argument is otherwise admissible.

11.     To the extent the Government seeks to preclude Mr. Ervin from arguing that, even if the "Auto Key Card" is a "firearm" under 26 U.S.C. § 5845(a), he has a First Amendment right to possess or distribute said firearm as a matter of free speech, such argument would be improper and undersigned counsel has no intention of making such argument.

12. To the extent the Government seeks to preclude Mr. Ervin from arguing that, even if the "Auto Key Card" is a "firearm" under 26 U.S.C. § 5845(a), he has a Second Amendment right to possess or distribute said firearm as a matter of constitutional right, such argument would be improper and undersigned counsel has no intention of making such argument.

13. To the extent the Government seeks to preclude Mr. Ervin from arguing "that federal firearms law are otherwise unjust or unlawful" or otherwise are unfair and that the jury should disregard the law as properly instructed by this Honorable Court, such argument would be improper and undersigned counsel has no intention of making such argument.

14. To the extent the Government seeks to preclude Mr. Ervin from arguing that the National Firearms Act is unconstitutional as applied to Mr. Ervin, unconstitutional on Second Amendment grounds, unconstitutional in light of *Bruen*, or that for any of the legal reasons previously discussed that the jury should disregard the relevant and applicable law, such argument would be improper before the jury and undersigned counsel has no intention of making such argument.

WHEREFORE, counsel intends to follow the law and only make proper and lawful argument before the jury. To the extent the Government seeks this Court to make a pre-trial factual determination, without evidence and solely on the argument of the Government, that the "Auto Key Card" is a "firearm" under 26 U.S.C. § 5845(a), it is respectfully requested the Court decline to do so. To the extent the Government seeks to limit argument or evidence other than has been discussed, without objection, in paragraphs eleven through fourteen of this response, it is respectfully requested that the Court deny the Government's Motion.

        Respectfully submitted,
**Monroe & King, P.A.**

          /s/ Alex King
Alex King, Esq.
Florida Bar No.: 0086034
Scott Monroe, Esq.
Florida Bar No.: 0086801
1805 Copeland Street
Jacksonville, Florida 32204
Tel: (904) 355-7777
E-mail: Admin@MonroeKingLaw.com
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to: (1) Laura C. Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, (2) Zachary Z. Zermay, Esq., zach@zermaylaw.com, and (3) Matthew Larosiere, Esq., larosieremm@gmail.com, this 10th day of March, 2023.

          /s/ Alex King
        ATTORNEY