UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN

**UNITED STATES' MEMORANDUM
OF LAW REGARDING FORFEITURE**

The United States of America submits this memorandum regarding the
procedure governing the forfeiture sought in this case.   In the event that the
defendant is convicted of any of the Counts charged in the Superseding Indictment,
(Doc. 204), this memorandum outlines why, pursuant to Federal Rule of Criminal
Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of
the Order of Forfeiture for "involved in" property and/or substitute property.

**MEMORANDUM OF LAW**

I.     **Applicable Statutes**

The defendant was charged in a multi-count Fourth Superseding Indictment,
(Doc. 204), in pertinent part, with firearm offenses (Counts One through Eight), in
violation of 26 U.S.C. §§ 5861(e) and 5871, firearm offenses (Counts Ten through
Twelve), in violation of 26 U.S.C. §§ 5861(d) and 5871, and with structuring
withdrawals to avoid filing of currency transaction reports (Count Nine), in violation
of 31 U.S.C. §§ 5324(a)(3) and (d)(1).   If the defendant is convicted of the charged
offense in Count Nine, the United States will seek an Order of Forfeiture for

"Involved In" Property in the amount of $68,000, which is equal to the amount of property involved in the structuring offense.

The $3,700 seized from the defendant on March 2, 2021, identified in the Fourth Superseding Indictment, (Doc. 204 at 19), is a substitute asset that would be sought for forfeiture to partially satisfy any such order of forfeiture of "involved in" property as to Count Nine and/or as a substitute for any "involved in" property as to Counts One through Eight and Counts Ten through Twelve of the Indictment.

Consistent with Fed. R. Crim. P. 32.2(b)(1)(A) and Eleventh Circuit law, the defendant is not entitled to a jury determination of the amount of any order of forfeiture for proceeds (or involved in property) or substitute assets.   Accordingly, the United States will not file special forfeiture jury instructions or proposed forfeiture jury verdict forms.

In sentencing a person convicted of structuring, in violation of 31 U.S.C. § 5324, the Court's authority to enter an order of forfeiture of "involved in" property against the defendant is found in 31 U.S.C. § 5317(c)(1)(A), which provides for forfeiture of all property, real or personal, involved in the offense and any property traceable thereto.

In sentencing a person convicted of the firearm offenses, in violation of 26 U.S.C. §§ 5861(e), 5861(d), and/or 5871, the Court's authority to enter an order of forfeiture of "involved in" property against the defendant is found in 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), which provides for the forfeiture of any firearms involved in the violation, pursuant to 26 U.S.C. § 7302, any property intended for

use or that has been used in committing the violation, and, pursuant to 49 U.S.C. §

80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the

transportation, concealment, receipt, possession, purchase, sale, exchange, or giving

away of such firearm.

## II.    Forfeiture Proceeding for "Involved In" Property

Federal Rule of Criminal Procedure 32.2(b)(1) provides that as soon as

practical after a verdict or finding of guilt, "the court must determine which property

is subject to forfeiture under the applicable statute."   Here, 31 U.S.C. §

5317(c)(1)(A) authorizes the forfeiture of property involved in the structuring offense

in violation of 31 U.S.C. § 5324. *See United States v. Seher*, 562 F.3d 1344, 1368 (11th

Cir. 2009) ("A person convicted of violating … 31 U.S.C. § 5324 must forfeit to the

government all property that is either 'involved in' that violation or traceable

thereto."); *id.* at 1369 ("[W]e conclude that § 5317(c)(1)(A) allows for forfeiture of

property that facilitates the reporting violation."); *id.* ("The 'term "involved in" has

consistently been interpreted broadly by courts to include any property involved in,

used to commit, or used to facilitate the offense.'" (quoting *United States v. Varrone*,

554 F.3d 327, 331 (2nd Cir. 2009))).

There is no constitutional right to a jury determination regarding forfeiture of

property.   *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal

forfeiture as an aspect of sentencing compels the conclusion that the right to a jury

verdict on forfeitability does not fall within the Sixth Amendment's constitutional

protection").   The only right to a jury trial for forfeiture proceedings is created in

Federal Rule of Criminal Procedure 32.2(b)(5).   *See United States v. Gaskin*, No. 00-

cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*,

which appears to make trial by jury on the forfeiture issue inappropriate, Rule

32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the

case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[1]

Importantly, Rule 32.2(b)(5) provides for the right to a jury determination on

the forfeiture of *specific* property only.   *See* Fed. R. Crim. P. 32.2(b)(5)(A) (the court

must determine if either party requests the jury "be retained to determine the

forfeitability of *specific property* if it returns a guilty verdict.") (emphasis added).   The

Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money

judgment."   *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*,

134 S. Ct. 962, 187 L. Ed. 2d 822 (2014).   Instead, "*the court* must determine the

amount of money that the defendant will be ordered to pay."   *Id.* (quoting Rule

32.2(b)(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money

judgment, the court must determine the amount of money* that the defendant will be

ordered to pay.") (emphasis added).   The Eleventh Circuit's holding is consistent

with that of other circuits.   *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir.

2012) (holding there is no statutory right to have jury determine amount of money

---

[1]  When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States does not seek forfeiture of specific property from this defendant, but only an Order of Forfeiture for the amount of the defendant's "involved in" property and substitute property, the defendant is not entitled to a jury determination on the forfeiture.

## III.   Conclusion

Should the defendant request a jury determination on the amount of the Order of Forfeiture, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request, because there is no right to a jury determination of the amount of an order of forfeiture for criminal "involved in" property or substitute property.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:   *s/Mai Tran*
MAI TRAN
Assistant United States Attorney
Florida Bar Number 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone (904) 301-6301
E-mail: mai.tran2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2023, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney
