UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

## **UNITED STATES' PROPOSED JURY INSTRUCTIONS**

The United States of America, by Roger B. Handberg, United States Attorney

for the Middle District of Florida, requests that the following jury instructions be

given during the Court's charge at the end of the trial of this case.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     s/ *Laura Cofer Taylor*
        LAURA COFER TAYLOR
        Assistant United States Attorney
        USA No. 170
        E-mail: Laura.C.Taylor@usdoj.gov

        DAVID B. MESROBIAN
        Assistant United States Attorney
        USA No. 188
        E-mail: David.Mesrobian@usdoj.gov

        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone:   (904) 301-6300
        Facsimile:    (904) 301-6310

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alex King, Esq.
*Counsel for defendant KRISTOPHER JUSTINBOYER ERVIN*

Zachary Z. Zermay
Matthew Larosiere
*Counsel for defendant MATTHEW RAYMOND HOOVER*

*s/ Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney

3

## <u>GOVERNMENT'S REQUESTED INSTRUCTION NO. 1</u>

**P1**
**Preliminary Instructions**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

<u>Duty of jury:</u>

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the Indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

<u>What is evidence:</u>

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or

disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

What is not evidence:

Certain things are not evidence and must not be considered.  I will list them for you now:

- Statements and arguments of the lawyers.  In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers.  The lawyers' questions are not evidence.  Only the witnesses' answers are evidence.  You should not think that something is true just because a lawyer's question suggests that it is.  For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, then the question may be answered or the exhibit received.  If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The Indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

4

3.      You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4.      Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case.  And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5.      Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6.      Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites such as Facebook, My Space, or Twitter.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

5

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict.  Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question.  Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror.  As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct.  That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case.  Your decision must be based solely on the testimony and other evidence presented in this courtroom.  Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source.  It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed.  I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

Taking notes:

Moving on now, if you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave the courtroom, your notes should be left in the jury room.  Whether or not you take notes, you should rely on your own memory of what was said.  Notes are to assist your memory only.  They are not entitled to any greater weight than your memory or impression about the testimony.

Course of the trial:

The trial will now begin.  First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in.  Next, the defendant's attorney may, but does not have to, make an opening statement.  Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.  Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine.  After all the evidence is in, the attorneys will present their closing arguments to summarize and

interpret the evidence for you, and I will instruct you on the law.  After that, you will

go to the jury room to decide your verdict.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 2

### S5
### Note-taking

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 3A

### B2.1
### The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The Indictment or formal charge against a defendant isn't evidence of guilt.  The law presumes every defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also *Harvell v. Nagle*, 58 F. 3d 1541, 1542 (11th Cir. 1995), reh'g denied, 70 F.3d 1287 (11th Cir. 1995).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 3B

### B2.2
### The Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The Indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

12

## ANNOTATIONS AND COMMENTS

*United States v. Teague*, 953 F. 2d1525, 1539 (11th Cir. 1992), *cert. denied*, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; *see also United States v. Veltman*, 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial .... Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

## <u>GOVERNMENT'S REQUESTED INSTRUCTION NO. 4</u>

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

14

## ANNOTATIONS AND COMMENTS

*United States v. Daniels*, 986 F.2d451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), *cert. denied*, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; *see also United States v. Morris*, 647 F.2d568 (5th Cir. 1981*)*; *Victor v. Nebraska*, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 5

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975*), cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975)  approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence*; see also United States v. Barnette*, 800 F.2d 1558, 1566 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 6

### B5
### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 7A

### B6.1
### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## ANNOTATIONS AND COMMENTS

*See United States v. D'Antignac*, 628 F.2d 428, 435-36 n.10 (5th Cir. 1980), *cert. denied*, 450 U.S. 967, 101 S. Ct. 1485, 67 L. Ed. 2d 617 (1981) (approving a previous version of this instruction used in conjunction with Basic Instruction 5 and Special Instruction 2.1 as befitted the facts of that case). *See also United States v. McDonald*, 620 F.2d 559, 565 (5th Cir. 1980), and *United States v. Soloman*, 856 F.2d 1572, 1578 (11th Cir. 1988), *reh'g denied*, 863 F.2d 890 (1988), *cert. denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 7B

