UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

**UNITED STATES' SUPPLEMENT TO PROPOSED JURY INSTRUCTION**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, requests that the following additional language be included in the Court's instruction to the jury regarding the Transfer of Unregistered Firearms under 26 U.S.C. § 5861(e) (*see* Requested Jury Instruction No. 19 in United States' Proposed Jury Instructions, Doc. 225 at 48-49):

> The Government does not have to prove that the item described in the indictment would have successfully converted a particular individual's weapon into a machinegun, or that the defendant or another individual possessed a fully assembled machinegun. It is only necessary that it prove that the Defendant designed and intended the item to convert a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

This additional instruction is necessary due to testimony elicited by the defendants' counsel regarding the purported obsolescence or lack of availability of certain other parts supposedly needed to convert an AR-15 into a machinegun with the Auto Key Card.  The law is clear that a lack of an appropriate projectile or component part does not render a particular item not a firearm where it otherwise fits the definition under the statute.  *See, e.g.*, *United States v. Melancon*, 462 F.2d 82, 95-96 (5th Cir. 1972) (holding that defendant possessed a mortar which constituted a destructive device, that is, a firearm within the purview of 26 U.S.C. § 5861(d), even where the government could not prove the existence of a projectile to use in it because the mortar "was nevertheless a firearm (or destructive device) capable of being fired and was possessed in an unregistered state.  Within the plain words of the statute, the weapon was there.  A lack of appropriate ammunition could not and did not render the weapon non-existent."); *United States . McCauley*, 601 F.2d 336, 340-41 (8th Cir. 1979) (holding that a defendant still possessed a machinegun even where the gun lacked the magazine necessary for firing automatically because there was no evidence that it lacked an "irreplaceable" part making it "permanently incapable of automatic fire"); *United States v. Griley*, 814 F.2d 967, 975 (4th Cir. 1987) ("A machinegun which is capable of being restored to working order falls under the statutory definition."); *United States v. Kuzma*, 967 F.3d 959, 969-70 (9th Cir. 2020) (affirming one of two convictions for possession of an unregistered machinegun and noting that "because the design of an item turns on its *apparent* purpose as reflected in its particular configuration of structural features, a device remains 'designed' for a

particular use even though, due to a readily fixable defect, the device cannot at that moment be put to that use: a car with a dead battery is still 'designed' to be driven.") (emphasis in original) (citation omitted).

The United States additionally requests that the Court advise counsel not to make an argument to the jury, premised on this testimony, which would be contrary to the law. The Court has already ruled that the defendants cannot present a defense that is unsupported by the law in its Order regarding the motions *in limine*. Doc. 223 at 11. *See also United States v. Valdes-Guerra*, 758 F.2d 1411, 1416 (11th Cir. 1985) (holding that "[d]efense counsel may not argue incorrect or inapplicable theories of law to a jury"); *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) (affirming district court's limitations on defense arguments, noting that when "arguing the law

to the jury, counsel is confined to principles that will later be incorporated and charged to the jury").

                       Respectfully submitted,

                       ROGER B. HANDBERG
                       United States Attorney

By:   s/ *Laura Cofer Taylor*
       LAURA COFER TAYLOR
       Assistant United States Attorney
       USA No. 170
       E-mail: Laura.C.Taylor@usdoj.gov

       DAVID B. MESROBIAN
       Assistant United States Attorney
       USA No. 188
       E-mail: David.Mesrobian@usdoj.gov

       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone:  (904) 301-6300
       Facsimile:   (904) 301-6310

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Alex King, Esq.
>>*Counsel for defendant KRISTOPHER JUSTINBOYER ERVIN*
>
>Zachary Z. Zermay
>Matthew Larosiere
>>*Counsel for defendant MATTHEW RAYMOND HOOVER*

>>>*s/ Laura Cofer Taylor*
>>>LAURA COFER TAYLOR
>>>Assistant United States Attorney