# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                      Case No.  3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

_____

## COURT'S PROPOSED JURY INSTRUCTION NO. 1

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.  After I have completed these instructions, you will hear the closing arguments of the attorneys and then you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find each Defendant guilty beyond a reasonable doubt.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 1 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 2A

### The Duty to Follow Instructions
### And the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against any Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. A Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If the Government fails to do so as to any Defendant on any charge, you must find that Defendant not guilty on that charge.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 2.1 (2022) (modified).

## COURT'S PROPOSED JURY INSTRUCTION NO. 2B

### The Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against any Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant is not evidence of guilt.  The law presumes every Defendant is innocent.  A Defendant does not have to prove his innocence or produce any evidence at all.  A Defendant does not have to testify, and if either Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so as to any Defendant on any charge, you must find that Defendant not guilty on that charge.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 2.2 (2022) (modified).

## COURT'S PROPOSED JURY INSTRUCTION NO. 3

### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

<u>Source(s)</u>:
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 3 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 4

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There is no legal

difference in the weight you may give to either direct or circumstantial evidence.

<u>Source(s)</u>:
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 4 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 5

### Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 5 (2022).

## <u>COURT'S PROPOSED JURY INSTRUCTION NO. 6A</u>

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

<u>Source(s)</u>:
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 6.1 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 6B

### Impeachment of Witnesses Because of Inconsistent Statements
### (Defendant with no Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify.  But since [a Defendant or both Defendants] did testify, you should decide whether you believe that Defendant's testimony in the same way as you consider the testimony of any other witness.

<u>Source(s)</u>:
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 6.3 (2022) (modified).

## COURT'S PROPOSED JURY INSTRUCTION NO. 7

### Testimony of Accomplice, Informer, or
### Witness with Immunity

You must consider the testimony of some witnesses with more caution than others.

For example, a witness who has been promised immunity from prosecution or a witness who hopes to gain more favorable treatment in his own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Special Instruction 1.1 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 8

### Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 7 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 9

### Limiting Instruction

The Government has presented agents of the United States who have testified as to the meaning of certain terms, laws, and regulations pertaining to firearms. In addition, witnesses may have referred to items as "firearms" or "machinegun conversion devices." As with any evidence, you may give this testimony as much or as little weight and credit as you determine it deserves.

Remember you must follow my instructions on the law and decide for yourselves based on the evidence in this case and my instructions whether the Auto Key Card is a machinegun subject to firearm laws and regulations.

Source(s):
Maiz v. Virani, 253 F.3d 641, 667 (11th Cir. 2001); United States v. Bilzerian, 926 F.2d 1285, 1295 (2d Cir. 1991); United States v. Schultz, No. 8:02-CR-111-T-17MAP, 2005 WL 8162669, at *1 (M.D. Fla. Feb. 24, 2005).

## COURT'S PROPOSED JURY INSTRUCTION NO. 10

### Transcript of Tape Recorded Conversation

You will recall that a number of exhibits were identified as typewritten transcripts of the oral conversations heard on audio and video recordings that were received in evidence. The transcripts also purport to identify the speakers engaged in the conversations.

I admitted the transcripts for the limited and secondary purpose of helping you follow the content of the conversations as you listen to the recordings, and also to help you identify the speakers.

But you are specifically instructed that whether the transcripts correctly reflect the content of the conversations or the identity of the speakers is entirely for you to decide based on your own evaluation of any testimony you heard about the preparation of the transcripts, and from your own examination of the transcripts in relation to hearing and viewing the recordings themselves as the primary evidence of their own contents.

If you determine that any transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Trial Instruction 3 (2022) (modified).

## COURT'S PROPOSED JURY INSTRUCTION NO. 11

### Note-taking

You have been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Special Instruction 5 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 12

### Introduction to Offense Instructions

The indictment in this case charges the Defendants with committing a number of crimes which are set forth separately in what we refer to as "counts."  Each count has a number.  You will be given a copy of the indictment to refer to during your deliberations.  I remind you that the indictment is <u>not</u> evidence of anything.  It is simply the formal document that sets forth the charges.

In Count One of the indictment, the Defendants are not charged with committing a substantive offense.  Instead, they are charged with conspiring to commit a substantive offense.  Specifically, the Defendants are charged with knowingly and willfully conspiring to transfer unregistered machinegun conversion devices.

In the remaining Counts of the indictment, each Defendant is charged with committing certain "substantive offenses."  Specifically, in Counts Two through Eight, Mr. Ervin and Mr. Hoover are each charged with knowingly transferring, and aiding and abetting the transfer of, unregistered machinegun conversion devices.  In Count Nine, Mr. Ervin is charged with structuring cash withdrawals for the purpose of evading

currency-transaction reporting requirements.  And in Counts Ten, Eleven, and Twelve, Mr. Ervin is charged with possessing unregistered machinegun conversion devices on three separate dates.  I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in Count One with committing a substantive offense – they are charged with conspiring to commit a particular offense.  I will now give you specific instructions on the conspiracy charge.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 8 (2022) (modified).

## <u>COURT'S PROPOSED JURY INSTRUCTION NO. 13</u>

### General Conspiracy Charge
### 18 U.S.C. § 371

As I previously stated, Count One charges the Defendants with conspiring to transfer machinegun conversion devices that were not registered in the National Firearms Registration and Transfer Record. It is a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together <u>all</u> the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt as to him:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in

the plan on at least one occasion, that is sufficient for you to find that Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. A person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Offense Instruction 13.1 (2022) (modified).

