UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                             Case No.  3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

_____

### COURT'S REVISED PROPOSED JURY INSTRUCTION NO. 14

Counts Two through Eight charge the Defendants with transferring, and aiding and abetting the transfer of, machinegun conversion devices that were not registered in the National Firearms Registration and Transfer Record.  It is a Federal crime for anyone to transfer certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" includes a machinegun.  Under the law, a machinegun includes a machinegun conversion device consisting of a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.  A machinegun must be properly registered in the National Firearms Registration and Transfer Record.

To "transfer" a firearm means to deliver it to someone else.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly transferred, or aided and abetted the transfer of, a firearm, specifically, a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger;

(2) the firearm was not registered in the National Firearms Registration and Transfer Record; and

(3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered or that any purchaser successfully converted a particular firearm into a machinegun. The Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely, that it was a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

## COURT'S REVISED PROPOSED JURY INSTRUCTION NO. 18

Counts Ten, Eleven, and Twelve charge Defendant Ervin with possessing unregistered machinegun conversion devices. It is a Federal crime for anyone to possess certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" includes a machinegun. Under the law, a machinegun includes a machinegun conversion device consisting of a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. A machinegun must be properly registered in the National Firearms Registration and Transfer Record.

Defendant Ervin can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed a firearm, specifically, a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger;

(2) the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record; and

(3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered or that any purchaser successfully converted a particular firearm into a machinegun. The Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely, that it was a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.