UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN

**UNITED STATES' MOTION FOR A PRELIMINARY ORDER OF FORFEITURE FOR INVOLVED-IN PROPERTY AND SUBSTITUTE ASSETS**

The United States of America respectfully moves, pursuant to 31 U.S.C. § 5317(c)(1)(A), and Fed. R. Crim. P. 32.2(b)(2) of the Federal Rules of Criminal Procedure, for entry of a preliminary order of forfeiture for involved-in property against defendant Ervin in the amount of $68,000, representing the amount of funds he involved in the structuring offense charged in Count Nine of the Fourth Superseding Indictment ("involved-in property"), for which he was convicted.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), and Rule 32.2(e)(1)(B), the United States moves for a preliminary order of forfeiture for the following substitute assets, in partial satisfaction[1] of the preliminary order of forfeiture for involved-in property: a) $3,700 seized from Ervin on March 2, 2021, and b) the contents of the Community First Credit Union account number 0001643009 titled in the name of Kristopher Ervin ("CFCU 3009").

---

[1] The maximum amount to be forfeited from CFCU 3009 will not exceed $64,300, which represents the difference between the $68,000 of involved-in property and the $3,700 seized from the defendant on March 1, 2021. As of May 26, 2023, CFCU has a balance of approximately $17,748.77.

In support of this motion, the United States submits the following memorandum of law:

## MEMORANDUM OF LAW

### I. STATEMENT OF FACTS

#### A. Allegations Against Ervin

1. On or about March 6, 2023, Ervin was charged in a multi-count Fourth Superseding Indictment with firearm offenses in violation of 26 U.S.C. §§ 5861(e) and 5871 (Counts One through Eight), with structuring withdrawals to avoid filing of currency transaction reports in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(1) (Count Nine), and additional firearm offenses in violation of 26 U.S.C. §§ 5861(d) and 5871 (Counts Ten through Twelve). Doc. 204.

2. The Fourth Superseding Indictment also contained forfeiture allegations putting Ervin on notice that, pursuant to 31 U.S.C. § 5317(c)(1)(A), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), the United States would seek an Order of Forfeiture for $68,000, representing the amount of funds involved in the structuring offense, and the $3,700 seized from Ervin on March 2, 2021, as a substitute asset. *Id* at 16-19.

#### B. Finding of Guilt

3. On April 10, 20223 a jury trial commenced.

4. At trial, and in pertinent part as to Count Nine, the jurors heard and received evidence that between December 28, 2020 and January 6, 2021, Ervin

structured eight currency transaction totaling $68,000 for the purpose of evading currency transaction reporting requirements. Specifically, the transactions were each cash withdrawals at Community First Bank, a federally insured financial institution.

5. On April 21, 2023, a jury found Ervin guilty, as charged, to Count One through Twelve of the Fourth Superseding Indictment. Doc. 263.

6. Ervin's sentencing is currently scheduled for the week of July 31, 2023. Doc. 267.

### C. Relevant Facts Established at Trial

7. At trial, the United States introduced evidence demonstrating the $68,000 that Ervin involved in the structuring offense charged in Count Nine. The evidence was offered through agent testimony and bank records. Specifically, record evidence shows that despite knowing about the reporting requirements, Ervin proceeded to structure eight cash withdrawals within the course of ten days between December 28, 2020 and January 6, 2021 from Community First Bank in Orange Park and Fleming Island.

## II. APPLICABLE LAW

### A. Forfeiture Authority

Because forfeiture is an aspect of sentencing, the United States need only prove by a preponderance of the evidence that the forfeiture requested is warranted. *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999); *United States v.*

*Hasson,* 333 F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

### i. *Property Involved in Structuring*

The forfeiture of property involved in a structuring offense, in violation of 31 U.S.C. § 5324, is governed by 31 U.S.C. § 5317(c)(1)(A). Section § 5317(c)(1)(A) requires the forfeiture of all property, real or personal, involved in the offense and any property traceable thereto. *See United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) ("A person convicted of violating … 31 U.S.C. § 5324 must forfeit to the government all property that is either 'involved in' that violation or traceable thereto."); *id.* at 1369 ("[W]e conclude that § 5317(c)(1)(A) allows for forfeiture of property that facilitates the reporting violation."); *id.* ("The 'term "involved in" has consistently been interpreted broadly by courts to include any property involved in, used to commit, or used to facilitate the offense.'" (quoting *United States v. Varrone*, 554 F.3d 327, 331 (2nd Cir. 2009))).

### ii. *Substitute Assets*

The Court's authority to order the forfeiture of substitute assets is found in 21 U.S.C. § 853(p), which is incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c). As relevant here, section 853(p) provides that if — as a result of any act or omission of the defendant — property subject to forfeiture has been transferred or sold to, or deposited with, a third party, or has been commingled with other property which cannot be divided without difficulty, the court shall order the forfeiture of any

4

other property of the defendant, up to the value of any property subject to forfeiture. *See* 21 U.S.C. § 853(p)(1)-(2); *see also United States v. Soreide*, 461 F.3d 1351, 1352 n.1 (11th Cir. 2006) (per curiam) (section 853(p) "provide[s] for forfeiture of substitute assets of the defendant if the property involved in or traceable to the crime is not available for forfeiture.").

Rule 32.2(e)(1)(B) further provides that, on the United States' motion, the Court may "at any time" enter an order of forfeiture to include substitute property that qualifies for forfeiture under an applicable statute. Indeed, if the government establishes that the property is subject to forfeiture under Rule 32.2(e)(1), the court "must" enter an order forfeiting the property. Rule 32.2(e)(2)(A).

