UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN

**PRELIMINARY ORDER OF FORFEITURE FOR
INVOLVED-IN PROPERTY AND FOR SUBSTITUTE ASSETS**

THIS CAUSE comes before the Court upon the United States of America's Unopposed Motion for:

(1)  a Preliminary Order of Forfeiture for Involved-In Property in the amount of $68,000, representing the amount of funds involved in the structuring offense charged in Count Nine of the Fourth Superseding Indictment; and

(2)  a Preliminary Order of Forfeiture for the $3,700 seized from the defendant on March 2, 2021, and the contents of the Community First Credit Union account number 0001643009, titled in the name of Kristopher Ervin ("CFCU 3009"), pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), and Rule 32.2(e)(1)(B), in partial satisfaction of the $68,000 preliminary order of forfeiture for involved-in property.

Being fully advised of the relevant facts, the Court hereby finds that at least $68,000 in funds was involved in the structuring offense charged in Count Nine, of which the defendant was found guilty.

The Court further finds that the $3,700 and the contents of CFCU 3009 identified above are substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(e)(1)(B), in partial satisfaction of the $68,000 preliminary order of forfeiture.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 287) is GRANTED.

It is FURTHER ORDERED that; the United States is entitled to forfeit the $68,000 in funds that the defendant involved-in the structuring offense.

It is FURTHER ORDERED that; the United States is entitled to the substitute assets identified above, under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), and Rule 32.2(e)(1)(B), in partial satisfaction of the preliminary order of forfeiture for involved-in property.

It is FURTHER ORDERED that; because the $68,000 was dissipated by the defendant, and the United States could not locate all the of the specific property traceable to the defendant's offenses, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c), forfeiture of any of the defendant's property up to the value of $68,000. Jurisdiction is retained to enter any order necessary for the forfeiture and disposition of any substitute asset and to address any third-party claim.

The net proceeds from the forfeited assets will be credited towards the partial satisfaction of the defendant's order of forfeiture.

DONE and ORDERED in Jacksonville, Florida, this 31st day of August, 2023.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Copies to:
All Parties/Counsel of Record