UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

**UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States submits this supplemental sentencing memorandum for the purpose of responding to the positions of the Probation Office and defendant Hoover with regard to the sentencing guidelines, and to bring to the Court's attention several pertinent cases.

In the final PSRs for the defendants, the Probation Office maintains that the Guidelines were scored correctly in the initial PSRs – that is, with a Base Offense Level (BOL) of 18 and without application of any Specific Offense Characteristics (SOCs).  In support, the Probation Office asserts that "directing the user to a specific statute to determine the base offense level creates genuine ambiguity (see *Dupree*) and resorting to the Commentary, specifically Application Note One, is necessary." Doc. 311 at 82; Doc. 314 at 82.

This ignores the consistent history in this District of counting machinegun conversion devices as firearms under section 2K2.1 for purposes of calculating the correct Guidelines range.  The reasons for this are readily apparent – auto sears are firearms under federal law.  26 U.S.C. § 5845(a)–(b).  Offenses under 26 U.S.C.

§ 5861 are explicitly assigned to be scored under section 2K2.1.   USSG § 2K2.1 comment., listing of statutory provisions; USSG Index.   It is logical and obvious, therefore, that firearms under Title 26 are also firearms under section 2K2.1.

The undersigned has not identified any case sentenced prior to this one where the Probation Office, the judges of the Middle District of Florida, defendants, or government counsel have questioned whether auto sears are firearms under the Guidelines.[1]   If the face of the Guidelines genuinely raised a question about whether auto sears were or were not "firearms," the Probation Office, this Court, the many defendants who have previously been sentenced under this guideline, and the government all would have dived into the definitional issue that has arisen in this case – apparently for the very first time in the Middle District of Florida.

The government respectfully refers this Court to the following examples of cases where the Guidelines have been applied by the Probation Office and the judges of the Middle District of Florida with the understanding that auto sears are firearms:

1.   *United States v. Grayson Benjamin Blocker*, Case No. 3:19-cr-175-TJC-PDB.   Blocker was charged in Count One with possessing two unregistered machinegun devices referred to as Glock switches and in Count Two with possessing 67 pistols, revolvers, rifles, and shotguns

---

[1] The undersigned reached out to all criminal AUSAs in the district and asked them to identify the name of any defendant in the last several years whose offenses involved auto sears that were not attached to firearms.  The undersigned cannot represent that the listing of cases herein is complete, but every pertinent case that the undersigned government counsel are aware of is included below.  The query did not result in the identification of <u>any</u> cases where auto sears were excluded from consideration as part of the SOCs except for *United States v. Hollingsworth*, Case No. 6:22-cr-52-WWB-LHP.  Hollingsworth is pending sentencing and the Probation Office has taken the same position with regard to the Guidelines in that case as it takes here.  Hollingsworth is a related case to Hayes, Rosemayer, and King, in each of which, as discussed below, the Probation Office took the position that auto sears <u>were</u> firearms for purposes of section 2K2.1.

2

while he was an unlawful user of drugs. Doc. 1 in *Blocker*. The Probation Office scored Blocker with a BOL of 20 for being a prohibited person and possessing firearms capable of accepting a large magazine and two firearms (the Glock switches) described in § 5845(a). Doc. 54 in *Blocker* at 9. The Probation Office then applied the SOC for number of firearms possessed, noting that "the offense involved at least 69 firearms" – in other words, the Probation Office counted the unmounted Glock switches as firearms for purposes of the SOC. *Id.* The defendant did not object to either of these aspects of the Guidelines (*id.* at 20-22), and Judge Corrigan accepted them as correct (Doc. 62 in *Blocker*).

2. *United States v. George Steve Schade*, Case No. 3:19-cr-190-TJC-JBT. Schade was charged with one count of possessing unregistered machinegun conversion devices. Doc. 1 in *Schade*. The Probation Office scored Schade with a BOL of 18 due to his possession of multiple firearms described in § 5845(a). Doc. 18 in *Schade* at 6. The Probation Office then applied the SOC for number of firearms, noting that the offense involved 35 firearms. *Id.* All 35 of those firearms were NFA items, and 25 of them were Glock switches that were not attached to firearms. *Id.* at 4-5. The defendant did not object to the scoring of the Guidelines (*id.* at 16), and Judge Corrigan accepted them as correct (Doc. 23 in *Schade*).

3. *United States v. Darnell Donya Rice, Jr.*, Case No. 3:21-cr-136-BJD-PDB. Rice was charged in Count One under 18 U.S.C. § 922(o) with possessing and transferring a Glock switch and in Count Two with lying on an ATF 4473 form. Doc. 10 in *Rice*. The Probation Office scored Rice with a BOL of 20 based both upon the offense involving a semiautomatic firearm capable of accepting a large capacity magazine and because it involved a firearm described under section 5845(a). Doc. 57 in *Rice* at 10. The Probation Office further applied the SOC for quantity of firearms and noted that "[f]or Guideline purposes, Rice is attributable with 100 firearms . . . one of which was a switch . . . ." *Id.* at 9, 10. The defendant objected to the SOC for number of firearms, but argued only the two he was charged with selling should count – one of which was the Glock switch. *Id.* at 22-23; *see also* Doc. 1 in *Rice*. Defendant further objected to the scoring of his BOL, and the Probation Office responded defending the scoring, in part, based on the fact that the defendant had sold the Glock switch, which is "a combination of parts from which a machinegun can be assembled" and that "[a]ccording to 26 U.S.C. § 5845, a firearm includes a

3

    machinegun." Doc. 57 in *Rice* at 23. Judge Davis accepted the scoring of the guidelines under section 2K2.1. Doc. 62 in *Rice*.[2]

4. *United States v. Ralph Malpeso III, et al.*, Case No. 8:21-cr-128-SCB-TGW. Malpeso and his co-defendants, Francis Zuilkowski and Clay Morris, were charged with multiple counts of possessing, transferring, and making firearms (machineguns and machinegun conversion devices) that were required to be registered under the National Firearms Act, under various subsections of 26 U.S.C. § 5861. Doc. 17 in *Malpeso*. The Probation Office scored Malpeso with a BOL of 18 due to the involved firearms being machineguns under 26 U.S.C. § 5845(a) and (b). Doc. 99 in *Malpeso* at 9. The Probation Office then applied the SOC for number of firearms, finding that the number of firearms was between 8 and 24 firearms, based on three complete machineguns the defendant sold and 20 conversion devices. *Id.* The defendant did not object to this aspect of the scoring of the Guidelines (*id.* at 31-35), and Judge Bucklew accepted this scoring as correct (Doc. 101 in *Malpeso*). Co-defendant Zuilkowski's Guidelines were scored consistently with Malpeso's, likewise not objected to, and accepted by Judge Bucklew. *See* Doc. 105 at 9, 22-28; Doc. 130. Co-defendant Morris was only accountable for the three complete machineguns, and so the auto sears in this case did not factor into his Guidelines. *See* Doc. 102 at 8-9.

5. *United States v. Marc Anthony Hayes*, Case No. 6:21-cr-105-ACC-DCI. Hayes pleaded guilty to one count of possession and transfer of a machinegun in violation of 18 U.S.C. § 922(o), and one count of possession of an unregistered machinegun conversion device in violation of 26 U.S.C. § 5861(d). Doc. 40 in *Hayes*. Hayes admitted to selling unregistered auto sears to convert an AR-15 to fully automatic fire to a cooperating defendant and was found in possession of two 3-D printed auto sears during the execution of a search warrant. Doc. 40 in *Hayes* at 16-26. The Probation Office scored Hayes with a BOL of 18 due to his possession of firearms described in § 5845(a), and then applied the SOC for number of firearms based on the auto sears illegally transferred, as well as the SOC for trafficking in firearms. Doc. 50 in *Hayes* at 11. The defendant did not object to the scoring of the Guidelines, and Judge Conway accepted them as correct (Doc. 57 in *Hayes*).

---

[2] Judge Davis amended Rice's Guidelines upward based upon the government's objection to Rice receiving the full three levels for acceptance of responsibility. *Id.*

    6.    *United States v. Adam Lee Rosemayer*, Case No. 6:21-cr-25-RBD-EJK. Rosemayer pleaded guilty to one count of possession and transfer of a machinegun in violation of 18 U.S.C. § 922(o). Doc. 36 in *Rosemayer*. Rosemayer admitted to selling unregistered auto sears to convert an AR-15 to fully automatic fire to an undercover agent. Doc. 36 in *Rosemayer* at 19-21. The Probation Office scored Rosemayer with a BOL of 18 due to his possession of firearms described in § 5845(a), and then applied the SOC for number of firearms based on "specifically, 23 firearms, the 5 firearms and 4 machineguns (auto-sears) sold to the CI, an additional 11 firearms recovered at various crimes scenes, and 3 machineguns (auto-sears) possessed by the defendant." Doc. 45 in *Rosemayer* at 7. The defendant did not object to the scoring of the Guidelines, and Judge Dalton accepted them as correct (Doc. 52 in *Rosemayer*).

    7.    *United States v. James J. King*, Case No. 6:22-cr-51-WWB-EJK. King pleaded guilty to one count of possession and transfer of a machinegun in violation of 18 U.S.C. § 922(o) and 924(a)(2). Doc. 34 in *King*. Specifically, King sold several 3-D printed auto sears for an AR-15 to a confidential informant. Doc. 34 in *King* at 22-25. The Probation Office scored King with a BOL of 18 due to his possession of firearms described in § 5845(a), and then applied the SOC for number of firearms, noting that the offense included "12 machineguns (auto sears)." Doc. 47 in *King* at 8. The defendant objected to the SOC solely on the grounds of the number of auto sears which should score. Doc. 47 in *King* at 21. Judge Berger accepted the PSR as correctly scored. Doc. 65 in *King*.

These cases compellingly demonstrate that section 2K2.1 is unambiguous on its face as to what a firearm is. To allow the commentary to inject ambiguity into the clear meaning of the text of the Guideline would be to allow the tail to wag the dog and is exactly what *Dupree* counsels this Court <u>not</u> to do. *United States v. Dupree*, 25 F.4th 1341 (11th Cir. 2022).

Hoover, for his part, argues both that section 2K2.1 "does not apply" (Doc. 318 at 4), and alternatively, seems to acknowledge that it does apply, but the

appropriate BOL is 12, or maybe 6[3] (*id.* at 2).  First, it is plain that section 2K2.1 *does* apply – section 2K2.1's commentary and index both make this clear.  But even if this were in doubt, one would turn instead to section 2X5.1, which provides that "[i]f the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline."  That guideline, of course is section 2K2.1.  For all of the reasons that the government has already elaborated on, defendant Hoover's BOL is correctly scored as 18.

## CONCLUSION

The Court should follow the dictates of *Dupree* and continue to calculate Section 2K2.1 in accordance with its clear and unambiguous dictate to consider all

---

[3] Hoover supposes his BOL might be 6 because "no dangerous use of firearms occurred," but that is not what section 2K2.1(b)(2) says.  Hoover would need to show that the firearms were possessed "solely for lawful sporting purposes or collection," which he does not claim.  There is no lawful sporting purpose for a machinegun.

6

firearms, including machinegun conversion devices, in calculating the correct Guidelines range in this case,

                      Respectfully submitted,

                      ROGER B. HANDBERG
                      United States Attorney

By:   *s/ Laura Cofer Taylor*
      LAURA COFER TAYLOR
      Assistant United States Attorney
      USAO No. 170
      300 North Hogan Street, Suite 700
      Jacksonville, Florida   32202-4270
      Telephone:   (904) 301-6300
      Facsimile:   (904) 301-6310
      E-mail:   laura.c.taylor@usdoj.gov

      *s/ David B. Mesrobian*
      DAVID B. MESROBIAN
      Assistant United States Attorney
      USAO No. 188
      300 North Hogan Street, Suite 700
      Jacksonville, Florida   32202-4270
      Telephone:   (904) 301-6300
      Facsimile:   (904) 301-6310
      E-mail:   david.mesrobian@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alex King, Esq.
Zachary Z. Zermay, Esq.
Matthew Larosiere, Esq.

/s/ *Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney
