## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

**v.**

KRISTOPHER JUSTINBOYER ERVIN

_____

Case Number: 3:21-cr-22(S4)-MMH-MCR

USM Number: 32680-509

Alex King, Retained
1805 Copeland Street
Jacksonville, FL 32204

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve of the Fourth Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 371 | Conspiracy to Transfer Unregistered Machinegun Conversion Devices | July 2021 | One |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials D.S. | November 2020 | Two |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials J.M. | November 2020 | Three |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials R.D. | December 2020 | Four |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials S.D. | December 2020 | Five |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials J.A. | December 2020 | Six |

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials R.W. | January 2021 | Seven |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials A.O. | February 2021 | Eight |
| 31 U.S.C. §§ 5324(a)(3) and (d)(1) | Structuring, and Attempting to Structure, Currency Transactions for the Purpose of Evading Currency Transaction Reporting Requirements | January 2021 | Nine |
| 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2 | Possessing Unregistered Machinegun Conversion Devices on February 22, 2021 | February 2021 | Ten |
| 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2 | Possessing Unregistered Machinegun Conversion Devices on February 24, 2021 | February 2021 | Eleven |
| 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2 | Possessing Unregistered Machinegun Conversion Devices on March 2, 2021 | March 2021 | Twelve |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The original Indictment, Superseding Indictment, Second Superseding Indictment, and Third Superseding Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

Date of Imposition of Sentence:
September 7, 2023

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

September 14th, 2023

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **SIXTY-EIGHT (68) MONTHS, consisting of SIXTY (60) MONTHS as to each Count One and Nine and SIXTY-EIGHT (68) MONTHS as to each Count Two through Eight and Ten through Twelve, all such terms to run concurrently.**

The Court makes the following recommendations to the Bureau of Prisons:

- Incarceration at a facility located as close as possible to Jacksonville, Florida.
- Defendant receive mental health treatment.
- Defendant enroll in any educational and vocational programs available.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By: _____
Deputy United States Marshal

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One through Twelve, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

12.     If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13.     You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____      Date:_____

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.  You shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, you are directed to submit to random drug testing.

2.  You shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3.  You shall provide the probation officer access to any requested financial information.

4.  You shall submit to a search of your person, residence, place of business, any storage units under your control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| TOTALS | $1,200.00 | $0.00 | $0.00 | $0.00 | $0.00 |

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$1,200.00** is due in full and immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

See Preliminary Order of Forfeiture (Dkt. No. 16).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO245B (Rev. 09/19) Judgment in a Criminal Case