**B6.3**
**Impeachment of Witnesses Because of Inconsistent**
**Statement (Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## **ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## <u>GOVERNMENT'S REQUESTED INSTRUCTION NO. 8</u>

**S1.1**
**Testimony of Accomplice, Informer, or Witness with Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## **ANNOTATIONS AND COMMENTS**

*See United States v. Shearer*, 794 F.2d 1545, 1551 (11th Cir. 1986). *See also United States v. Solomon*, 856 F.2d 1572 (11th Cir. 1988), *cert. denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 9

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## **ANNOTATIONS AND COMMENTS**

*United States v. Johnson*, 575 F.2d1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 10

**B8**
**Introduction to Offense Instructions**

The indictment charges twelve separate crimes, called "counts," against the Defendants. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully conspired to transfer unregistered machinegun conversion devices.

Counts Two through Eight each charge that Defendants committed what are called "substantive offenses," specifically, those counts each allege that the Defendants transferred, and aided and abetted the transfer of, unregistered machinegun conversion devices. I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in Count One with committing a substantive offense – they are charged with conspiring to commit that offense.

I will also give you specific instructions on conspiracy.

Count Nine charges Defendant Ervin only with structuring cash withdrawals for the purpose of evading currency transaction reporting requirements.

Counts Ten through Twelve each charge Defendant Ervin only with possessing unregistered machinegun conversion devices.

## **ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## <u>GOVERNMENT'S REQUESTED INSTRUCTION NO. 11</u>

### B8.1
### Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## ANNOTATIONS AND COMMENTS

"[I]t is well-established . . . that a disjunctive statute may be pleaded conjunctively and proved disjunctively." *United States v. Williams*, 790 F.3d 1240, 1245 n.2 (11th Cir. 2015) (quoting *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980) (citing *United States v. Quiroz-Carrasco*, 565 F.2d 1328, 1331 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

In other words, "when a defendant is charged in an indictment conjunctively with alternative means or alternative mental states, any one of which will satisfy an element of the crime, the 'jury instruction may properly be framed in the disjunctive' without a constructive amendment taking place." *United States v. Mozie*, 752 F.3d 1271, 1284 (11th Cir. 2014) (quoting *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000)). "The rule applies not only to alternative acts that satisfy a statutory element, but also to alternative mental states that may satisfy an element." Id. (citing *Haymes*, 610 F.2d at 310–11).

"This is not only a permissible practice but also a common one." Id. (quoting *United States v. Howard*, 742 F.3d 1334, 1343 n.3 (11th Cir. 2014)) ("Prosecutors can and frequently do . . . charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible."); *see also Simpson*, 228 F.3d at 1300.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 12

### B10.4
### Caution: Punishment
### (Multiple Defendants, Multiple Counts)

Each count of the indictment charges a separate crime against one or more of the Defendants.  You must consider each crime and the evidence relating to it separately and individually.  If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the Indictment.  You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty.  If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

## ANNOTATIONS AND COMMENTS

*See United States v. Morales*, 868 F.2d 1562, 1572 (11th Cir. 1989).

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

<u>**GOVERNMENT'S REQUESTED INSTRUCTION NO. 13**</u>

**B9.1A**
**On or About a Particular Date; Knowingly; Willfully – Generally**

You'll see that the Indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

## ANNOTATIONS AND COMMENTS

The Definition of willfulness in this instruction can be used in most cases where willfulness is an element. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1B's definition of willfulness.

The committee in its most recent revisions to the pattern instructions has changed the approach to how "willfully" should be charged in the substantive offenses which include it as an essential element of the offense. The previous editions of the pattern instructions included the following definition that historically has been used in most cases:

> The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Although this definition has been useful as a general definition that encompasses many different aspects of the legal concept of "willfulness" in a concise and straightforward manner, the Committee has concluded, along with every other Circuit Pattern Instruction Committee that has considered the issue, that the definition is not accurate in every situation. A review of the case law reveals how the courts have struggled with the meaning of "willfulness" as a *mens rea* requirement for substantive criminal offenses. *See Bryan v. United States*, 524. U.S. 184, 189-92, 114 S. Ct. 1939, 1944-45 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." (citing *Spies v. United States*, 317 U.S. 492, 497, 63 S. Ct. 364, 367 (1943))); *see also Ratzlaf v. United States*, 510 U.S. 135, 140-41, 114 S. Ct. 655, 659 (1994); *United States v. Phillips*, 19 F.3d 1565, 1576-84 (11th Cir. 1994) (noting the difficulty in defining "willfully" and discussing the term in various contexts), amended to correct clerical errors, 59 F.3d 1095 (11th Cir. 1995); *United States v. Granda*, 565 F.2d 922, 924 (5th Cir. 1978) (noting, *inter alia*, that "willfully" has defied any consistent interpretation by the courts"); *see generally United States v. Bailey*, 444 U.S. 394, 403, 100 S. Ct. 624, 631 (1980) ("Few areas of criminal law pose more difficulty that the proper definition of the *mens rea* requirement for any particular crime.").

Based on the case law, the Committee has concluded that the criminal offenses that expressly include "willfulness" as an essential element can be divided into two broad categories. For the first category (Instruction 9.1A, which encompasses most offenses) "willfully" is defined to require that the offense be committed voluntarily and purposely with the intent to do something unlawful.

However, the person need not be aware of the specific law or rule that his or her conduct may be violating. This definition is narrower than the traditional definition that has been used in our pattern charges in the past, but the Committee believes that this narrower definition is required under the law. *See, e.g. Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that his conduct was generally unlawful, but does not require that the defendant knew of the specific licensing requirement that he was violating).

The second category of criminal offenses that have "willfulness" as an essential element have a heightened *mens rea* requirement. For this limited class of offenses, the Government must prove more than the defendant knew that his conduct was done with a bad purpose to disobey the law in general. The Government must prove that the defendant had an intent to violate a known legal duty, that is with the *specific* intent to do something the law forbids. For these offenses, the Committee recommends that the definition of "willfully" in Instruction 9.1B be given to the jury. These offenses include currency structuring statutes and certain tax laws, which tend to involve "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 118 S. Ct. at 1946 – 47. For example, *see Ratzlaf v. United States*, 114 S. Ct. 655 (1994) (holding that with respect to 31 U.S.C. § 5322(a) and the monetary transaction provisions that it controls, the Government must prove that the defendant acted willfully, *i.e.*, with specific knowledge that the structuring of currency transactions in which he was engaged was unlawful); *see also Cheek v. United States*, 111 S. Ct. 604, 609-10 (1991) (explaining that due to the complexity of tax laws, there is an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution," and "[t]he term 'willfully' [as used in certain federal criminal tax offenses] connot[es] a 'voluntary, intentional violation of a known legal duty'" (citing *United States v. Pomponio*, 429 U.S. 10, 12, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 412, U.S. 346, 360-61, 93 S. Ct. 2008, 2017 (1973))). In *Cheek*, the Supreme Court found error in the trial court's instruction to the jury that in order for the defendant's belief that he was not violating the law to be a defense, his good-faith belief must have been objectively reasonable. The Court further explained, however, that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206, 111 S. Ct. at 613.

The Committee observes that the required mental state may be different even for different elements of the same crime. This possibility should be considered when determining what definition of *mens rea* should be charged. *See Liparota v. United States*, 471 U.S. 419, 423, 105 S. Ct. 2084, 2087 n.5 (1985).

Note: If the Defendant raises a good faith defense, it may be appropriate to give Special Instruction 9 [Good Faith Defense to Willfulness (as under the Internal Revenue Code)], Special Instruction 18 [Good Faith Reliance Upon Advice of Counsel].

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 14

### S6
### Possession

The law recognizes several kinds of possession.  A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

## <u>ANNOTATIONS AND COMMENTS</u>

*See United States v. Hastamorir*, 881 F.2d1551 (11th Cir. 1989).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 15

**S7**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 2 provides:

(a) whoever commits an offense against the United States or, aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

*See United States v. Broadwell*, 870 F.2d 594, 607 (11th Cir. 1989), *cert. denied*, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989). *See also United States v. Walker*, 621 F.2d 163 (5th Cir. 1980), *cert. denied*, 450 U.S. 1000, 101 S. Ct. 1707, 68 L. Ed. 2d 202 (1981).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 16

### S8 (modified)
### Deliberate Ignorance as Proof of Knowledge

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses an article and believes that article contains evidence of a crime but deliberately avoids learning of the evidence so that he can deny knowledge of it.

So you may find that a defendant knew about the evidence if you determine beyond a reasonable doubt that the Defendant (1) actually knew about the evidence, or (2) had every reason to know but deliberately closed his eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the evidence.

## ANNOTATIONS AND COMMENTS

*United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993), *cert. denied*, 513 U.S. 833 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.

*United States v. Aleman*, 728 F.2d 492, 494 (11th Cir. 1984), this instruction should be given only if there are facts that suggest the Defendant consciously avoided knowledge, not when the Defendant has actual knowledge; *see also United States v. Rivera*, 944 F.2d 1563, 1570-72 (11th Cir. 1991) (describing circumstances in which deliberate ignorance instruction is appropriate) and *United States v. Perez-Tosta*, 36 F.3d 1552 (11th Cir. 1994) (approving a similar instruction).

*See also* Basic Instruction 9.1.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 17

**O13.1**
**General Conspiracy Charge**
**18 U.S.C. § 371**

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

43

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

## **ANNOTATIONS AND COMMENTS**

18 U.S.C. § 371 provides:

> If two or more persons conspire… to commit any offense against the United States… and one or more of such persons do any act to effect the object of the conspiracy, each [shall be guilty of an offense against the United States].

Maximum Penalty: Five (5) years imprisonment and applicable fine. *See United States v. Horton*, 646 F.2d 181, 186 (5th Cir. 1981).

The Committee believes that the general definition of "willfully" in Basic Instruction 9.1A would usually apply to this crime.

The general conspiracy statute, 18 U.S.C. § 371, expressly makes an overt act an element of the offense. A conspiracy charged under other conspiracy statutes may not include an overt act as an element. *See, e.g.*, 18 U.S.C. §§ 286, 1349, 1956(h), 1962(d); and 21 U.S.C. §§ 846, 963. To the extent that district courts are relying on this instruction as guidance for drafting an instruction for a different conspiracy offense, the Committee cautions that the United States Supreme Court has held in several circumstances that proof of an overt act is not required when a conspiracy statute does not expressly contain an overt act requirement. *See Whitfield v. United States*, 543 U.S. 209, 214 (2005) (finding no overt act requirement in 18 U.S.C. § 1956(h)); *Salinas v. United States,* 522 U.S. 52, 63 (1997) (same as to 18 U.S.C. § 1962(d)); *United States v. Shabani* 513 U.S. 10, 11 (1994) (same as to 21 U.S.C. § 846). Reference to instructions related to those statutes may provide useful guidance. *See* O74.5, O75.2, O100.

45

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 18

**O13.5**
**Pinkerton Instruction**
**[*Pinkerton v. U.S.*, 328 U.S. 640 (1946)]**

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding Count One, if you have first found either of the Defendants guilty of the crime of conspiracy as charged in Count One, you may also find that Defendant guilty of any of the crimes charged in Counts Two through Eight even though the Defendant did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:

(1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3) it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

**ANNOTATIONS AND COMMENTS**

This charge is an adaptation of the one set forth in *United States v. Alvarez*, 755 F.2d 830, 848 n.22 (11th Cir. 1985).

The committee believes that the general definition of "willfully" in Basic Instruction 9.1A would usually apply to this crime.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 19

### Transfer of Unregistered Firearm
### 26 U.S.C. § 5861(e)

It's a Federal crime for anyone to transfer certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" means any combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

To "transfer" a firearm means to deliver it to someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly transferred, or aided and abetted the transfer of, a firearm;

(2) the firearm was not registered in the National Firearms Registration and Transfer Record; and

(3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered. The Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely, that it was a combination of parts designed and intended for use

48

in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

## ANNOTATIONS AND COMMENTS

There is no pattern jury instruction for this charge.  The proposed instruction is adapted from O106.1 (Possession of Unregistered Firearm, 26 U.S.C. § 5861(d)).  The definition of "transfer" is taken from O34.2 (Transfer of Firearm to Nonresident, 18 U.S.C. § 922(a)(5)).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 20

### O112
**Evading a Currency-Transaction Reporting Requirement
by Structuring Transaction
31 U.S.C. § 5324(a)(3)**

It's a Federal crime under certain circumstances for anyone to knowingly evade a currency-transaction reporting requirement.

Domestic financial institutions and banks (with specific exceptions) must file currency-transaction reports with the Government. They must list all deposits, withdrawals, transfers, or payments involving more than $10,000 in cash or currency.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly structured or helped to structure a currency transaction;

(2) the purpose of the structured transaction was to evade the transaction-reporting requirements; and

(3) the structured transaction involved one or more domestic financial institutions.

To "structure" a transaction means to deposit, withdraw, or otherwise participate in transferring a total of more than $10,000 in cash or currency using a financial institution or bank by intentionally setting up or arranging a series of separate transactions, each one involving less than $10,000, in order to evade the currency-reporting requirement that would have applied if fewer transactions had been made.

## ANNOTATIONS AND COMMENTS

31 U.S. C. § 5313(a) provides:

> (a) When a domestic financial institution is involved in a transaction for the payment, receipt, or transfer of United States coins or currency (or other monetary instruments the Secretary of the Treasury prescribes), in an amount, denomination, or amount and denomination, or under circumstances the Secretary prescribes by regulation, the institution and any other participant in the transaction the Secretary may prescribe shall file a report on the transaction at the time and in the way the Secretary prescribes. A participant acting for another person shall make the report as the agent or bailee of the person and identify the person for whom the transaction is being made.

31 U.S.C. § 5324(a)(3) and (d)(2) provides:

> (a) Domestic coin and currency transactions involving financial institutions. - - No person shall for the purpose of evading the reporting requirements of section 5313(a) or 5325 or any regulation prescribed under any such section - -
>
> * * * * * *
>
> (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.
>
> * * * * * *
>
> (d) Criminal penalty. - -
>
> > (1) In general. - - Whoever violates this section shall be fined in accordance with title 18 United States Code, imprisoned for not more than 5 years, or both.
> >
> > (2) Enhanced penalty for aggravated cases. - - Whoever violates this section while violating another law of the United States or as part of a pattern of any illegal activity involving more

52

> than $100,000 in a 12-month period shall be shall be fined twice the amount provided in subsection (b)(3) or (c)(3) (as the case may be) of section 3571 of title 18, United States Code, imprisoned for not more than 10 years, or both.

If the indictment alleges one of the sentence-enhancing circumstances listed in 31 U.S.C. § 5324(d)(2), the instruction should be modified in light of *Apprendi* to submit the issue to the jury.  *See United States v. Aunspaugh*, 792 F.3d 1302, 1311-12 (11th Cir. 2015).  A special verdict form, similar to those used in the drug offense instructions (e.g., O98), may be appropriate.

In *Ratzlaf v. United States*, 510 U.S. 135, 114 S. Ct. 655, 126 L. Ed. 2d 615 (1994), the Court held that the Government must prove that the Defendant knew that the structuring was unlawful, but Congress then amended § 5324, eliminating the word "willfully" from the criminal penalty provision. Thus, willfulness is no longer an element of the offense. *See Blakely v. United States*, 276 F.3d 853, 875 n.10 (6th Cir. 2002).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 21

### O106.1
### Possession of Unregistered Firearm
### 26 U.S.C. § 5861(d)

It's a Federal crime for anyone to possess certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" means any combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed a firearm;

(2) the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record; and

(3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered. The Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely, that it was a combination of parts designed and intended for use

in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

## **ANNOTATIONS AND COMMENTS**

No annotation is associated with this instruction.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 22

### B12
### Verdict

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

{Explain verdict}

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

## ANNOTATIONS AND COMMENTS

*United States v. Norton*, 867 F.2d1354, 1365-66 (11th Cir. 1989), *cert. denied*, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. Brokemond*, 959 F.2d206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d572 (5th Cir. 1978), *reh'g denied*, 589 F.2d1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 23

### B11
### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**ANNOTATIONS AND COMMENTS**

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).