## COURT'S PROPOSED JURY INSTRUCTION NO. 14

### Transfer of Unregistered Firearm
### 26 U.S.C. § 5861(e)

Counts Two through Eight charge the Defendants with transferring, and aiding and abetting the transfer of, machinegun conversion devices that were not registered in the National Firearms Registration and Transfer Record.  It is a Federal crime for anyone to transfer certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" includes a machinegun.  Under the law, a machinegun includes a machinegun conversion device consisting of a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.  A machinegun must be properly registered in the National Firearms Registration and Transfer Record.

To "transfer" a firearm means to deliver it to someone else.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly transferred, or aided and abetted the transfer of, a firearm;

(2) the firearm was not registered in the National Firearms Registration and Transfer Record; and

(3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered. The Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely, that it was a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Offense Instruction 106.1 (2022) (modified); see also 11th Cir. Pattern Jury Instr. Criminal – Offense Instruction 34.2 (2022) (definition of "transfer").

## COURT'S PROPOSED JURY INSTRUCTION NO. 15

### Pinkerton Instruction
### [*Pinkerton v. U.S.*, 328 U.S. 640 (1946)]

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding Counts Two through Eight, if you have first found the Defendants guilty of the conspiracy charged in Count One, you may also find a Defendant guilty of any of the crimes charged in Counts Two through Eight even though the Defendant did not personally participate in the crime.  To do so, you must find beyond a reasonable doubt that:

(1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3) it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Offense Instruction 13.5 (2022) (modified).

## COURT'S PROPOSED JURY INSTRUCTION NO. 16

### Aiding and Abetting; Agency
### 18 U.S.C. § 2

You will note that, in Counts Two through Eight, the Defendants are also charged with aiding and abetting the commission of the alleged crimes.  It is possible to prove a Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent."  Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A Defendant is also responsible if he willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

<u>Source(s)</u>:
11th Cir. Pattern Jury Instr. Criminal – Special Instruction 7 (2022) (modified).

## COURT'S PROPOSED JURY INSTRUCTION NO. 17

### Evading a Currency-Transaction Reporting
### Requirement by Structuring Transaction
### 31 U.S.C. § 5324(a)(3)

Count Nine charges Mr. Ervin with structuring cash withdrawals for the purpose of evading currency-transaction reporting requirements. It is a Federal crime under certain circumstances for anyone to knowingly evade a currency-transaction reporting requirement.

Domestic financial institutions and banks (with specific exceptions) must file currency-transaction reports with the Government. They must list all deposits, withdrawals, transfers, or payments involving more than $10,000 in cash or currency.

Mr. Ervin can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly structured or helped to structure a currency transaction;

(2) the purpose of the structured transaction was to evade the transaction-reporting requirements; and

(3) the structured transaction involved one or more domestic financial institutions.

To "structure" a transaction means to deposit, withdraw, or otherwise participate in transferring a total of more than $10,000 in cash

or currency using a financial institution or bank by intentionally setting up or arranging a series of separate transactions, each one involving less than $10,000, in order to evade the currency-reporting requirement that would have applied if fewer transactions had been made.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Offense Instruction 112 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 18

### Possession of Unregistered Firearm
### 26 U.S.C. § 5861(d)

Counts Ten, Eleven, and Twelve charge Defendant Ervin with possessing unregistered machinegun conversion devices. It is a Federal crime for anyone to possess certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" includes a machinegun. Under the law, a machinegun includes a machinegun conversion device consisting of a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. A machinegun must be properly registered in the National Firearms Registration and Transfer Record.

Defendant Ervin can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed a firearm;

(2) the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record; and

(3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration

under the National Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered. The Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely, that it was a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Offense Instruction 106.1 (2022) (modified).

## COURT'S PROPOSED JURY INSTRUCTION NO. 19

### Possession

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person does not have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Special Instruction 6 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 20

### On or About; Knowingly; Willfully – Generally

You will see that the indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Basic Instructions 9.1A (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 21

### Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

<u>Source(s)</u>:
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 8.1 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 22

### Caution: Punishment
### (Multiple Defendants, Multiple Counts)

Each count of the indictment charges a separate crime against one or both of the Defendants.  You must consider each crime and the evidence relating to it separately.  And you must consider the case of each Defendant separately and individually.  If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment.  You are here to determine from the evidence in this case whether each Defendant is guilty or not guilty of each of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty.  If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

<u>Source(s)</u>:
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 10.4 (2022).

## <u>COURT'S PROPOSED JURY INSTRUCTION NO. 23</u>

### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>Source(s)</u>:
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 11 (2022).

## COURT'S PROPOSED JURY INSTRUCTION NO. 24

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience for each Defendant.

[Explain verdict]

Take the verdict forms with you to the jury room. When you have all agreed on the verdict for each Defendant, your foreperson must fill in the verdict forms, sign them, date them, and carry them. Then you will return the verdict forms to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other in any note you may send me.

Source(s):
11th Cir. Pattern Jury Instr. Criminal – Basic Instruction 12 (2022) (modified).