Unlike other types of forfeiture under 21 U.S.C. § 853 and Rule 32.2(e)(1)(B), there is no nexus or tracing requirement for the forfeiture of substitute property under 21 U.S.C. § 853(p) and Rule 32.2(e)(1)(B). By definition, substitute property can be "any" property of the defendant. In fact, substitute assets are only forfeitable because the traceable and directly forfeitable property is unavailable. *See* 21 U.S.C. § 853(p); *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (Congress chose broad language providing that any property of the defendant may be forfeited as a substitute asset and that Courts cannot carve out exceptions to the statute).

Any of the defendant's property having less than or equal value to forfeited property can be substituted where a defendant has concealed or disposed of the proceeds of the illegal activity or property derived from those proceeds. *See United*

5

*States v. Reed,* 924 F.2d 1014, 1017-18 (11th Cir. 1991) (business building in defendant's name which, after verdict of forfeiture, was encumbered and then transferred to third parties was forfeitable as substitute asset). As the Seventh Circuit noted, a defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy an outstanding forfeiture order. *See United States v. Carroll*, 346 F.3d 744 (7th Cir. 2003).

Moreover, the Rules of Criminal Procedure allow for three separate forms of forfeiture relief: (i) an *in personam* forfeiture money judgment; (ii) specific property made directly forfeitable by statute; and (iii) in the absence of directly forfeitable property, substitute assets. *United States v. Waked Hatum*, 969 F.3d 1156, 1170 (11th Cir. 2020) (concurrence in part). Where proceeds or involved-in property cannot be found, substitute assets may be forfeited to satisfy the order of forfeiture for proceeds. *See* 21 U.S.C. § 853(p); *see also Waked Hatum*, 969 F.3d at 1166, 1170 (11th Cir. 2020) ("Section 853(p) provides for forfeiture in the amount of "the property involved in or traceable to the crime' if that property 'is not available for forfeiture.'").

### B. Court's Determination of Forfeiture

Federal Rule of Criminal Procedure 32.2 governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1)(A) requires that, as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court "must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P.

32.2(b)(1)(A). The Court's determination may be based "on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

When a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the Court's obligation to forfeit simply takes the form of an order of forfeiture for proceeds in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Once the Court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(2)(a). The preliminary order of forfeiture entered becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

## III. LEGAL ARGUMENT

From the testimony and exhibits presented at trial, the Court has a sufficient factual basis to enter an order of forfeiture against Ervin for the $68,000 in funds involved in structuring offense, for which Ervin was convicted. As mentioned above, record evidence shows that despite knowing about the reporting requirements, Ervin proceeded to structure eight cash withdrawals within the course of ten days between December 28, 2020 and January 6, 2021 from Community First Bank in Orange Park and Fleming Island. Thus, the same evidence supporting Ervin's jury conviction of Count Nine (Doc. 263), is sufficient to also support the Court's determination of its preliminary order of forfeiture against Ervin for the involved-in

property by a preponderance of the evidence. Accordingly, pursuant to Rule 32.2(b)(2), the United States seeks a preliminary order of forfeiture for involved in property against Ervin in the amount of $68,000.

Since Ervin withdrew the $68,000 in funds, the United States cannot locate the property involved in the structuring offense. Because as a result of Ervin's actions, the funds involved the structuring offense are no longer available to be forfeited, the United States additionally seeks a preliminary order of forfeiture for substitute assets, including: a) the $3,700 seized from Ervin on March 2, 2021 and b) the contents of CFCU 3009. Upon the issuance of the preliminary order of forfeiture for the $68,000 of involved-in property, the United States will be entitled to seek forfeiture of any of Ervin's assets, including the seized $3,700, and the contents of CFCU 3009, to satisfy his order of forfeiture. The $3,700 and seized contents of CFCU 3009 will be credited in partial satisfaction of Ervin's order of forfeiture for involved-in property.

## IV. CONCLUSION

For the reasons stated above, the United States requests that the Court, pursuant to 31 U.S.C. § 5317(c)(1)(A), and Fed. R. Crim. P. 32.2(b)(2), enter a preliminary order of forfeiture for involved-in property against Ervin in the amount of $68,000, which represents the funds Ervin involved in his structuring offense. Additionally, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), and Rule 32.2(e)(1)(B), the United States moves for a preliminary order of forfeiture for substitute assets, in partial satisfaction of the

$68,000 preliminary order of forfeiture for involved-in property, of the following: a) the $3,700 seized from Ervin on March 2, 2021 and b) the contents of CFCU 3009. The forfeited $3,700 and contents of CFCU 3009 will be credited towards the partial satisfaction of Ervin's preliminary order of forfeiture for $68,000.

In accordance with Rule 32.2(b)(4)(A), the United States requests that the preliminary orders of forfeiture become final as to Ervin at sentencing.

As required by Fed. R. Crim. P. 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture orders in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that, because the proceeds were dissipated or commingled by Ervin, the United States may seek, as a substitute asset, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), forfeiture of any of Ervin's property up to the amount of the preliminary order of forfeiture for $68,000.

Finally, the United States further requests that the Court retain jurisdiction to enter any order necessary for the forfeiture and disposition of any substitute assets forfeited to the United States up to the amount of the preliminary order of forfeiture

for involved-in property, and to address any third-party claim that may be asserted in these proceedings.

Respectfully submitted,

ROGER B HANDBERG
United States Attorney

By: *s/Mai Tran*
MAI TRAN
Assistant United States Attorney
Florida Bar No. 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-Mail: mai.tran2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney