# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

Elizabeth M. Warren                                                      Kristin Esposito
Clerk of Court                                                      Tampa Division Manager


**DATE:** September 20, 2023

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit
_____

UNITED STATES OF AMERICA

v.                                        Case No.: 3:21-cr-22-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN

_____

**U.S.C.A. Case No.:**          **UNKNOWN**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Marcia Morales Howard, United States District Judge appealed from.

- Appeal filing fee was paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

- Court Reporter:  Katharine Healey


                              ELIZABETH M. WARREN, CLERK

                              By:     s/C. Roberts, Deputy Clerk

APPEAL, CLOSED, CUSTODY, TRLSET

# U.S. District Court
## Middle District of Florida (Jacksonville)
## CRIMINAL DOCKET FOR CASE #: <u>3:21–cr–00022–MMH–MCR</u>–1

Case title: USA v. Ervin

Magistrate judge case number:  3:21–mj–01127–PDB

Date Filed: 03/11/2021

Date Terminated: 09/14/2023

Assigned to: Judge Marcia Morales
Howard
Referred to: Magistrate Judge Monte C.
Richardson

Appeals court case number:
22–12005–E USCA

### <u>Defendant (1)</u>

| | | |
|---|---|---|
| **Kristopher Justinboyer Ervin**<br>*Custody*<br>*TERMINATED: 09/14/2023* | represented by | **Alex King**<br>Monroe & King, P.A.<br>1805 Copeland Street<br>Jacksonville, FL 32204<br>904–353–5800<br>Email: <u>Alex@MonroeKingLaw.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

**Lisa Call**
Federal Public Defender's Office
Suite 1240
200 W Forsyth St
Jacksonville, FL 32202
904/232–3039
Fax: 904/232–1937
Email: <u>Lisa_Call@fd.org</u>
*TERMINATED: 06/04/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Daniel Scott Monroe**
Scott Monroe Law, P.A.
200 E. Forsyth St.

1

Jacksonville, FL 32202
904/891−7362
Fax: 904−353−5801
Email: scott@monroekinglaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| CONSPIRACY TO DEFRAUD THE UNITED STATES (1ssss) | Imprisonment: SIXTY−EIGHT (68) MONTHS, consisting of SIXTY (60) MONTHS as to each Count One and Nine and SIXTY−EIGHT (68) MONTHS as to each Count Two through Eight and Ten through Twelve, all such terms to run concurrently; Supervised Release: THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One through Twelve, all such terms to run concurrently; Special Assessment: $1,200.00 |
| UNLAWFUL TO TRANSFER A FIREARM IN VIOLATION (2ssss−8ssss) | Imprisonment: SIXTY−EIGHT (68) MONTHS, consisting of SIXTY (60) MONTHS as to each Count One and Nine and SIXTY−EIGHT (68) MONTHS as to each Count Two through Eight and Ten through Twelve, all such terms to run concurrently; Supervised Release: THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One through Twelve, all such terms to run concurrently; Special Assessment: $1,200.00 |
| STRUCTURING TRANSACTIONS TO EVADE REPORTING REQUIREMENTS (9ssss) | Imprisonment: SIXTY−EIGHT (68) MONTHS, consisting of SIXTY (60) MONTHS as to each Count One and Nine and SIXTY−EIGHT (68) MONTHS as to each Count Two through Eight and Ten through Twelve, all such terms to run concurrently; Supervised Release: THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One through Twelve, all such terms to run concurrently; Special Assessment: $1,200.00 |
| UNLAWFUL TO RECEIVE A FIREARM NOT REGISTERED (10ssss−12ssss) | Imprisonment: SIXTY−EIGHT (68) MONTHS, consisting of SIXTY (60) MONTHS as to each Count One and Nine and SIXTY−EIGHT (68) MONTHS as to each Count Two through Eight and Ten through Twelve, all such terms to run concurrently; Supervised Release: THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One through Twelve, all such terms to run concurrently; Special Assessment: $1,200.00 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| UNLAWFUL TO RECEIVE A FIREARM NOT REGISTERED (1) | Dismissed on Government's Motion |
| STRUCTURING TRANSACTIONS TO EVADE REPORTING REQUIREMENTS (1s–7s) | Dismissed on Government's Motion |
| CONSPIRACY TO DEFRAUD THE UNITED STATES (1ss) | Dismissed on Government's Motion |
| CONSPIRACY TO DEFRAUD THE UNITED STATES (1sss) | Dismissed on Government's Motion |
| UNLAWFUL TO TRANSFER A FIREARM IN VIOLATION (2ss–7ss) | Dismissed on Government's Motion |
| UNLAWFUL TO TRANSFER A FIREARM IN VIOLATION (2sss–8sss) | Dismissed on Government's Motion |
| TRANSP./DELIVER/RECEIVE IN INTERSTATE COMMERCE–UNREGISTERED (8s) | Dismissed on Government's Motion |
| STRUCTURING TRANSACTIONS TO EVADE REPORTING REQUIREMENTS (8ss–14ss) | Dismissed on Government's Motion |
| UNLAWFUL TO RECEIVE A FIREARM NOT REGISTERED (9s–14s) | Dismissed on Government's Motion |
| STRUCTURING TRANSACTIONS TO EVADE REPORTING REQUIREMENTS (9sss–15sss) | Dismissed on Government's Motion |
| UNLAWFUL TO RECEIVE A FIREARM NOT REGISTERED (15ss–17ss) | Dismissed on Government's Motion |
| UNLAWFUL TO RECEIVE A FIREARM NOT REGISTERED (16sss–18sss) | Dismissed on Government's Motion |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 26:5861D.F UNLAWFUL TO RECEIVE A FIREARM NOT REGISTERED | |

**Movant**

| **John Crump** | represented by | **Eric J. Friday** |
|---|---|---|

Kingry & Friday, Esq.
1919 Atlantic Blvd.
Jacksonville, FL 32207
(904) 722–3333
Email: efriday@kingryfriday.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**James D Phillips , Jr**
Katz & Phillips, PA
509 W Colonial Dr
Orlando, FL 32804
321/332–6864
Fax: 407/657–1526
Email: jphillips@kplegalteam.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Robert J Olson**
William J. Olson, P.C.
370 Maple Ave W
Suite 4
Vienna, VA 22180
703–356–5070
Fax: 703–356–5085
Email: rob@wjopc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Ronald J. Shook , II**
The Law Offices of Ronald J. Shook
121 E. Main Ave.
Gastonia, NC 28052
(704) 671–2390
Fax: (704) 671–4431
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Designation: Retained*

**Stephen D Stamboulieh**
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
601−852−3440
Email: stephen@sdslaw.us
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

**USA**                                 represented by   **David B. Mesrobian**
US Attorney's Office − FLM
Suite 700
300 N Hogan St
Jacksonville, FL 32202
904/301−6300
Fax: 904/301−6310
Email: david.mesrobian@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Laura Cofer Taylor**
US Attorney's Office − FLM*
Suite 700
300 N Hogan St
Jacksonville, FL 32202
904−301−6249
Email: Laura.C.Taylor@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mai Tran**
United States Attorney's Office
Suite 700
300 N. Hogan Street
Jacksonville, FL 32202
904−301−6300
Fax: 904−301−6310
Email: mai.tran2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/03/2021 | 1 | |

| | | |
|---|---|---|
| | | COMPLAINT as to Kristopher Justinboyer Ervin (filed in open court). (ASL) [3:21−mj−01127−PDB] (Entered: 03/04/2021) |
| 03/03/2021 | | ARREST of Kristopher Justinboyer Ervin on 3/3/2021 (ASL) [3:21−mj−01127−PDB] (Entered: 03/04/2021) |
| 03/03/2021 | 3 | MINUTE entry for in person proceedings held before Magistrate Judge Patricia D. Barksdale: initial appearance held on 3/3/2021. (Digital) (ASL) [3:21−mj−01127−PDB] (Entered: 03/05/2021) |
| 03/03/2021 | 4 | ORAL MOTION for detention by USA. (ASL) [3:21−mj−01127−PDB] (Entered: 03/05/2021) |
| 03/03/2021 | 5 | JOINT MOTION to continue the detention hearing. (ASL) [3:21−mj−01127−PDB] (Entered: 03/05/2021) |
| 03/03/2021 | 6 | **ORDER OF TEMPORARY DETENTION granting 5 the joint oral motion to continue the detention hearing and scheduling the detention hearing for 3/5/2021 at 10:00 AM in Jacksonville Courtroom 5B before Magistrate Judge Patricia D. Barksdale. Signed by Magistrate Judge Patricia D. Barksdale on 3/3/2021. (ASL)** [3:21−mj−01127−PDB] (Entered: 03/05/2021) |
| 03/03/2021 | 7 | NOTICE OF HEARING: The preliminary hearing is scheduled for 3/17/2021 at 10:00 AM in Jacksonville Courtroom 5B before Magistrate Judge Patricia D. Barksdale. (ASL) [3:21−mj−01127−PDB] (Entered: 03/05/2021) |
| 03/05/2021 | 8 | MINUTE entry for the in person status−of−counsel and detention hearings held on 3/5/2021 before Magistrate Judge Patricia D. Barksdale: The defendant moved for appointment of counsel and to continue the detention hearing. (Digital) (ASL) [3:21−mj−01127−PDB] (Entered: 03/08/2021) |
| 03/05/2021 | 9 | ORAL MOTION to appoint counsel by Kristopher Justinboyer Ervin. (ASL) [3:21−mj−01127−PDB] (Entered: 03/08/2021) |
| 03/05/2021 | 10 | ORAL MOTION to continue the detention hearing by Kristopher Justinboyer Ervin. (ASL) [3:21−mj−01127−PDB] (Entered: 03/08/2021) |
| 03/05/2021 | 11 | **ORDER granting 9 the defendant's oral motion to appoint counsel and appointing the Federal Defender's Office to represent him in this case. Signed by Magistrate Judge Patricia D. Barksdale on 3/5/2021. (ASL)** [3:21−mj−01127−PDB] (Entered: 03/08/2021) |
| 03/05/2021 | 12 | **ORDER OF TEMPORARY DETENTION granting 10 the defendant's oral motion to continue the detention hearing and scheduling the detention hearing for 3/9/2021 at 02:30 PM in Jacksonville Courtroom 5D before Magistrate Judge James R. Klindt. Signed by Magistrate Judge Patricia D. Barksdale on 3/5/2021. (ASL)** [3:21−mj−01127−PDB] (Entered: 03/08/2021) |
| 03/08/2021 | 13 | **STANDING ORDER as to Kristopher Justinboyer Ervin: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and orders the United States to do so. Failing to do so in a timely manner may result in consequences, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and sanctions. Signed by Judge Timothy J. Corrigan on 12/1/2020. (KEM)** [3:21−mj−01127−PDB] (Entered: 03/08/2021) |

| 03/09/2021 | 14 | MINUTE entry for the in person detention hearing held on 3/9/2021 before Magistrate Judge James R. Klindt: The defendant moved to continue the detention hearing. Judge Klindt granted the motion and scheduled the detention hearing for 3/15/21 at 2:00 p.m. before Magistrate Judge Patricia Barksdale. (Digital) (ASL) [3:21−mj−01127−PDB] (Entered: 03/10/2021) |
|---|---|---|
| 03/09/2021 | 15 | ORAL MOTION to continue the detention hearing by Kristopher Justinboyer Ervin. (ASL) [3:21−mj−01127−PDB] (Entered: 03/10/2021) |
| 03/09/2021 | 16 | **ORDER OF TEMPORARY DETENTION granting 15 the defendant's oral motion to continue the detention hearing and scheduling the detention hearing for 3/15/2021 at 02:00 PM in Jacksonville Courtroom 5B before Magistrate Judge Patricia D. Barksdale. Signed by Magistrate Judge James R. Klindt on 3/9/2021. (ASL)** [3:21−mj−01127−PDB] (Entered: 03/10/2021) |
| 03/11/2021 | 17 | INDICTMENT returned in open court as to Kristopher Justinboyer Ervin (1) count(s) 1. (BGR) (Entered: 03/12/2021) |
| 03/15/2021 | 20 | **ORDER allowing a credentialed member of the press to bring a laptop computer or tablet to the 3/15/2021 detention hearing. Signed by Magistrate Judge Patricia D. Barksdale on 3/15/2021. (ASL)** (Entered: 03/15/2021) |
| 03/15/2021 | 21 | MINUTE entry for the in person arraignment and detention hearings held on 3/15/2021 before Magistrate Judge Patricia D. Barksdale: The defendant entered a plea of not guilty to count one of the indictment and was remanded to the custody of the Attorney General to await trial. (Digital) (ASL) (Entered: 03/16/2021) |
| 03/15/2021 | 22 | NOTICE of acceptance of general discovery by Kristopher Justinboyer Ervin (filed in open court). (ASL) (Entered: 03/16/2021) |
| 03/25/2021 | 23 | **ORDER OF DETENTION PENDING TRIAL as to Kristopher Justinboyer Ervin Signed by Magistrate Judge Patricia D. Barksdale on 3/15/2021. (ASL)** (Entered: 03/25/2021) |
| 03/25/2021 | 24 | **SCHEDULING ORDER as to Kristopher Justinboyer Ervin: A status conference is scheduled for 4/19/2021 at 03:00 PM in Jacksonville Courtroom 10B before Judge Marcia Morales Howard; the jury trial is scheduled for 5/3/2021 at 09:00 AM in Jacksonville Courtroom 10B before Judge Marcia Morales Howard; discovery, dispositive, and suppression motions are due by 4/12/2021. Signed by Deputy Clerk on 3/25/2021. (ASL)** (Entered: 03/25/2021) |
| 04/01/2021 | 25 | SUPERSEDING INDICTMENT returned in open court as to Kristopher Justinboyer Ervin (1) count(s) 1s−7s, 8s, 9s−14s. (RH) Modified on 3/16/2023 to edit text (AET). (Entered: 04/01/2021) |
| 04/02/2021 | 27 | NOTICE OF HEARING as to Kristopher Justinboyer Ervin: Arraignment on the Superseding Indictment set for 4/7/2021 at 10:30 AM in Jacksonville Courtroom 5 C before Magistrate Judge Monte C. Richardson. (SHS) (Entered: 04/02/2021) |
| 04/05/2021 | 28 | MOTION to Withdraw as Attorney *and Memorandum of Law* by Lisa Call and Office of the Federal Public Defender. by Kristopher Justinboyer Ervin. (Call, Lisa) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 04/05/2021) |
| 04/07/2021 | 29 | Minute Entry for In Person proceedings held before Magistrate Judge Monte C. Richardson: denying 28 Motion to Withdraw as Attorney as to Kristopher Justinboyer Ervin (1); MOTION hearing as to Kristopher Justinboyer Ervin held on |

|  |  | 4/7/2021 re 28 MOTION to Withdraw as Attorney *and Memorandum of Law* by Lisa Call and Office of the Federal Public Defender. filed by Kristopher Justinboyer Ervin ; ARRAIGNMENT as to Kristopher Justinboyer Ervin (1) Count 1, 1s–7s, 8s, 9s–14s held on 4/7/2021 Defendant(s) pled not guilty. (Digital) (SHS) (Entered: 04/07/2021) |
|---|---|---|
| 04/12/2021 | 30 | MOTION to Dismiss *Superseding Indictment* by Kristopher Justinboyer Ervin. (Call, Lisa) (Entered: 04/12/2021) |
| 04/13/2021 | 31 | MOTION to Extend Time to Respond to Defendant's Motion to Dismiss by USA as to Kristopher Justinboyer Ervin. (Taylor, Laura) (Entered: 04/13/2021) |
| 04/15/2021 | 32 | NOTICE: The status conference set for April 19, 2021, at 3:00 p.m. will be held telephonically. The Courtroom Deputy Clerk will separately provide counsel with the call–in information. (JW) (Entered: 04/15/2021) |
| 04/16/2021 | 33 | **ENDORSED ORDER granting 31 Government's Motion to Extend Time to Respond to Defendant's Motion to Dismiss. Counsel for the United States shall have up to and including May 7, 2021, to respond to Defendant's Motion to Dismiss. Signed by Judge Marcia Morales Howard on 4/16/2021. (JW)** (Entered: 04/16/2021) |
| 04/19/2021 | 34 | Minute Entry for Telephonic proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Kristopher Justinboyer Ervin held on 4/19/2021. Status conference set for May 24, 2021, at 3:00 p.m. Jury trial set for trial term commencing on June 7, 2021, at 9:00 a.m. Court Reporter: Cindy Packevicz Jarriel (JW) (Entered: 04/21/2021) |
| 04/22/2021 |  | Set/Reset Deadlines/Hearings as to Kristopher Justinboyer Ervin: Jury Trial set for trial term commencing on 6/7/2021 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Status Conference set for 5/24/2021 at 03:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard (RH) (Entered: 04/22/2021) |
| 05/07/2021 | 35 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin re 30 MOTION to Dismiss *Superseding Indictment* (Taylor, Laura) (Entered: 05/07/2021) |
| 05/19/2021 | 36 | NOTICE: The status conference set for May 24, 2021, at 3:00 p.m. will be held telephonically. The Courtroom Deputy Clerk will separately provide counsel with the call–in information. (JW) (Entered: 05/19/2021) |
| 05/24/2021 | 37 | Minute Entry for Telephonic proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Kristopher Justinboyer Ervin held on 5/24/2021. Status conference set for July 19, 2021, at 3:00 p.m. Jury trial set for trial term commencing on August 2, 2021, at 9:00 a.m. A hearing on the Motion to Dismiss will be set for July 7, 2021, at 2:00 p.m. or July 8, 2021, at 2:00 p.m., depending upon the availability of the case agent. Court Reporter: Cindy Packevicz Jarriel (JW) (Entered: 05/25/2021) |
| 05/25/2021 | 38 | NOTICE OF HEARING ON 30 Motion to Dismiss Superseding Indictment. Motion Hearing set for 7/8/2021 at 02:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. (JW) (Entered: 05/25/2021) |
| 06/02/2021 | 39 | MOTION to Withdraw as Attorney by Lisa Call. by Kristopher Justinboyer Ervin. (Call, Lisa) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 06/02/2021) |

| 06/04/2021 | 40 | NOTICE OF ATTORNEY APPEARANCE: Alex King appearing for Kristopher Justinboyer Ervin (King, Alex) (Entered: 06/04/2021) |
|---|---|---|
| 06/04/2021 | **41** | **ORDER granting 39 Motion to Withdraw as Attorney Lisa Call withdrawn from case. as to Kristopher Justinboyer Ervin (1). Signed by Magistrate Judge Monte C. Richardson on 6/4/2021. (SHS)** (Entered: 06/04/2021) |
| 07/01/2021 | 42 | MOTION for Miscellaneous Relief, specifically to Adopt Motion to Dismiss (Doc. 30) re 30 MOTION to Dismiss *Superseding Indictment* by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 07/01/2021) |
| 07/02/2021 | 43 | **ENDORSED ORDER granting 42 Motion to Adopt Motion to Dismiss Superseding Indictment. Signed by Judge Marcia Morales Howard on 7/2/2021. (JW)** (Entered: 07/02/2021) |
| 07/08/2021 | 44 | ORAL MOTION to Continue Trial by Kristopher Justinboyer Ervin. (JW) (Entered: 07/08/2021) |
| 07/08/2021 | 45 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: MOTION hearing as to Kristopher Justinboyer Ervin held on 7/8/2021; denying 30 Motion to Dismiss as to Kristopher Justinboyer Ervin (1); granting 44 Oral Motion to Continue as to Kristopher Justinboyer Ervin (1). Status Conference set for 9/20/2021 at 09:30 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Defendant is required to be present. Jury Trial set for trial term commencing on 10/4/2021 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Plea deadline is September 27, 2021. The United States is directed to file a Bill of Particulars no later than July 16, 2021. Court Reporter: Cindy Packevicz Jarriel (JW) (Entered: 07/08/2021) |
| 07/16/2021 | 46 | BILL of particulars as to Kristopher Justinboyer Ervin. (Taylor, Laura) (Entered: 07/16/2021) |
| 08/10/2021 | 47 | NOTICE OF ATTORNEY APPEARANCE Mai Tran appearing for USA. (Tran, Mai) (Entered: 08/10/2021) |
| 08/12/2021 | 48 | TRANSCRIPT of Motion Hearing as to Kristopher Justinboyer Ervin held on July 8, 2021 before Judge Marcia Morales Howard. Court Reporter/Transcriber Cindy Packevicz Jarriel, Telephone number 904–301–6843. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/2/2021 Redacted Transcript Deadline set for 9/13/2021 Release of Transcript Restriction set for 11/10/2021. (CLP) (Entered: 08/12/2021) |
| 08/12/2021 | 49 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Kristopher Justinboyer Ervin. Court Reporter: Cindy Packevicz Jarriel; cindyrprfcrr@gmail.com (CLP) (Entered: 08/12/2021) |
| 09/20/2021 | 50 | ORAL MOTION to Continue Trial by Kristopher Justinboyer Ervin. (JW) (Entered: 09/20/2021) |

| 09/20/2021 | 51 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Kristopher Justinboyer Ervin held on 9/20/2021; granting 50 Oral Motion to Continue as to Kristopher Justinboyer Ervin (1). Special Status Conference set for 11/22/2021 at 01:30 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Defendant is required to be present. Jury Trial set for trial term commencing on 12/6/2021 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Court Reporter: Cindy Packevicz Jarriel (JW) (Entered: 09/20/2021) |
| 11/22/2021 | 52 | ORAL MOTION to Continue Trial by USA and Kristopher Justinboyer Ervin. (JW) (Entered: 11/23/2021) |
| 11/22/2021 | 53 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Kristopher Justinboyer Ervin held on 11/22/2021; granting 52 Joint Oral Motion to Continue as to Kristopher Justinboyer Ervin (1). Status Conference and Motion Hearing set for 3/21/2022 at 01:30 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 4/4/2022 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. The Court requests that the parties hold the weeks of April 11, April 18, and April 25, 2022 for trial. See Minutes for additional deadlines. Court Reporter: Cindy Packevicz Jarriel (JW) (Entered: 11/23/2021) |
| 12/15/2021 | 54 | **ORDER SCHEDULING TRIAL. Jury selection shall commence on April 11, 2022, at 9:00 a.m. Opening statements and evidence will begin on April 12, 2022, at 9:00 a.m. Jury instructions, proposed Voir Dire, proposed brief statement of the case, and proposed verdict form due no later than February 18, 2022. Signed by Judge Marcia Morales Howard on 12/15/2021. (Attachments: # 1 Instructions Regarding Jury Selection, # 2 Instructions Regarding Premarking Exhibits)(JW)** (Entered: 12/15/2021) |
| 12/21/2021 | 55 | NOTICE *of Disclosure of Summary of Expert Testimony in Compliance with Fed. R. Crim. P. 16(a)(1)(G)* by USA as to Kristopher Justinboyer Ervin (Taylor, Laura) (Entered: 12/21/2021) |
| 01/13/2022 | 56 | NOTICE *of Disclosure of Summary Expert Testimony in Compliance with Fed. R. Crim. P. 16(b)(1)(C)* by Kristopher Justinboyer Ervin (Attachments: # 1 Exhibit A)(King, Alex) (Entered: 01/13/2022) |
| 01/26/2022 | 57 | SECOND SUPERSEDING INDICTMENT returned in open court as to Kristopher Justinboyer Ervin (1) count(s) 1ss, 2ss−7ss, 8ss−14ss, 15ss−17ss, Matthew Raymond Hoover (2) count(s) 1, 2−7. (BGR) (Additional attachment(s) added on 1/27/2022: # 1 Restricted Unredacted Indictment) (BGR). Modified on 3/16/2023 to edit text (AET). (Entered: 01/27/2022) |
| 01/28/2022 | 64 | NOTICE OF HEARING as to Kristopher Justinboyer Ervin: Initial Appearance on the Second Superseding Indictment set for 2/2/2022 at 11:00 AM in Jacksonville Courtroom 5 C before Magistrate Judge Monte C. Richardson. (SHS) (Entered: 01/28/2022) |
| 01/28/2022 | 65 | NOTICE OF HEARING as to Kristopher Justinboyer Ervin: Arraignment on the Second Superseding Indictment set for 2/2/2022 at 11:00 AM in Jacksonville Courtroom 5 C before Magistrate Judge Monte C. Richardson. (SHS) (Entered: 01/28/2022) |
| 02/02/2022 | 69 | |

| | | |
|---|---|---|
| | | Minute Entry for In Person proceedings held before Magistrate Judge Monte C. Richardson: ARRAIGNMENT on the Second Superseding Indictment as to Kristopher Justinboyer Ervin (1) Count 1, 1s–7s, 1ss, 2ss–7ss, 8s, 8ss–14ss, 9s–14s, 15ss–17ss held on 2/2/2022 Defendant(s) pled not guilty. (Digital) (SHS) (Entered: 02/02/2022) |
| 02/07/2022 | 71 | Consent MOTION for Miscellaneous Relief, specifically to Hold in Abeyance Previously Ordered Motion Deadline by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 02/07/2022) |
| 02/08/2022 | 72 | **ORDER granting 71 Defendant Ervin's Consent Motion to Hold in Abeyance Previously Ordered Motion Deadline. The parties are relieved of the obligation of complying with the motions deadline of February 11, 2022, and the responses deadline of February 25, 2022. The hearing scheduled for March 21, 2022, at 1:30 p.m. remains set. Signed by Judge Marcia Morales Howard on 2/8/2022. (JW)** (Entered: 02/08/2022) |
| 03/04/2022 | 78 | JOINT MOTION to Hold Motions Deadlines in Abeyance and For a Status Hearing by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Taylor, Laura) (Modified on 3/4/2022, to edit text) (BGR). (Entered: 03/04/2022) |
| 03/07/2022 | 79 | **ORDER granting 78 Joint Motion to Hold Motions Deadlines in Abeyance and for a Status Hearing. The parties are relieved of the obligation of complying with the motions deadlines. The hearing scheduled for March 21, 2022, at 1:30 p.m. is cancelled. A status conference as to all parties is set for March 23, 2022, at 1:30 p.m. Signed by Judge Marcia Morales Howard on 3/7/2022. (JW)** (Entered: 03/07/2022) |
| 03/21/2022 | 81 | **ENDORSED ORDER granting 80 Motion to Appear Telephonically. Zachary Zermay and Matthew Larosiere are permitted to appear telephonically at the status conference set for March 23, 2022, at 1:30 p.m. The Courtroom Deputy Clerk will separately provide counsel with the call–in information for the hearing. Signed by Judge Marcia Morales Howard on 3/21/2022. (JW)** (Entered: 03/21/2022) |
| 03/23/2022 | 82 | ORAL MOTION to Continue Trial by Kristopher Justinboyer Ervin and Matthew Raymond Hoover. (JW) (Entered: 03/23/2022) |
| 03/23/2022 | 83 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Kristopher Justinboyer Ervin and Matthew Raymond Hoover held on 3/23/2022; granting 82 Oral Motion to Continue Trial as to Kristopher Justinboyer Ervin (1) and Matthew Raymond Hoover (2). Special Status Conference set for 6/27/2022 at 02:00 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Jury Trial set for trial term commencing on 7/5/2022 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. See Minutes for additional deadlines. Court Reporter: Shannon Bishop (JW) (Entered: 03/23/2022) |
| 03/25/2022 | 84 | NOTICE OF ATTORNEY APPEARANCE David B. Mesrobian appearing for USA. (Mesrobian, David) (Entered: 03/25/2022) |
| 03/25/2022 | 85 | TRANSCRIPT of Digitally recorded arraignment and detention hearing as to Kristopher Justinboyer Ervin held on 3/15/2021 before Judge Patricia D. Barksdale. Court Reporter/Transcriber Katharine M. Healey, Telephone number (904) 301–6843. Transcript may be viewed at the court public terminal or purchased |

| | | |
|---|---|---|
| | | through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 4/15/2022 Redacted Transcript Deadline set for 4/25/2022 Release of Transcript Restriction set for 6/23/2022. (KMH) (Entered: 03/25/2022) |
| 03/25/2022 | 86 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Kristopher Justinboyer Ervin. Court Reporter: Katharine Healey (904) 301–6843 (KMH) (Entered: 03/25/2022) |
| 04/27/2022 | 87 | MOTION for Reconsideration re 23 Order of Detention by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 04/27/2022) |
| 05/02/2022 | 88 | **ENDORSED ORDER directing to respond to 87 MOTION for Reconsideration re 23 Order of Detention as to Kristopher Justinboyer Ervin. Responses due by 5/13/2022 Signed by Magistrate Judge Monte C. Richardson on 5/2/2022. (SHS)** Modified on 5/2/2022 (SHS). (Entered: 05/02/2022) |
| 05/12/2022 | 89 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin re 87 MOTION for Reconsideration re 23 Order of Detention (Taylor, Laura) (Entered: 05/12/2022) |
| 05/24/2022 | 90 | MOTION for Leave to File Document *to Government's Response in Opposition to Defendant's Motion to Reconsider Detention of Defendant* by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 05/24/2022) |
| 06/01/2022 | 91 | **ORDER denying 87 Motion for Reconsideration re 23 Order of Detention filed by Kristopher Justinboyer Ervin as to Kristopher Justinboyer Ervin (1). Signed by Magistrate Judge Monte C. Richardson on 6/1/2022. (SHS)** (Entered: 06/01/2022) |
| 06/02/2022 | 92 | **ENDORSED ORDER denying 90 Motion for Leave to File as to Kristopher Justinboyer Ervin (1). Signed by Magistrate Judge Monte C. Richardson on 6/2/2022. (SHS)** (Entered: 06/02/2022) |
| 06/15/2022 | 93 | NOTICE of APPEAL by Kristopher Justinboyer Ervin re 91 Order on Motion for Reconsideration / Clarification. Filing fee paid $ 505, receipt number AFLMDC–19679305. (King, Alex) . (Entered: 06/15/2022) |
| 06/16/2022 | 94 | TRANSMITTAL of initial appeal package as to Kristopher Justinboyer Ervin to USCA consisting of copies of notice of appeal, order/judgment being appealed, and motion, if applicable to USCA re 93 Notice of Appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (Attachments: # 1 Notice of appeal, # 2 Order)(SJW) (Entered: 06/16/2022) |
| 06/21/2022 | 95 | MOTION to Dismiss by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Attachments: # 1 Request for Judicial Notice, # 2 Request for Oral Argument)(Zermay, Zachary) (Entered: 06/21/2022) |
| 06/21/2022 | 96 | |

| | | |
|---|---|---|
| | | MOTION to Change Venue / Transfer Case by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Attachments: # 1 Request for Judicial Notice, # 2 Declaration of Zachary Z. Zermay, # 3 Request for an Evidentiary Hearing and Oral Argument)(Zermay, Zachary) (Entered: 06/21/2022) |
| 06/21/2022 | 97 | MOTION to Sever Trial by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Attachments: # 1 Request for Oral Argument)(Zermay, Zachary) (Modified on 6/22/2022, to edit text) (BGR). (Entered: 06/21/2022) |
| 06/21/2022 | | USCA Case Number as to Kristopher Justinboyer Ervin. USCA Number: 22–12005–E for 93 Notice of Appeal filed by Kristopher Justinboyer Ervin. (SJW) (Entered: 06/22/2022) |
| 06/27/2022 | 98 | NOTICE of filing supplemental authority by Kristopher Justinboyer Ervin, Matthew Raymond Hoover re: 95 MOTION to Dismiss filed by Matthew Raymond Hoover (Zermay, Zachary) (Entered: 06/27/2022) |
| 06/27/2022 | 99 | JOINT ORAL MOTION to Continue Trial as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (CKS) (Entered: 06/28/2022) |
| 06/27/2022 | 100 | Minute Entry for Virtual proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 6/27/2022; granting 99 Joint Oral Motion to Continue Trial as to Kristopher Justinboyer Ervin (1), Matthew Raymond Hoover(2). Jury Trial set for the November 2022 trial term, scheduled to commence on 11/1/2022 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Court Reporter: Katharine Healey (CKS) (Entered: 06/29/2022) |
| 07/01/2022 | 101 | SUPPLEMENT re 95 MOTION TO DISMISS & to Declare Unconstitutional the National Firearms Act of 1934 by Matthew Raymond Hoover (Zermay, Zachary) Modified on 7/7/2022 to edit text (AET). (Entered: 07/01/2022) |
| 07/12/2022 | 102 | NOTICE *Regarding Expert Disclosure* by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 07/12/2022) |
| 08/01/2022 | 106 | NOTICE *REGARDING JURY SELECTION* by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Zermay, Zachary) (Entered: 08/01/2022) |
| 08/02/2022 | 107 | NOTICE *REGARDING EXPERT DISCLOSURE* by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Zermay, Zachary) (Entered: 08/02/2022) |
| 08/03/2022 | 108 | NOTICE OF HEARING as to Kristopher Justinboyer Ervin and Matthew Raymond Hoover: Motion Hearing/Status Conference set for 10/11/2022 at 10:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. Defendants are required to be present. (JW) (Entered: 08/03/2022) |
| 08/04/2022 | 110 | MOTION for Leave to File Reply to 103 Response in Opposition by Matthew Raymond Hoover. (Zermay, Zachary) Modified on 8/5/2022 to edit text (AET). (Entered: 08/04/2022) |
| 08/04/2022 | 111 | MOTION for Leave to File Reply to 105 Response in Opposition to Sever Defendant by Matthew Raymond Hoover. (Zermay, Zachary) Modified on 8/5/2022 to edit text (AET). (Entered: 08/04/2022) |

| 08/04/2022 | 112 | MOTION for Leave to File Reply to 104 Response in Opposition to Change Venue/Transfer Case by Matthew Raymond Hoover. Modified on 8/5/2022 to edit text (AET). (Entered: 08/04/2022) |
|---|---|---|
| 08/04/2022 | 113 | NOTICE of filing supplemental authority by Matthew Raymond Hoover re: 95 MOTION to Dismiss filed by Matthew Raymond Hoover (Zermay, Zachary) Modified on 8/5/2022 to edit text and to confirm with counsel page 3 is intentionally blank (AET). (Entered: 08/04/2022) |
| 08/05/2022 | 114 | NOTICE OF RESCHEDULING HEARING: The Motion Hearing/Status Conference previously scheduled for October 11, 2022, at 10:00 a.m. is rescheduled as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. New hearing date and time: Motion Hearing/Status Conference set for 10/12/2022 at 2:30 PM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. (JW) (Entered: 08/05/2022) |
| 08/23/2022 | 118 | MOTION in Limine by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 56 Notice of Disclosure of Summary Expert Testimony in compliance with Fed. R. Crim. P. 16(b)(1)(C) and 107 Notice Regarding Expert Disclosure. (Attachments: # 1 Exhibit A, video on disk filed separately, # 2 Exhibit B, # 3 Exhibit C)(AET) (Entered: 08/24/2022) |
| 08/30/2022 | 119 | JOINT UNOPPOSED MOTION to Continue trial by Kristopher Justinboyer Ervin as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (King, Alex) Modified on 9/2/2022 to edit text (AET). (Entered: 08/30/2022) |
| 08/31/2022 | 120 | THIRD SUPERSEDING INDICTMENT returned in open court as to Kristopher Justinboyer Ervin (1) count(s) 1sss, 2sss–8sss, 9sss–15sss, 16sss–18sss, Matthew Raymond Hoover (2) count(s) 1s, 2s–8s. (Attachments: # 1 Restricted Unredacted Indictment) (AET) Modified on 3/16/2023 to edit text (AET). (Entered: 08/31/2022) |
| 08/31/2022 | 123 | NOTICE OF HEARING ON 119 Joint and Unopposed Motion to Continue Trial. Motion Hearing set for September 6, 2022, at 3:00 p.m. before Judge Marcia Morales Howard. The hearing will be held via Zoom. The Courtroom Deputy Clerk will separately send participants the Zoom link. (JW) (Entered: 08/31/2022) |
| 09/01/2022 | 124 | USCA Order Dismissed as to Kristopher Justinboyer Ervin re 93 Notice of Appeal USCA number: 22–12005. Issued as mandate on 8/30/22. (SJW) (Entered: 09/01/2022) |
| 09/07/2022 | 126 | Minute Entry for Virtual proceedings held before Judge Marcia Morales Howard: MOTION hearing as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 9/7/2022; granting 119 Motion to Continue as to Kristopher Justinboyer Ervin (1), Matthew Raymond Hoover (2); denying, without prejudice, as moot 95 Defendant Hoover's Motion to Dismiss. Hoover's renewed motion to dismiss September 22, 2022. Response due October 7, 2022. Motion hearing set for December 9, 2022, at 10:00 a.m. Jury Trial set for 1/9/2023 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. See Minutes for additional deadlines. Court Reporter: Katharine Healey (JW) (Entered: 09/12/2022) |
| 09/13/2022 | 127 | NOTICE OF HEARING as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover: re: 120 Third Superseding Indictment,. Arraignment set for 9/22/2022 at 11:30 AM in Jacksonville Courtroom 5 C before Magistrate Judge Monte C. Richardson. (SHS) (Entered: 09/13/2022) |

| 09/14/2022 | 128 | UNOPPOSED MOTION for Zachary Z. Zermay; Matthew Larosiere and Defendant Matthew Hoover to appear telephonically by Matthew Raymond Hoover. (Zermay, Zachary) Motions referred to Magistrate Judge Monte C. Richardson. Modified on 9/15/2022 (AET). (Entered: 09/14/2022) |
|---|---|---|
| 09/16/2022 | 130 | NOTICE of Disclosure of Summary of Expert Testimony by Matthew Raymond Hoover as to Matthew Raymond Hoover (Zermay, Zachary) Modified on 9/19/2022 to edit text (AET). (Entered: 09/16/2022) |
| 09/22/2022 | 131 | Minute Entry for In Person proceedings held before Magistrate Judge Monte C. Richardson: ARRAIGNMENT on the Third Superseding Indictment as to Kristopher Justinboyer Ervin (1) Count 1, 1s–7s, 1ss, 1sss, 2ss–7ss, 2sss–8sss, 8s, 8ss–14ss, 9s–14s, 9sss–15sss, 15ss–17ss, 16sss–18sss, and Matthew Raymond Hoover (2) Count 1, 1s, 2–7, 2s–8s, held on 9/22/2022 Defendant(s) pled not guilty. (Digital) (SHS) (Entered: 09/22/2022) |
| 09/22/2022 | 132 | MOTION to Dismiss by Matthew Raymond Hoover as to Matthew Raymond Hoover. (Attachments: # 1 Request for Judicial Notice)(Zermay, Zachary) Modified text on 9/26/2022 (BD). (Entered: 09/22/2022) |
| 09/22/2022 | 133 | Second MOTION to Dismiss for First And Second Amendment Violations & to Declare Unconstitutional The National Firearms Act Of 1934 by Matthew Raymond Hoover as to Matthew Raymond Hoover. (Zermay, Zachary) Modified text on 9/26/2022 (BD). (Entered: 09/22/2022) |
| 09/28/2022 | 134 | MOTION to Extend Time to Filing Deadline by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 09/28/2022) |
| 09/28/2022 | 135 | **ENDORSED ORDER granting 134 Defendant Ervin's Motion for Extension of Time of Filing Deadline. Defendant Ervin shall have up to and including October 7, 2022, to file his Daubert motion. The United States shall have up to and including October 24, 2022, to file a response. Signed by Judge Marcia Morales Howard on 9/28/2022. (JW)** (Entered: 09/28/2022) |
| 09/28/2022 | 136 | MOTION in Limine *to Exclude Trial Testimony of Defendants' Proposed Expert Witnesses* by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Taylor, Laura) (Entered: 09/28/2022) |
| 10/07/2022 | 139 | Unopposed MOTION to Continue Daubert Motion Deadline by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Zermay, Zachary) (Entered: 10/07/2022) |
| 10/11/2022 | 140 | **ENDORSED ORDER granting 139 Unopposed Motion to Continue Daubert Deadline. Defendants shall have up to and including October 21, 2022, to file Daubert motions. The United States shall have up to and including November 7, 2022, to file responses. Signed by Judge Marcia Morales Howard on 10/11/2022. (JW)** (Entered: 10/11/2022) |
| 10/21/2022 | 142 | MOTION in Limine *to Exclude Trial Testimony of Government's Purported Expert Witnesses* by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 10/21/2022) |
| 10/28/2022 | 145 | **ORDER granting 143 Motion to Continue Motion in Limine Deadline. Motions in limine due 11/10/2022. Responses due 11/28/2022. Signed by Judge Marcia Morales Howard on 10/28/2022. (JCM)** (Entered: 10/28/2022) |
| 10/31/2022 | 146 | |

| | | |
|---|---|---|
| | | TRANSCRIPT of Digitally Recorded Initial Appearance and Arraignment Proceedings as to Matthew Raymond Hoover held on 02/22/2022 before Judge Monte C. Richardson. Court Reporter/Transcriber Katharine M. Healey, RMR, CRR, FPR–C, Telephone number (904) 301–6843. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 11/21/2022 Redacted Transcript Deadline set for 12/1/2022 Release of Transcript Restriction set for 1/30/2023. (KMH) (Entered: 10/31/2022) |
| 10/31/2022 | 147 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT (02/22/2022 Digitally Recorded Initial Appearance and Arraignment of Matthew Raymond Hoover). The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal as to Matthew Raymond Hoover. Court Reporter: Katharine Healey (KMH) (Entered: 10/31/2022) |
| 11/07/2022 | 149 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 142 MOTION in Limine *to Exclude Trial Testimony of Government's Purported Expert Witnesses* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Taylor, Laura) (Entered: 11/07/2022) |
| 11/10/2022 | 152 | Joint MOTION to Extend Time to Filing Deadline and Request for Status Conference by Kristopher Justinboyer Ervin as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (King, Alex) (Entered: 11/10/2022) |
| 11/10/2022 | 153 | RESPONSE to Motion re 152 Joint MOTION to Extend Time to Filing Deadline and Request for Status Conference by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 11/10/2022) |
| 11/10/2022 | 154 | **ENDORSED ORDER granting 152 Joint Emergency Motion for Extension of Time of Filing Deadline and Request for Status Conference. Motions in limine must be filed on or before November 18, 2022. A telephonic status conference is set for Thursday, November 17, 2022, at 1:00 p.m. The Courtroom Deputy Clerk will separately send participants the call–in information for the hearing. Absent a continuance of the trial, no further extensions of time will be granted. Signed by Judge Marcia Morales Howard on 11/10/2022. (JW)** (Entered: 11/10/2022) |
| 11/17/2022 | 158 | ORAL MOTION to Continue Trial by Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (JW) (Entered: 11/21/2022) |
| 11/17/2022 | 159 | Minute Entry for Telephonic proceedings held before Judge Marcia Morales Howard: STATUS Conference as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 11/17/2022; terminating 136 Government's Motion in Limine; granting 158 Oral Motion to Continue as to Kristopher Justinboyer Ervin (1), Matthew Raymond Hoover (2). A Daubert hearing will be held on February 7, 2023. The time will be set at a later date. Jury Trial set for 4/10/2023 at 09:00 AM in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. See Minutes for deadlines. The Court emphasized its expectation that the deadlines would be met and that the trial date is firm and will not change. Order Scheduling Trial to enter. Court Reporter: Katharine |

| | | Healey (JW) (Entered: 11/21/2022) |
|---|---|---|
| 12/09/2022 | 165 | NOTICE *Amended of Disclosure of Expert Testimony in Compliance with Fed. R. Crim. P. 16(b)(1)(C) Testimony* by Kristopher Justinboyer Ervin (King, Alex) (Entered: 12/09/2022) |
| 01/03/2023 | 169 | **ORDER SCHEDULING TRIAL. As previously directed, Daubert motions are due January 4, 2023, and responses are due January 18, 2023. A Daubert hearing is set for February 7, 2023, at 10:00 a.m. in Courtroom 10B. Motions in limine shall be filed by February 24, 2023, and responses are due March 10, 2023. Jury selection and trial shall commence on April 10, 2023, at 9:00 a.m. Trial documents due no later than April 3, 2023. Signed by Judge Marcia Morales Howard on 1/3/2023. (Attachments: # 1 Instructions Regarding Jury Selection, # 2 Instructions Regarding Premarking Exhibits)(JW) (Entered: 01/03/2023)** |
| 01/04/2023 | | Set/Reset Deadlines as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover: Exhibit List due by 4/10/2023. (AET) (Entered: 01/04/2023) |
| 01/04/2023 | 170 | MOTION in Limine *to Exclude Trial Testimony of Defendants' Proposed Expert Witnesses* by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Taylor, Laura) (Entered: 01/04/2023) |
| 01/18/2023 | 171 | RESPONSE to Motion re 170 MOTION in Limine *to Exclude Trial Testimony of Defendants' Proposed Expert Witnesses* by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 01/18/2023) |
| 02/01/2023 | 177 | **ORDER directing the parties to file a written proffer of each proposed expert witness's opinions by 12:00 noon on Monday, February 6, 2023. Signed by Judge Marcia Morales Howard on 2/1/2023. (JCM) (Entered: 02/01/2023)** |
| 02/03/2023 | 178 | NOTICE *of Withdrawal of Notice of Disclosure of Expert Testimony in Compliance with Fed. R. Crim. P. 16(b)(1)(C) and Request for Relief from this Court's February 1, 2023 Order* by Kristopher Justinboyer Ervin re 165 Notice (Other), 177 Order. (King, Alex) (Entered: 02/03/2023) |
| 02/06/2023 | 180 | NOTICE *of Filing Written Proffer of Testimony by Ernest Lintner in Anticipation of Trial* by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 02/06/2023) |
| 02/06/2023 | 181 | NOTICE *of Filing Written Proffer of Opinions of Cody Toy in Anticipation of Trial* by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 02/06/2023) |
| 02/06/2023 | 182 | NOTICE *of Written Proffer of Testimony by Daniel O'Kelly in Anticipation of Trial* by Kristopher Justinboyer Ervin re 177 Order. (King, Alex) (Entered: 02/06/2023) |
| 02/07/2023 | 184 | NOTICE *of Filing* by Kristopher Justinboyer Ervin as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Attachments: # 1 Exhibit A)(King, Alex) (Entered: 02/07/2023) |
| 02/07/2023 | 185 | NOTICE *of supplemental authority* by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Attachments: # 1 Attachment 1)(Mesrobian, David) (Entered: 02/07/2023) |
| 02/07/2023 | 186 | |

| | | |
|---|---|---|
| | | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: MOTION hearing as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 2/7/2023; terminating as moot 118 Government's Motion In Limine to Exclude Trial Testimony of Defendants' Proposed Expert Witness; denying without prejudice 142 Defendants' Motion In Limine to Exclude Trial Testimony of Government's Purported Expert Witnesses; denying as moot, in part, and withdrawing, in part, 170 Government's Motion In Limine to Exclude Trial Testimony of Defendants' Proposed Expert Witnesses. Proposed limiting instruction(s) due February 24, 2023. Court Reporter: Katharine Healey (JW) (Entered: 02/08/2023) |
| 02/23/2023 | 187 | JOINT EMERGENCY MOTION to Extend Time to Filing Deadline by Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (King, Alex) Modified on 2/24/2023 to edit text (AET). (Entered: 02/23/2023) |
| 02/23/2023 | 188 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 187 Emergency MOTION to Extend Time to Filing Deadline −− *Joint* (Mesrobian, David) (Entered: 02/23/2023) |
| 02/24/2023 | 189 | MOTION in Limine for Jury Instruction by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Taylor, Laura) Modified on 2/27/2023 to edit text (AET). (Entered: 02/24/2023) |
| 02/24/2023 | 190 | MOTION in Limine to exclude argument and evidence at trial that is contrary to the law by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Taylor, Laura) Modified on 2/27/2023 to edit text (AET). (Entered: 02/24/2023) |
| 02/24/2023 | 191 | **ORDER granting in part and denying in part 187 Emergency Joint Motion for Extension of Filing Deadline. Motions in Limine due no later than 1:00 p.m. on Monday, February 27, 2023. See Order for details. Signed by Judge Marcia Morales Howard on 2/24/2023. (JCM)** (Entered: 02/24/2023) |
| 02/27/2023 | 193 | FIRST MOTION in Limine by Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (King, Alex) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 02/27/2023 | 194 | SECOND MOTION in Limine by Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (King, Alex) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 02/27/2023 | 195 | THIRD MOTION in Limine by Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (King, Alex) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 02/27/2023 | 196 | FOURTH MOTION in Limine by Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Attachments: # 1 Exhibit A)(King, Alex) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 02/27/2023 | 197 | FIFTH MOTION in Limine by Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (King, Alex) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 02/27/2023 | 198 | FIRST MOTION in Limine by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Zermay, Zachary) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |

| 02/27/2023 | 199 | SECOND MOTION in Limine by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Zermay, Zachary) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 02/27/2023 | 200 | THIRD MOTION in Limine by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Zermay, Zachary) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 02/27/2023 | 201 | FOURTH MOTION in Limine by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Zermay, Zachary) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 02/27/2023 | 202 | FIFTH MOTION in Limine by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Zermay, Zachary) Modified on 2/28/2023 to edit text (AET). (Entered: 02/27/2023) |
| 03/06/2023 | 204 | FOURTH SUPERSEDING INDICTMENT returned in open court as to Kristopher Justinboyer Ervin (1) count(s) 1ssss, 2ssss–8ssss, 9ssss, 10ssss–12ssss, Matthew Raymond Hoover (2) count(s) 1ss, 2ss–8ss. (Attachments: # 1 Restricted Unredacted Indictment) (BD) Modified on 3/16/2023 to edit text (AET). (Entered: 03/06/2023) |
| 03/08/2023 | 205 | NOTICE OF HEARING as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover: re: 204 Fourth Superseding Indictment. Arraignment set for 3/14/2023 at 11:00 AM in Jacksonville Courtroom 5 C before Magistrate Judge Monte C. Richardson. (SHS) (Entered: 03/08/2023) |
| 03/10/2023 | 207 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 198 FIRST MOTION in Limine , 193 FIRST MOTION in Limine (Taylor, Laura) (Entered: 03/10/2023) |
| 03/10/2023 | 208 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 199 SECOND MOTION in Limine , 194 SECOND MOTION in Limine (Taylor, Laura) (Entered: 03/10/2023) |
| 03/10/2023 | 209 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 200 THIRD MOTION in Limine , 195 THIRD MOTION in Limine (Taylor, Laura) (Entered: 03/10/2023) |
| 03/10/2023 | 210 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 201 FOURTH MOTION in Limine , 196 FOURTH MOTION in Limine (Taylor, Laura) (Entered: 03/10/2023) |
| 03/10/2023 | 211 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 197 FIFTH MOTION in Limine , 202 FIFTH MOTION in Limine (Taylor, Laura) (Entered: 03/10/2023) |
| 03/10/2023 | 212 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 203 SIXTH MOTION in Limine (Taylor, Laura) (Entered: 03/10/2023) |
| 03/10/2023 | 213 | RESPONSE 189 MOTION in Limine for Jury Instruction by Kristopher Justinboyer Ervin (King, Alex) (Entered: 03/10/2023) |
| 03/10/2023 | 214 | RESPONSE 190 MOTION in Limine to exclude argument and evidence at trial that is contrary to the law by Kristopher Justinboyer Ervin (King, Alex) (Entered: 03/10/2023) |

| 03/14/2023 | 217 | Minute Entry for In Person proceedings held before Magistrate Judge Monte C. Richardson: ARRAIGNMENT on the Fourth Superseding Indictment as to Kristopher Justinboyer Ervin (1) Counts 1ssss through 12ssss and Matthew Raymond Hoover (2) Counts 1ss through 8ss, held on 3/14/2023 Defendant(s) pled not guilty. (Digital) (SHS) Modified on 3/16/2023 to edit text (AET). (Entered: 03/15/2023) |
|---|---|---|
| 03/20/2023 | 218 | TRANSCRIPT of Motion Hearing as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 02/07/2023 before Judge Marcia Morales Howard. Court Reporter: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 4/10/2023. Redacted Transcript Deadline set for 4/20/2023. Release of Transcript Restriction set for 6/20/2023. (KMH) (Entered: 03/20/2023) |
| 03/22/2023 | 219 | TRIAL BRIEF by USA as to Kristopher Justinboyer Ervin (Tran, Mai) (Entered: 03/22/2023) |
| 03/30/2023 | 222 | Unopposed MOTION to Allow Electronic Equipment, specifically cell phone and laptop by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 03/30/2023) |
| 03/30/2023 | 223 | **ORDER granting in part and denying in part 189 Government's Motion in Limine for Jury Instruction; granting in part and denying in part 190 Government's Motion in Limine to Exclude Argument and Evidence; denying 193 Defendants' First Motion in Limine; denying 194 Defendants' Second Motion in Limine; denying 195 Defendants' Third Motion in Limine; denying 196 Defendants' Fourth Motion in Limine; denying 197 Defendants' Fifth Motion in Limine; denying 198 Defendants' First Motion in Limine; denying 199 Defendants' Second Motion in Limine; denying 200 Defendants' Third Motion in Limine; denying 201 Defendants' Fourth Motion in Limine; denying 202 Defendants' Fifth Motion in Limine; denying 203 Defendant Hoover's Sixth Motion in Limine. Signed by Judge Marcia Morales Howard on 3/30/2023. (JCM)** (Entered: 03/30/2023) |
| 03/31/2023 | 224 | **ORDER granting 222 Motion to Allow Electronic Equipment as to Kristopher Justinboyer Ervin (1). Signed by Judge Marcia Morales Howard on 3/31/2023. (JW)** (Entered: 03/31/2023) |
| 04/03/2023 | 225 | Proposed Jury Instructions by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 04/03/2023) |
| 04/03/2023 | 226 | STATEMENT of the case for trial by USA. (Taylor, Laura) (Entered: 04/03/2023) |
| 04/03/2023 | 227 | PROPOSED verdict form filed by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 04/03/2023) |
| 04/03/2023 | 228 | PROPOSED Voir Dire by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 04/03/2023) |

| 04/03/2023 | 229 | PROPOSED Voir Dire by Kristopher Justinboyer Ervin (King, Alex) (Entered: 04/03/2023) |
| 04/03/2023 | 230 | STATEMENT of the case for trial (King, Alex) (Entered: 04/03/2023) |
| 04/03/2023 | 231 | PROPOSED verdict form filed by Kristopher Justinboyer Ervin (King, Alex) (Entered: 04/03/2023) |
| 04/03/2023 | 232 | Proposed Jury Instructions by Kristopher Justinboyer Ervin (King, Alex) (Entered: 04/03/2023) |
| 04/08/2023 | 240 | WITNESS LIST by Kristopher Justinboyer Ervin. (King, Alex) Modified on 4/10/2023 to edit text (AET). (Entered: 04/08/2023) |
| 04/10/2023 | 241 | EXHIBIT LIST by Kristopher Justinboyer Ervin (King, Alex) Modified on 4/11/2023 See Docket Entry 245 for corrected Exhibit List (AET). (Entered: 04/10/2023) |
| 04/10/2023 | 242 | WITNESS LIST by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 04/10/2023) |
| 04/10/2023 | 243 | EXHIBIT LIST by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 04/10/2023) |
| 04/10/2023 | 244 | EXHIBIT LIST by Matthew Raymond Hoover as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Zermay, Zachary) (Entered: 04/10/2023) |
| 04/10/2023 | 245 | EXHIBIT LIST by Kristopher Justinboyer Ervin (King, Alex) (Entered: 04/10/2023) |
| 04/10/2023 | 246 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY SELECTION AND TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/10/2023. Court Reporter: Katharine Healey (JW) (Entered: 04/11/2023) |
| 04/11/2023 | 247 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/11/2023. Court Reporter: Katharine Healey (JW) (Entered: 04/12/2023) |
| 04/12/2023 | 248 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/12/2023. Court Reporter: Katharine Healey (JW) (Entered: 04/13/2023) |
| 04/13/2023 | 249 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/13/2023. Court Reporter: Shelli Kozachenko (JW) (Entered: 04/14/2023) |
| 04/14/2023 | 251 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/14/2023. Court Reporter: Katharine Healey (JW) (Entered: 04/17/2023) |
| 04/17/2023 | 250 | REQUEST for Judicial Notice by Kristopher Justinboyer Ervin (Attachments: # 1 Exhibit A)(King, Alex) Modified on 4/18/2023 to edit text (AET). (Entered: 04/17/2023) |
| 04/17/2023 | 252 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/17/2023. Court Reporter: Katharine Healey (JW) (Entered: 04/18/2023) |
| 04/18/2023 | 253 | |

| | | |
|---|---|---|
| | | SUPPLEMENT re 225 Proposed Jury Instructions by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 04/18/2023) |
| 04/19/2023 | 254 | COURT'S FINAL JURY INSTRUCTIONS as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (JW) (Entered: 04/19/2023) |
| 04/19/2023 | 256 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/19/2023. Court Reporter: Katharine Healey (JW) (Entered: 04/21/2023) |
| 04/20/2023 | 255 | **PARTIAL SEQUESTRATION ORDER. Signed by Judge Marcia Morales Howard on 4/20/2023. (JW)** (Entered: 04/20/2023) |
| 04/20/2023 | 257 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/20/2023. Court Reporter: Katharine Healey (JW) (Entered: 04/24/2023) |
| 04/21/2023 | 258 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: JURY TRIAL as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/21/2023. Court Reporter: Katharine Healey (Attachments: # 1 Government's Exhibit 1 Regarding Remand, # 2 Government's Exhibit 2 Regarding Remand) (JW) (Entered: 04/24/2023) |
| 04/21/2023 | 259 | EXHIBIT LIST by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (FILED IN OPEN COURT). (JW) (Additional attachment(s) added on 4/26/2023: # 1 Exhibit 1, # 2 Exhibit 1A, # 3 Exhibit 2, # 4 Exhibit 2A, # 5 Exhibit 3, # 6 Exhibit 3A, # 7 Exhibit 4, # 8 Exhibit 4A, # 9 Exhibit 5, # 10 Exhibit 5A, # 11 Exhibit 6, # 12 Exhibit 6A, # 13 Exhibit 7, # 14 Exhibit 7A, # 15 Exhibit 8, # 16 Exhibit 8A, # 17 Exhibit 9, # 18 Exhibit 9A, # 19 Exhibit 10, # 20 Exhibit 10A, # 21 Exhibit 11, # 22 Exhibit 11A, # 23 Exhibit 12, # 24 Exhibit 12A, # 25 Exhibit 14, # 26 Exhibit 14A, # 27 Exhibit 15, # 28 Exhibit 15A, # 29 Exhibit 16, # 30 Exhibit 16A, # 31 Exhibit 17.1, # 32 Exhibit 17.1A, # 33 Exhibit 17.2, # 34 Exhibit 17.2A, # 35 Exhibit 17.3, # 36 Exhibit 17.3A, # 37 Exhibit 18, # 38 Exhibit 19, # 39 Exhibit 20, # 40 Exhibit 20A, # 41 Exhibit 21, # 42 Exhibit 22, # 43 Exhibit 23, # 44 Exhibit 24, # 45 Exhibit 25, # 46 Exhibit 25A, # 47 Exhibit 25B, # 48 Exhibit 26) (JW). (Additional attachment(s) added on 4/26/2023: # 49 Exhibit 27A, # 50 Exhibit 27B, # 51 Exhibit 28, # 52 Exhibit 29, # 53 Exhibit 30, # 54 Exhibit 30A, # 55 Exhibit 30B, # 56 Exhibit 30C, # 57 Exhibit 30D, # 58 Exhibit 30E, # 59 Exhibit 30F, # 60 Exhibit 30G, # 61 Exhibit 30H, # 62 Exhibit 30I, # 63 Exhibit 30J, # 64 Exhibit 30K, # 65 Exhibit 30L, # 66 Exhibit 30M, # 67 Exhibit 30N, # 68 Exhibit 30O, # 69 Exhibit 30P, # 70 Exhibit 30Q, # 71 Exhibit 30R, # 72 Exhibit 30S, # 73 Exhibit 30T, # 74 Exhibit 30U, # 75 Exhibit 30V, # 76 Exhibit 31, # 77 Exhibit 32) (JW). (Additional attachment(s) added on 4/26/2023: # 78 Exhibit 33, # 79 Exhibit 33A, # 80 Exhibit 33B, # 81 Exhibit 33C, # 82 Exhibit 33D, # 83 Exhibit 33E, # 84 Exhibit 33F, # 85 Exhibit 33G, # 86 Exhibit 33H, # 87 Exhibit 33I, # 88 Exhibit 33J, # 89 Exhibit 33K, # 90 Exhibit 33L, # 91 Exhibit 33M, # 92 Exhibit 33N, # 93 Exhibit 33O, # 94 Exhibit 33P, # 95 Exhibit 33Q, # 96 Exhibit 33R, # 97 Exhibit 33S, # 98 Exhibit 33T, # 99 Exhibit 33U, # 100 Exhibit 33V, # 101 Exhibit 33W, # 102 Exhibit 33X, # 103 Exhibit 33Y, # 104 Exhibit 33Z, # 105 Exhibit 34, # 106 Exhibit 35, # 107 Exhibit 36, # 108 Exhibit 37, # 109 Exhibit 38, # 110 Exhibit 39, # 111 Exhibit 40, # 112 Exhibit 41, # 113 Exhibit 42, # 114 Exhibit 43, # 115 Exhibit 44, # 116 Exhibit 45, # 117 Exhibit 46, # 118 Exhibit 47, # 119 Exhibit 48, # 120 Exhibit 49) (JW). (Additional attachment(s) added on 4/26/2023: # 121 Exhibit 49A, # 122 Exhibit 49B, # 123 Exhibit 49C, # 124 Exhibit 49D, # 125 Exhibit 49E, # 126 Exhibit 49F, # |

<u>127</u> Exhibit 49G, # <u>128</u> Exhibit 49H, # <u>129</u> Exhibit 49I, # <u>130</u> Exhibit 49J, # <u>131</u> Exhibit 49K, # <u>132</u> Exhibit 49L, # <u>133</u> Exhibit 49M, # <u>134</u> Exhibit 49N, # <u>135</u> Exhibit 49O, # <u>136</u> Exhibit 49P, # <u>137</u> Exhibit 49Q, # <u>138</u> Exhibit 50A, # <u>139</u> Exhibit 50B, # <u>140</u> Exhibit 50C, # <u>141</u> Exhibit 50D, # <u>142</u> Exhibit 50E, # <u>143</u> Exhibit 50F, # <u>144</u> Exhibit 50G, # <u>145</u> Exhibit 50H, # <u>146</u> Exhibit 50I, # <u>147</u> Exhibit 50J, # <u>148</u> Exhibit 50K, # <u>149</u> Exhibit 50L, # <u>150</u> Exhibit 50M, # <u>151</u> Exhibit 50N, # <u>152</u> Exhibit 50O, # <u>153</u> Exhibit 50P, # <u>154</u> Exhibit 51, # <u>155</u> Exhibit 52, # <u>156</u> Exhibit 53, # <u>157</u> Exhibit 54, # <u>158</u> Exhibit 55, # <u>159</u> Exhibit 56) (JW). (Additional attachment(s) added on 4/26/2023: # <u>160</u> Exhibit 57A, # <u>161</u> Exhibit 57B, # <u>162</u> Exhibit 57C, # <u>163</u> Exhibit 58A, # <u>164</u> Exhibit 58B, # <u>165</u> Exhibit 58C, # <u>166</u> Exhibit 58D, # <u>167</u> Exhibit 59, # <u>168</u> Exhibit 60, # <u>169</u> Exhibit 61, # <u>170</u> Exhibit 63, # <u>171</u> Exhibit 64, # <u>172</u> Exhibit 65, # <u>173</u> Exhibit 66, # <u>174</u> Exhibit 67, # <u>175</u> Exhibit 67A, # <u>176</u> Exhibit 67B, # <u>177</u> Exhibit 67C, # <u>178</u> Exhibit 67D, # <u>179</u> Exhibit 67E, # <u>180</u> Exhibit 67F, # <u>181</u> Exhibit 67G, # <u>182</u> Exhibit 67H, # <u>183</u> Exhibit 67I, # <u>184</u> Exhibit 67J, # <u>185</u> Exhibit 67K, # <u>186</u> Exhibit 67L, # <u>187</u> Exhibit 67M, # <u>188</u> Exhibit 67N, # <u>189</u> Exhibit 67O, # <u>190</u> Exhibit 67P, # <u>191</u> Exhibit 67Q, # <u>192</u> Exhibit 67R, # <u>193</u> Exhibit 67S, # <u>194</u> Exhibit 67T, # <u>195</u> Exhibit 67U, # <u>196</u> Exhibit 67V, # <u>197</u> Exhibit 67W, # <u>198</u> Exhibit 67X, # <u>199</u> Exhibit 67Y, # <u>200</u> Exhibit 67Z) (JW). (Additional attachment(s) added on 4/26/2023: # <u>201</u> Exhibit 67AA, # <u>202</u> Exhibit 67BB, # <u>203</u> Exhibit 67CC, # <u>204</u> Exhibit 67DD, # <u>205</u> Exhibit 67EE, # <u>206</u> Exhibit 67FF, # <u>207</u> Exhibit 67GG, # <u>208</u> Exhibit 67HH, # <u>209</u> Exhibit 67II, # <u>210</u> Exhibit 67JJ, # <u>211</u> Exhibit 67KK, # <u>212</u> Exhibit 67LL, # <u>213</u> Exhibit 67MM, # <u>214</u> Exhibit 67NN, # <u>215</u> Exhibit 67OO, # <u>216</u> Exhibit 67PP, # <u>217</u> Exhibit 67QQ, # <u>218</u> Exhibit 67RR, # <u>219</u> Exhibit 67SS, # <u>220</u> Exhibit 67TT, # <u>221</u> Exhibit 67UU, # <u>222</u> Exhibit 67VV, # <u>223</u> Exhibit 67WW, # <u>224</u> Exhibit 67XX, # <u>225</u> Exhibit 67YY, # <u>226</u> Exhibit 67ZZ, # <u>227</u> Exhibit 67AAA, # <u>228</u> Exhibit 67BBB, # <u>229</u> Exhibit 67CCC, # <u>230</u> Exhibit 68, # <u>231</u> Exhibit 69, # <u>232</u> Exhibit 70, # <u>233</u> Exhibit 71, # <u>234</u> Exhibit 72, # <u>235</u> Exhibit 73, # <u>236</u> Exhibit 74, # <u>237</u> Exhibit 75, # <u>238</u> Exhibit 76, # <u>239</u> Exhibit 77, # <u>240</u> Exhibit 78, # <u>241</u> Exhibit 79, # <u>242</u> Exhibit 80, # <u>243</u> Exhibit 81, # <u>244</u> Exhibit 82, # <u>245</u> Exhibit 83, # <u>246</u> Exhibit 84, # <u>247</u> Exhibit 85, # <u>248</u> Exhibit 86, # <u>249</u> Exhibit 87, # <u>250</u> Exhibit 88, # <u>251</u> Exhibit 89) (JW). (Additional attachment(s) added on 4/26/2023: # <u>252</u> Exhibit 89A, # <u>253</u> Exhibit 89B, # <u>254</u> Exhibit 89C, # <u>255</u> Exhibit 89D, # <u>256</u> Exhibit 89E, # <u>257</u> Exhibit 89F, # <u>258</u> Exhibit 89G, # <u>259</u> Exhibit 89H, # <u>260</u> Exhibit 89I, # <u>261</u> Exhibit 90, # <u>262</u> Exhibit 90A, # <u>263</u> Exhibit 90B, # <u>264</u> Exhibit 90C, # <u>265</u> Exhibit 90D, # <u>266</u> Exhibit 90E, # <u>267</u> Exhibit 90F, # <u>268</u> Exhibit 90G, # <u>269</u> Exhibit 90H, # <u>270</u> Exhibit 91) (JW). (Additional attachment(s) added on 4/26/2023: # <u>271</u> Exhibit 91A, # <u>272</u> Exhibit 91B, # <u>273</u> Exhibit 91C, # <u>274</u> Exhibit 91D, # <u>275</u> Exhibit 91E, # <u>276</u> Exhibit 91F, # <u>277</u> Exhibit 91G, # <u>278</u> Exhibit 91H, # <u>279</u> Exhibit 91I, # <u>280</u> Exhibit 91J, # <u>281</u> Exhibit 91K, # <u>282</u> Exhibit 91L, # <u>283</u> Exhibit 91M, # <u>284</u> Exhibit 91N, # <u>285</u> Exhibit 92, # <u>286</u> Exhibit 92A, # <u>287</u> Exhibit 92B, # <u>288</u> Exhibit 92C, # <u>289</u> Exhibit 92D, # <u>290</u> Exhibit 92E, # <u>291</u> Exhibit 92F, # <u>292</u> Exhibit 92G, # <u>293</u> Exhibit 92H, # <u>294</u> Exhibit 92I, # <u>295</u> Exhibit 92J, # <u>296</u> Exhibit 92K, # <u>297</u> Exhibit 93, # <u>298</u> Exhibit 94, # <u>299</u> Exhibit 95, # <u>300</u> Exhibit 95A, # <u>301</u> Exhibit 95B, # <u>302</u> Exhibit 95C, # <u>303</u> Exhibit 95D, # <u>304</u> Exhibit 95E) (JW). (Additional attachment(s) added on 4/26/2023: # <u>305</u> Exhibit 96, # <u>306</u> Exhibit 97, # <u>307</u> Exhibit 97A, # <u>308</u> Exhibit 97B, # <u>309</u> Exhibit 97C, # <u>310</u> Exhibit 97D, # <u>311</u> Exhibit 98, # <u>312</u> Exhibit 98A, # <u>313</u> Exhibit 98B, # <u>314</u> Exhibit 98C, # <u>315</u> Exhibit 98D, # <u>316</u> Exhibit 98E, # <u>317</u> Exhibit 99, # <u>318</u> Exhibit 99A, # <u>319</u> Exhibit 99B, # <u>320</u> Exhibit 99C, # <u>321</u> Exhibit 99D, # <u>322</u> Exhibit 100, # <u>323</u> Exhibit 101, # <u>324</u> Exhibit 101A) (JW). (Additional attachment(s) added on 4/26/2023: # <u>325</u> Exhibit 102, # <u>326</u> Exhibit 103, # <u>327</u> Exhibit 103A, # <u>328</u> Exhibit 104, # <u>329</u> Exhibit 105, # <u>330</u> Exhibit 105A, # <u>331</u>

| | | |
|---|---|---|
| | | Exhibit 108, # <u>332</u> Exhibit 109A, # <u>333</u> Exhibit 109B, # <u>334</u> Exhibit 109C, # <u>335</u> Exhibit 109D, # <u>336</u> Exhibit 110) (JW). (Additional attachment(s) added on 4/27/2023: # <u>337</u> Exhibit 111, # <u>338</u> Exhibit 112, # <u>339</u> Exhibit 114, # <u>340</u> Exhibit 115, # <u>341</u> Exhibit 116A, # <u>342</u> Exhibit 116B, # <u>343</u> Exhibit 116C, # <u>344</u> Exhibit 116D, # <u>345</u> Exhibit 117, # <u>346</u> Exhibit 118, # <u>347</u> Exhibit 119, # <u>348</u> Exhibit 120, # <u>349</u> Exhibit 120A, # <u>350</u> Exhibit 120B, # <u>351</u> Exhibit 120C, # <u>352</u> Exhibit 120D, # <u>353</u> Exhibit 123, # <u>354</u> Exhibit 124, # <u>355</u> Exhibit 124.1, # <u>356</u> Exhibit 124.1A, # <u>357</u> Exhibit 124.2, # <u>358</u> Exhibit 124.3, # <u>359</u> Exhibit 124.3A, # <u>360</u> Exhibit 125, # <u>361</u> Exhibit 125A, # <u>362</u> Exhibit 126) (JW). (Entered: 04/24/2023) |
| 04/21/2023 | <u>260</u> | EXHIBIT LIST by Kristopher Justinboyer Ervin (FILED IN OPEN COURT). (Attachments: # <u>1</u> Defendant Ervin's Exhibit 8, # <u>2</u> Defendant Ervin's Exhibit 26)(JW) (Entered: 04/24/2023) |
| 04/21/2023 | <u>261</u> | Court's Proposed Jury Instructions as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (FILED IN OPEN COURT). (JW) (Entered: 04/24/2023) |
| 04/21/2023 | <u>262</u> | Court's Revised Proposed Jury Instructions as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (FILED IN OPEN COURT). (JW) (Entered: 04/24/2023) |
| 04/21/2023 | <u>263</u> | JURY VERDICT as to Kristopher Justinboyer Ervin (FILED IN OPEN COURT). (Attachments: # <u>1</u> Restricted Unredacted Jury Verdict)(JW) (Entered: 04/24/2023) |
| 04/21/2023 | <u>266</u> | Court Exhibits as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (JW) (Entered: 04/24/2023) |
| 04/24/2023 | 267 | NOTICE OF HEARING as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover: Sentencing set for July 31, 2023, at 9:30 a.m. in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. (JW) (Entered: 04/24/2023) |
| 04/27/2023 | | Remark: The flash drives containing the closing argument PowerPoint presentations by all counsel are stored with the exhibits in the trial exhibit storage room in the Clerk's Office. (JW) (Entered: 04/27/2023) |
| 05/03/2023 | <u>270</u> | Unopposed MOTION to Continue Deadline to File Motion for Judgment of Acquittal by Kristopher Justinboyer Ervin. (King, Alex) (Entered: 05/03/2023) |
| 05/04/2023 | <u>271</u> | **ORDER granting <u>270</u> Unopposed Motion to Continue Deadline to File Motion for Judgment of Acquittal. Motion due May 19, 2023. Signed by Judge Marcia Morales Howard on 5/4/2023. (JW)** (Entered: 05/04/2023) |
| 05/05/2023 | <u>272</u> | TRANSCRIPT of Excerpt of Jury Trial Proceedings (remand arguments as to Hoover) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 04/21/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR−C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301−6843.<br><br>NOTICE TO THE PARTIES − The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 5/26/2023. Redacted Transcript Deadline set for 6/5/2023. Release of Transcript Restriction set for |

| | | |
|---|---|---|
| | | 8/3/2023. (KMH) (Entered: 05/05/2023) |
| 05/19/2023 | 273 | POST–VERDICT MOTION for Judgment of Acquittal by Kristopher Justinboyer Ervin. (King, Alex) (Modified on 5/22/2023, to edit text) (BGR). (Entered: 05/19/2023) |
| 05/19/2023 | 274 | MOTION for Judgment of Acquittal by Matthew Raymond Hoover. (Zermay, Zachary) (Modified on 5/22/2023, to edit text) (BGR). (Entered: 05/19/2023) |
| 05/25/2023 | 275 | MOTION to Extend Time to Respond to Defendants' Motions for Judgment of Acquittal by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Taylor, Laura) (Entered: 05/25/2023) |
| 05/26/2023 | 276 | **ENDORSED ORDER granting 275 Motion to Extend Time to Respond to Defendants' Motions for Judgment of Acquittal. The United States shall have up to and including June 16, 2023, to file its responses to Defendants' Motions for Judgment of Acquittal. Signed by Judge Marcia Morales Howard on 5/26/2023. (JW)** (Entered: 05/26/2023) |
| 06/06/2023 | 277 | TRANSCRIPT of Jury Selection and Trial (Volume 1 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 04/10/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843. <br><br> NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/27/2023. Redacted Transcript Deadline set for 7/7/2023. Release of Transcript Restriction set for 9/5/2023. (KMH) (Entered: 06/06/2023) |
| 06/06/2023 | 278 | TRANSCRIPT of Jury Trial (Volume 2 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 04/11/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843. <br><br> NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/27/2023. Redacted Transcript Deadline set for 7/7/2023. Release of Transcript Restriction set for 9/5/2023. (KMH) (Modified on 6/6/2023, to edit text) (BGR). (Entered: 06/06/2023) |
| 06/06/2023 | 279 | TRANSCRIPT of Jury Trial (Volume 3 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/12/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843. |

| | | |
|---|---|---|
| | | NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/27/2023. Redacted Transcript Deadline set for 7/7/2023. Release of Transcript Restriction set for 9/5/2023. (KMH) (Modified on 6/6/2023, to edit text) (BGR). (Entered: 06/06/2023) |
| 06/06/2023 | 280 | TRANSCRIPT of Jury Trial (Volume 4 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/13/23 before Judge Howard. Court Reporter/Transcriber: Shelli Kozachenko. Email address: shellikoz@gmail.com. Telephone number: 904.301.6842. <br><br> NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/27/2023. Redacted Transcript Deadline set for 7/7/2023. Release of Transcript Restriction set for 9/5/2023. (SMK) (Entered: 06/06/2023) |
| 06/07/2023 | 281 | TRANSCRIPT of Jury Trial (Volume 5 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/14/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843. <br><br> NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/28/2023. Redacted Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/5/2023. (KMH) (Entered: 06/07/2023) |
| 06/07/2023 | 282 | TRANSCRIPT of Jury Trial (Volume 6 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/17/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843. <br><br> NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/28/2023. Redacted |

| | | Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/5/2023. (KMH) (Entered: 06/07/2023) |
|---|---|---|
| 06/07/2023 | 283 | TRANSCRIPT of Jury Trial (Volume 7 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/19/23 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: 9043016843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/28/2023. Redacted Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/5/2023. (KMH) (Entered: 06/07/2023) |
| 06/07/2023 | 284 | TRANSCRIPT of Jury Trial (Volume 8 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/20/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/28/2023. Redacted Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/5/2023. (KMH) (Entered: 06/07/2023) |
| 06/07/2023 | 285 | TRANSCRIPT of Jury Trial (Volume 9 of 9) as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 4/21/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/28/2023. Redacted Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/5/2023. (KMH) (Entered: 06/07/2023) |
| 06/12/2023 | 286 | MOTION to Continue Sentencing Hearing by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Taylor, Laura) (Entered: 06/12/2023) |
| 06/13/2023 | 287 | MOTION for Forfeiture of a Preliminary Order for Involved–In Property and Substitute Assets by USA as to Kristopher Justinboyer Ervin. (Tran, Mai) (Entered: |

| | | 06/13/2023) |
|---|---|---|
| 06/13/2023 | 288 | **ENDORSED ORDER as to Kristopher Justinboyer Ervin and Matthew Raymond Hoover regarding 286 United States' Motion to Continue Sentencing Hearing. Defendants shall have up to and including June 20, 2023, to file responses to this motion. Signed by Judge Marcia Morales Howard on 6/13/2023. (JW)** (Entered: 06/13/2023) |
| 06/16/2023 | 289 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover re 274 MOTION for Judgment of Acquittal (Taylor, Laura) (Entered: 06/16/2023) |
| 06/16/2023 | 290 | RESPONSE in Opposition by USA as to Kristopher Justinboyer Ervin re 273 MOTION for Judgment of Acquittal (Taylor, Laura) (Modified on 6/20/2023, to edit text) (BGR). (Entered: 06/16/2023) |
| 06/20/2023 | 291 | RESPONSE 286 MOTION to Continue Sentencing Hearing by Kristopher Justinboyer Ervin as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (King, Alex) (Entered: 06/20/2023) |
| 06/21/2023 | 293 | **ORDER granting 286 Motion to Continue as to Kristopher Justinboyer Ervin (1), Matthew Raymond Hoover (2). Sentencing hearing continued to September 6, 2023, at 9:30 a.m. Signed by Judge Marcia Morales Howard on 6/21/2023. (JW)** (Entered: 06/21/2023) |
| 08/07/2023 | 296 | MOTION for Miscellaneous Relief, specifically Order Prohibiting Dissemination of Presentence Investigation Report by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Taylor, Laura) (Entered: 08/07/2023) |
| 08/08/2023 | 297 | **ORDER taking under advisement 296 United States' Motion for Order Prohibiting Dissemination of Presentence Investigation Report. An IN PERSON hearing on the motion is set for Friday, August 11, 2023, at 2:00 p.m. in Courtroom 10B. Defendants and all counsel of record are required to be present. Signed by Judge Marcia Morales Howard on 8/8/2023. (JW)** (Entered: 08/08/2023) |
| 08/09/2023 | 298 | NOTICE OF RESCHEDULING HEARING (AS TO TIME ONLY): The Motion Hearing previously scheduled for August 11, 2023, at 2:00 p.m. is rescheduled as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. New hearing time: Motion Hearing set for August 11, 2023, at 1:30 p.m. in Jacksonville Courtroom 10 B before Judge Marcia Morales Howard. (JW) (Entered: 08/09/2023) |
| 08/09/2023 | 299 | JOHN CRUMP'S EMERGENCY MOTION to Intervene for the Limited Purpose of Responding to the United States' Motion for Order Prohibiting Dissemination of Presentence Investigation Report as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (MDC) (Entered: 08/09/2023) |
| 08/09/2023 | 300 | First MOTION for Stephen D. Stamboulieh to appear pro hac vice, Special Admission fee paid, Receipt No. FLMDC–21130611 for $150 by John Crump as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Phillips, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 08/09/2023) |
| 08/09/2023 | 301 | First MOTION for Robert J. Olson to appear pro hac vice, Special Admission fee paid, Receipt No. FLMDC–21130715 for $150 by John Crump as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Phillips, James) Motions referred to Magistrate Judge Monte C. Richardson. (Entered: 08/09/2023) |

| 08/09/2023 | 302 | SUPPLEMENT to 296 Motion for Order Prohibiting Dissemination of Presentence Investigation Report by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (Attachments: # 1 Exhibits not scanned, filed separately)(MDC) (Entered: 08/09/2023) |
|---|---|---|
| 08/10/2023 | 303 | **ENDORSED ORDER granting 300 Motion for Special Admission by Stephen D. Stamboulieh, Esq. If Mr. Stamboulieh has not already done so, he shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Monte C. Richardson on 8/9/2023. (SHS)** Modified on 8/10/2023 (SHS). (Entered: 08/10/2023) |
| 08/10/2023 | 304 | **ENDORSED ORDER granting 301 Motion for Special Admission by Robert J. Olson, Esq. If Mr. Olson has not already done so, he shall immediately register for a login and password for electronic filing at the Court's website at www.flmd.uscourts.gov. Signed by Magistrate Judge Monte C. Richardson on 8/9/2023. (SHS)** (Entered: 08/10/2023) |
| 08/10/2023 | 305 | **ENDORSED ORDER taking under advisement 299 John Crump's Emergency Motion to Intervene. The Court intends to resolve the Motion at the August 11, 2023 Hearing. Signed by Judge Marcia Morales Howard on 8/10/2023. (MHM)** (Entered: 08/10/2023) |
| 08/10/2023 | 306 | MOTION for Leave to File Amicus Curiae Brief and Brief Amicus Curiae of Eric Blandford, et al. in Support of 299 Emergency Motion by Eric J. Friday as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover. (BGR) (Entered: 08/11/2023) |
| 08/11/2023 | 307 | **ORDER permitting members of the press to enter the courthouse with laptop computers, tablets, and/or cell phones to attend the hearing set for today, August 11, 2023, at 1:30 p.m. Signed by Judge Marcia Morales Howard on 8/11/2023. (JW)** (Entered: 08/11/2023) |
| 08/11/2023 | 308 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: MOTION hearing as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 8/11/2023; denying as moot 299 John Crump's Emergency Motion to Intervene; denying as moot 306 Motion for Leave to File Amicus Curiae Brief; withdrawing, in part, and denying, in part, 296 United States' Motion for Order Prohibiting Dissemination of Presentence Investigation Report. Court Reporter: Katharine Healey (JW) (Entered: 08/14/2023) |
| 08/14/2023 | 309 | TRANSCRIPT of Motion as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover held on 08/11/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 9/5/2023. Redacted Transcript Deadline set for 9/14/2023. Release of Transcript Restriction set for |

| | | |
|---|---|---|
| | | 11/13/2023. (KMH) (Entered: 08/14/2023) |
| 08/23/2023 | 310 | **ORDER denying 273 Ervin's Motion for Judgment of Acquittal; denying 274 Hoover's Motion for Judgment of Acquittal. Signed by Judge Marcia Morales Howard on 8/23/2023. (JCM)** (Entered: 08/23/2023) |
| 08/30/2023 | 313 | SENTENCING MEMORANDUM by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 08/30/2023) |
| 08/31/2023 | 316 | **PRELIMINARY ORDER OF FORFEITURE (granting 287 Motion for Forfeiture of Property as to Kristopher Justinboyer Ervin (1)). Signed by Judge Marcia Morales Howard on 8/31/2023. (JW)** (Entered: 08/31/2023) |
| 09/01/2023 | 319 | SENTENCING MEMORANDUM by Kristopher Justinboyer Ervin as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Attachments: # 1 Exhibit A, # 2 Exhibit B)(King, Alex) (Entered: 09/01/2023) |
| 09/02/2023 | 320 | SENTENCING MEMORANDUM by USA as to Kristopher Justinboyer Ervin, Matthew Raymond Hoover (Taylor, Laura) (Entered: 09/02/2023) |
| 09/06/2023 | 321 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: SENTENCING held on 9/6/2023. The Court heard argument from counsel regarding the objections to the Presentence Investigation Report, resolved the objections, and announced the guidelines on the record. The parties made their presentations, and the Court heard from Defendants and their mitigation witnesses. The Court will pronounce sentence on September 7, 2023, at 11:30 a.m. Court Reporter: Katharine Healey (JW) (Entered: 09/08/2023) |
| 09/07/2023 | 323 | Minute Entry for In Person proceedings held before Judge Marcia Morales Howard: SENTENCING held on 9/7/2023 for Kristopher Justinboyer Ervin (1), Counts 1, 15ss−17ss, 16sss−18sss, 1s−7s, 1ss, 1sss, 2ss−7ss, 2sss−8sss, 8s, 8ss−14ss, 9s−14s, 9sss−15sss, Dismissed on Government's Motion; Counts 1ssss, 2ssss−8ssss, 9ssss, 10ssss−12ssss, Imprisonment: SIXTY−EIGHT (68) MONTHS, consisting of SIXTY (60) MONTHS as to each Count One and Nine and SIXTY−EIGHT (68) MONTHS as to each Count Two through Eight and Ten through Twelve, all such terms to run concurrently; Supervised Release: THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One through Twelve, all such terms to run concurrently; Special Assessment: $1,200.00. Court Reporter: Katharine Healey (JW) (Entered: 09/14/2023) |
| 09/14/2023 | 324 | **JUDGMENT as to Kristopher Justinboyer Ervin (1), Counts 1, 15ss−17ss, 16sss−18sss, 1s−7s, 1ss, 1sss, 2ss−7ss, 2sss−8sss, 8s, 8ss−14ss, 9s−14s, 9sss−15sss, Dismissed on Government's Motion; Counts 1ssss, 2ssss−8ssss, 9ssss, 10ssss−12ssss, Imprisonment: SIXTY−EIGHT (68) MONTHS, consisting of SIXTY (60) MONTHS as to each Count One and Nine and SIXTY−EIGHT (68) MONTHS as to each Count Two through Eight and Ten through Twelve, all such terms to run concurrently; Supervised Release: THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One through Twelve, all such terms to run concurrently; Special Assessment: $1,200.00 Signed by Judge Marcia Morales Howard on 9/14/2023. (JW)** (Entered: 09/14/2023) |
| 09/14/2023 | 329 | TRANSCRIPT of Sentencing (Volume 1 of 2) as to Kristopher Justinboyer Ervin and Matthew Raymond Hoover held on 09/06/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR−C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301−6843. |

| | | |
|---|---|---|
| | | NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/5/2023. Redacted Transcript Deadline set for 10/16/2023. Release of Transcript Restriction set for 12/13/2023. (KMH) (Entered: 09/14/2023) |
| 09/14/2023 | 330 | TRANSCRIPT of Sentencing (Volume 2 of 2) as to Kristopher Justinboyer Ervin and Matthew Raymond Hoover held on 09/07/2023 before Judge Marcia Morales Howard. Court Reporter/Transcriber: Katharine M. Healey, RMR, CRR, FPR–C. Email address: katharinehealey@bellsouth.net. Telephone number: (904) 301–6843.<br><br>NOTICE TO THE PARTIES – The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/5/2023. Redacted Transcript Deadline set for 10/16/2023. Release of Transcript Restriction set for 12/13/2023. (KMH) (Entered: 09/14/2023) |
| 09/19/2023 | 331 | NOTICE OF APPEAL by Kristopher Justinboyer Ervin re 310 Order on Motion for Judgment of Acquittal, 324 Judgment. Filing fee paid $ 505, receipt number AFLMDC–21268505. (King, Alex) (Entered: 09/19/2023) |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                               Case No.  3:21-cr-22(S4)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

_____

### O R D E R

**THIS CAUSE** is before the Court on Defendant Kristopher Justinboyer
Ervin's Post-Verdict Motion for Judgment of Acquittal (Doc. 273; Ervin's
Motion), filed May 19, 2023, and Defendant Matthew Raymond Hoover's Motion
for Judgment of Acquittal (Doc. 274; Hoover's Motion), filed May 19, 2023.
Following a nine-day jury trial, on April 21, 2023, the jury returned a verdict
finding Ervin guilty as to all twelve counts of the Fourth Superseding
Indictment (Doc. 204; Indictment) and a verdict finding Hoover guilty of five of
the eight counts charged against him.  See Verdict (Doc. 263; Ervin Verdict);
Verdict (Doc. 264; Hoover Verdict).  Specifically, the jury found Ervin guilty of
conspiring to transfer unregistered machinegun conversion devices in violation
of 18 U.S.C. § 371 (Count One); transferring unregistered machinegun
conversion devices in violation of the National Firearms Act (NFA), 26 U.S.C.
§§ 5861(e) and 5871 and 18 U.S.C. § 2 (Counts Two–Eight); structuring currency

transactions in violation of 31 U.S.C. § 5324(a)(3) and (d)(1) (Count Nine); and possessing unregistered machinegun conversion devices in violation of the NFA, 26 U.S.C. §§ 5861(d) and 5871 (Counts Ten–Twelve). Ervin Verdict at 1–5; see also Indictment at 1–16. As to Hoover, the jury returned guilty verdicts on the charges of conspiring to transfer unregistered machinegun conversion devices (Count One) and four counts of transferring unregistered machinegun conversion devices (Counts Two, Three, Five, and Seven). Hoover Verdict at 1–3; see also Indictment at 1–14. But the jury found Hoover not guilty of three counts of transferring unregistered machinegun conversion devices (Counts Four, Six, and Eight). Hoover Verdict at 2–4.

In their motions, Defendants request that the Court enter judgments of acquittal as to all counts pursuant to Rule 29 of the Federal Rules of Criminal Procedure (Rule(s)) because "the evidence presented by the prosecution is insufficient to support a conviction." Hoover's Motion at 1; see Ervin's Motion at 1–2. The Government filed responses to both motions on June 16, 2023. See Government's Response in Opposition to Defendants' Motion for Judgment of Acquittal (Doc. 289); Government's Response in Opposition to Defendant Ervin's Post-Verdict Motion for Judgment of Acquittal (Doc. 290). Accordingly, this matter is ripe for review.

## I.   Legal Standard

Rule 29 provides the Court with authority, where appropriate, to enter a judgment of acquittal following a guilty verdict.  See Rule 29(c)(2).  A motion for judgment of acquittal under Rule 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant."  United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994); see also United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) ("In considering a motion for the entry of judgment of acquittal under [Rule 29(c)], a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction.").  In ruling on such a motion, "a district court must 'determine whether, viewing all the evidence in the light most favorable to the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.'"  United States v. Grigsby, 111 F.3d 806, 833 (11th Cir. 1997) (quoting United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)).

## II.   Discussion

Having carefully reviewed the record, the applicable law, and the parties' arguments, the Court finds that Ervin's Motion and Hoover's Motion are both due to be denied.

### A.   Firearms Charges (Counts One–Eight and Ten–Twelve)

The conspiracy charge in Count One and the firearms charges in Counts Two through Eight and Ten through Twelve arise from Ervin's "Auto Key Card"

business.  See generally Indictment.  The evidence at trial showed that Ervin's Auto Key Cards are stainless steel cards into which the designs of "lightning links," a type of machinegun conversion device, were etched.  See Jury Trial (Volume 1 of 9) (Doc. 277; Tr. Vol. 1) at 244–45; Gov't Ex. 64 (Doc. 259-171).  Hoover partnered with Ervin to create several videos advertising the sale of the Auto Key Cards.  See, e.g., Gov't Ex. 2 (Doc. 259-3; Gov't Ex. 2); Gov't Ex. 2A (Doc. 259-4; Gov't Ex. 2A) at 3; Gov't Ex. 3 (Doc. 259-5); Gov't Ex. 3A (Doc. 259-6) at 2–3.  In its closing argument, the Government urged the jury to find that the Auto Key Card is "a combination of parts designed and intended for use in converting an AR-15 [rifle] into a machine gun."  Jury Trial (Volume 8 of 9) (Doc. 284; Tr. Vol. 8) at 35.  The Government contended that the Auto Key Card is "an NFA item disguised as something innocuous."  Id. at 36.  In contrast, Ervin and Hoover argued that the Auto Key Card is merely artwork and a novelty, not a machinegun conversion device.  See id. at 73 ("It's not a machine gun.  It's lines on a piece of steel."); id. at 155 (asserting that the Auto Key Card is a "conversation piece").  Apparently rejecting Defendants' theory of the case, the jury found Ervin guilty of each of the machinegun conversion device charges and Hoover guilty of Counts One, Two, Three, Five, and Seven.  See Ervin Verdict at 1–5; Hoover Verdict at 1–3.

In Hoover's Motion, Hoover presents several arguments as to why the Court should acquit him of the firearms-related charges.  See Hoover's Motion

at 5–23.  Ervin adopts Hoover's arguments to the extent that they are applicable

to Ervin's convictions.  <u>See</u> Ervin's Motion at 2.  Ervin also raises a challenge

specific to his conviction for Count Six.  <u>See id.</u> at 2–3.  The Court will address

each argument in turn.

### 1. Sufficiency of the Evidence

Ervin and Hoover argue that there was insufficient evidence to support

each element of the firearms-related offenses.  <u>See</u> Hoover's Motion at 1; Ervin's

Motion at 2–3.   To find a Defendant guilty of a conspiracy to transfer

unregistered machinegun conversion devices as charged in Count One, the jury

had to find that the Government proved all of the following facts beyond a

reasonable doubt:

> (1) two or more persons in some way agreed to try to accomplish a
> shared and unlawful plan;
>
> (2) the Defendant knew the unlawful purpose of the plan and
> willfully joined in it;
>
> (3) during the conspiracy, one of the conspirators knowingly
> engaged in at least one overt act as described in the indictment;
> and
>
> (4) the overt act was committed at or about the time alleged and
> with the purpose of carrying out or accomplishing some object of
> the conspiracy.

Court's Final Jury Instructions (<u>Doc. 254</u>; Jury Instructions) at 16.  To find

Ervin and Hoover guilty of the substantive counts of transferring unregistered

machinegun conversion devices, the jury had to find the following facts to be

true beyond a reasonable doubt:

> (1) the Defendant knowingly transferred, or aided and abetted the transfer of, a firearm, specifically, a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger;

> (2) the firearm was not registered in the National Firearms Registration and Transfer Record; and

> (3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

Id. at 18–19.  The jury had to find nearly identical elements to convict Ervin of

possessing unregistered machinegun conversion devices as charged in Counts

Ten through Twelve.  See id. at 25–26.

### a. Evidence that the Auto Key Card Is a "Combination of Parts Designed and Intended" for Use in Converting a Weapon into a Machinegun

Hoover argues that no evidence at trial proved that Ervin and Hoover

transferred a "combination of parts."  Hoover's Motion at 5–6.  According to

Hoover, the Government's evidence demonstrated that "each Auto Key Card

was a singular, homogenous piece of stainless steel into which a design was

lightly etched."  Id. at 6.  Hoover also maintains that no evidence showed that

the alleged parts would be functional if cut along the lines of the drawing.  Id.

at 8.  In support of this argument, Hoover contends that the Government's

expert witness, Firearms Enforcement Officer Cody Toy, had to materially alter the Auto Key Card to create parts that caused a malfunction leading to multiple rounds being fired.  <u>Id.</u> at 7–8.

The Court finds that the Government presented sufficient evidence from which a reasonable jury could conclude that Ervin and Hoover transferred, and Ervin possessed, a combination of parts designed and intended for use in converting a weapon into a machinegun.  First, the evidence at trial showed that the etchings on the Auto Key Card demarcate metal pieces that are the correct shape and size to be the parts of a machinegun conversion device.  Special Agent Jesse Hooker testified that the etchings on the Auto Key Card are recognizable as the two parts of a lightning link, a machinegun conversion device consisting of a longer piece with a slot and a smaller piece that fits in the slot.  Tr. Vol. 1, at 244–45.  Toy explained that the longer piece is called the "body," and the smaller piece is the "paddle" or "connector."  Jury Trial (Volume 7 of 9) (<u>Doc. 283</u>; Tr. Vol. 7) at 144.

Next, the Government introduced evidence that the pieces identified by the etchings on the Auto Key Card are the correct material to function as machinegun conversion devices.  Hooker testified that lightning links had to be made of metal to work in a rifle.  Tr. Vol. 1, at 245.  Indeed, Ervin advertised the Auto Key Card as "High strength <u>stainless steel</u>.  <u>Durable</u>" and "Full Auto

laser engraved to scale graphic design." Jury Trial (Volume 2 of 9) (Doc. 278; Tr. Vol. 2) at 119–120, 124 (emphasis added).

In addition, the jury heard evidence suggesting that the metal pieces demarcated by the etchings were meant to be removed from the surrounding metal. Two employees at the company that Ervin contracted to manufacture the Auto Key Cards thought that the etchings identified pieces of a tool to be cut out of the card because Ervin said the card was a tool. Transcript of Jury Trial (Volume 4 of 9) (Doc. 280; Tr. Vol. 4) at 27, 111–12. One employee testified that Ervin was concerned about the narrow spacing between two etchings on some of the Auto Key Cards. Id. at 85–87. The jury could reasonably infer that the spacing between the etchings mattered because a customer needed to be able to cut out both parts without damaging them. Moreover, Carolanne Wolfe testified that Ervin decided to include "1 in 1," "2 in 1," or "3 in 1" in the name of each Auto Key Card, even though those names did not describe the number of etchings on each card. Id. at 195. For example, the "3 in 1" Auto Key Card actually contained six separate etchings. Tr. Vol. 2, at 34. A reasonable jury could conclude that Ervin called the cards "3 in 1" because each card contained the parts for three lightning links.

Notably, the jury heard Hoover say that the Auto Key Cards contain firearm parts that can be removed from the surrounding metal. In his first video about the Auto Key Card, Hoover pointed to the different etchings on the

card and noted that a person could cut out "this piece right here" and fit the piece in the "slot right here."  Gov't Ex. 1 (Doc. 259-1; Gov't Ex. 1); Gov't Ex. 1A (Doc. 259-2; Gov't Ex. 1A) at 7–8.  Hoover explained how these pieces can interact with the other parts of an AR-15 rifle to produce automatic fire.  Gov't Ex. 1; Gov't Ex. 1A, at 7–8.  In another video, Hoover said that the Auto Key Card "was a great [Special Occupational Taxpayer] resource where you could get machine gun parts."  Gov't Ex. 14 (Doc. 259-25; Gov't Ex. 14); Gov't Ex. 14A (Doc. 259-26; Gov't Ex. 14A) at 2–3 (emphasis added).

Finally, the Government presented evidence from which the jury could reasonably conclude that the parts identified by the etchings in the Auto Key Card are reasonably accessible to an end user and actually function as a machinegun conversion device.  Using a commonly available Dremel tool and a hand file, Toy was able to cut out the parts of the lightning link from the first Auto Key Card that he received.  Tr. Vol. 7, at 148–50.  The whole process took him approximately 37 minutes.  See id. at 150.  Toy cut to the line on the Auto Key Card except that he removed "some of the material" off the paddle because it was "a little bit too tall."  Id. at 151–53.  Toy explained that "hand fitting" a part is not uncommon because firearms from different manufacturers have different tolerances.  Id. at 151–52. Counsel for the Government placed the cut-out piece over the uncut etching on an Auto Key Card.  See id. at 153.  Toy agreed that it appeared to be a millimeter or less of a difference between the

dimensions of the piece he cut out and the etching on the card.  Id.  The jury could see for itself whether the pieces that Toy cut out conformed to the etchings on the Auto Key Card.  See id.; Gov't Ex. 20A (Doc. 259-40); Gov't Ex. 25A (Doc. 259-46); Tr. Vol. 1, at 256–57, 272–73.  Once Toy installed the pieces from that Auto Key Card, a formerly semiautomatic rifle fired more than one shot with a single function of the trigger.  Tr. Vol. 7, at 155–156.  Toy conducted an additional test fire in Jacksonville, Florida.  Id. at 167–168.  At that test, with the parts from this Auto Key Card installed, the weapon fired automatically with both a machine gun bolt carrier and with an SP1 bolt carrier.  Id. at 168.

With the second Auto Key Card that Toy received, he used a Dremel tool and a drill press.  Id. at 159–61.  It took him 53 minutes to successfully cut out the parts of a lightning link from that card.  Id. at 162.  Once Toy installed these parts into his rifle, the rifle fired automatically.  Id. at 163.  Based on Toy's testimony, a reasonable jury could find that, while Toy had to "materially alter" the Auto Key Card to access the parts of a lightning link, he did not have to materially alter the parts themselves.  Toy merely had to remove the parts from the surrounding metal in order to use them to convert a semiautomatic rifle into a machinegun.

Given all of this evidence, the jury could reasonably conclude that Ervin and Hoover transferred and possessed a combination of parts designed and intended for use in converting a weapon into a machinegun.

### b. Evidence that Defendants Knew the Specific Characteristics of the Firearm that Made It Subject to Registration

Hoover argues that the Government did not prove that he had the <u>mens rea</u> required to be convicted of transferring unregistered machineguns. <u>See</u> Hoover's Motion at 10 (citing <u>Staples v. United States</u>, <u>511 U.S. 600</u> (1994)). In <u>Staples</u>, the Supreme Court expressed concern that a gun "may give no externally visible indication that it is fully automatic," leaving the gun's possessor with "absolute ignorance of the gun's firing capabilities." <u>511 U.S. at 615</u>. The Court concluded that Congress did not intend "to subject such law-abiding, well-intentioned citizens" to a lengthy prison sentence if "what they genuinely and reasonably believed was a conventional semi-automatic [weapon] turns out to have worn down into or been secretly modified to be a fully automatic weapon.'" <u>Id.</u> (alteration in original) (quoting <u>United States v. Anderson</u>, <u>885 F.2d 1248, 1254</u> (5th Cir. 1989) (en banc)). Thus, the Court concluded that, to obtain a conviction, the Government must prove that a defendant "knew the weapon he possessed had the characteristics that brought it within the statutory definition of a machinegun." <u>Id.</u> at 602, 619.[1]

---

[1] The Court did not hold that the Government must prove that the defendant knew his possession was <u>unlawful</u>. In her concurrence, Justice Ginsburg noted that "[t]he <u>mens rea</u> presumption requires knowledge only of the facts that make the defendant's conduct illegal, lest it conflict with the related presumption, 'deeply rooted in the American legal system,' that, ordinarily, 'ignorance of the law or a mistake of law is no defense to criminal prosecution.'" <u>Id.</u> at 622 n.3 (Ginsburg, J., concurring) (quoting <u>Cheek v. United States</u>, <u>498 U.S. 192, 199</u> (1991)).

Here, the jury could reasonably conclude that Ervin and Hoover knew of the characteristics or features that brought the Auto Key Card within the statutory definition of a machinegun. Jonathan Monger testified that Ervin told him that the Auto Key Card is a "gray market item" that resembles the lightning link. Tr. Vol. 4, at 266–67. According to Monger, Ervin told him that, if the pieces of the Auto Key Card "were cut out correctly and formed in a certain way, it could make a certain model AR-15 fully auto." Id. at 267–68. In addition, in an advertisement video, Ervin interspersed videos and sounds suggesting automatic fire with images of the Auto Key Card. Gov't Ex. 49A (Doc. 259-121). Moreover, when a customer asked Ervin about the "proper use of the card," Ervin provided directions on how to find instructions for using the Auto Key Card as a machinegun conversion device. Gov't Ex. 67E (Doc. 259-179; Gov't Ex. 67E); Tr. Vol. 2, at 115–16. Ervin also told the customer,

> The auto key card is a conversation piece as sold and as with many legal products, illegal use can occur. Think of brass knuckles sold as paperweights. Please be smart and careful you don't get into trouble. It is intended to stay in the sold as form. Individuals may make the choice to use it in a different way under certain dire circumstances in the future. Please share our product with others and friends that may need it someday.

Gov't Ex. 67E. From this evidence, the jury could reasonably conclude that Ervin knew of the characteristics or features of the Auto Key Card that brought it within the scope of the NFA.

Similarly, the Government presented evidence from which a reasonable jury could find that Hoover knew that the Auto Key Card is a combination of parts designed and intended for use in converting a weapon to shoot automatically.  In one of his videos, Hoover instructed viewers how to get a functioning lightning link out of an Auto Key Card.  See Gov't Ex. 1; Gov't Ex. 1A, at 7–8.  Hoover explained that the Auto Key Card is "awesome" because it is "stupid cheap. You could drop it in your rifle – or, you know, if you're actually gonna do this legally, this is just the bottle opener."  Gov't Ex. 1; Gov't Ex. 1A, at 8–9.  And Hoover called the Auto Key Card a great resource "where you could get machine gun parts."  Gov't Ex. 14; Gov't Ex. 14A, at 2–3.  This evidence sufficiently supports the jury's finding that Hoover knew of the characteristics or features of the Auto Key Card that brought it within the scope of the NFA.

The jury also could reasonably conclude that Ervin and Hoover knew that parts could fall within the definition of "machinegun" even when the parts could not immediately be used.  Ervin told Wolfe that a lightning link that she found online was a "no-no" because it was "like 95 percent."  Tr. Vol. 4, at 227–29.  Similarly, Hoover stated that the "old Lightning Links" caused problems because there were "just a couple of small pieces of metal holding them in the original piece.  All's you had to do was take your finger, pop it out.  Boom.  You have a machine gun."  Gov't Ex. 2; Gov't Ex. 2A, at 3.  Hoover described another conversion device called the "swift link" and mentioned how they were

"disguised as a little stick-on coat rack. You just snapped off the back of it." Gov't Ex. 1; Gov't Ex. 1A, at 6.  In the video "This Makes an Illegal Machine Gun," Hoover argued that the "portable wall hanger" is not a machinegun conversion device because "modification needs to happen."  Gov't Ex. 7 (Doc. 259-13; Gov't Ex. 7); Gov't Ex. 7A (Doc. 259-14; Gov't Ex. 7A) at 3.  He then admitted that the ATF "considered it" a machinegun conversion device "for whatever reason."  Gov't Ex. 7; Gov't Ex. 7A, at 3.  Finally, Hoover discussed drilling a third hole in a receiver and noted how "dimpling," or merely marking in the metal where the third hole would go, would mean that the ATF classified the receiver as a machinegun.  Gov't Ex. 1; Gov't Ex. 1A, at 7.  Based on this evidence, the jury could reasonably find that Ervin and Hoover knew that they were transferring and possessing a combination of parts designed and intended for use in converting a weapon into a machinegun, notwithstanding the extra material surrounding the parts in the Auto Key Card.

### c. Evidence that Ervin Transferred Machinegun Conversion Devices to J.A.

With regard to Count Six of the Indictment, the jury found Ervin guilty of transferring unregistered machinegun conversion devices to a person with the initials "J.A."  See Ervin Verdict at 3.  Ervin argues that no evidence showed that an individual with the initials J.A. existed or ordered and received an Auto Key Card.  Ervin's Motion at 3.  However, the Court finds that the jury heard

sufficient evidence to conclude that Ervin transferred an Auto Key Card 2 in 1 Pen Holder Edition (containing two conversion devices) to a real individual named James Acs.  See Gov't Ex. 89E (Doc. 259-256); Jury Trial (Volume 3 of 9) (Doc. 279; Tr. Vol. 3) at 40; Tr. Vol. 2, at 164–65; Gov't Ex. 110 (Doc. 259-336).  Therefore, Ervin's Motion is due to be denied as to Count Six.

### d. Evidence that Defendants Knew of the Conspiracy's Unlawful Purpose

As to Count One, Hoover argues that there was no evidence that he knew the unlawful purpose of the conspiracy.  See Hoover's Motion at 10–11.  Hoover's argument is unavailing because the Government presented sufficient evidence of each Defendant's knowledge and intent.  As discussed above, a reasonable jury could conclude that Ervin and Hoover knew that they were transferring parts subject to the NFA.  In addition, the evidence showed that Ervin set up, and Hoover advertised, discrete mail-in ordering for the Auto Key Card because they knew that customers would worry about their names being connected with the product.  Gov't Ex. 1; Gov't Ex. 1A, at 5; Gov't Ex. 2; Gov't Ex. 2A, at 3.  The evidence also revealed that Ervin explicitly discussed the possibility of prosecution and professed his belief that law enforcement could not prove his intent unless they got into his head.  Tr. Vol. 4, at 221.  Moreover, in a video, Hoover says that he told Ervin that "it's kind of an edgy product."   Gov't Ex. 14; Gov't Ex. 14A, at 1.  According to Hoover, the gist of what Ervin said in reply

is, "Look, if a drawing on a piece of metal that I have scribed in there is gonna be illegal, that's my line in the sand. That's where I want to fight." Gov't Ex. 14; Gov't Ex. 14A, at 1–2. Hoover responded, "I got your back, man." Gov't Ex. 14; Gov't Ex. 14A, at 2. In another video, Hoover said that it would be ridiculous for an ATF agent to argue in a courtroom that the Auto Key Card is a machinegun, but he acknowledged that "they probably will do that at some point in time. . . . But these are so incredibly affordable, it doesn't really matter." Gov't Ex. 1; Gov't Ex. 1A, at 4–5 (emphasis added). In the video "The Parts the ATF Wishes Never Existed," Hoover discusses several products, including the Auto Key Card, and refers to them as "these parts that are currently legal – well, kind of legal." Gov't Ex. 2; Gov't Ex. 2A, at 2 (emphasis added). After speaking about cutting out the parts contained in the Auto Key Card, Hoover told his viewers, "Definitely don't go on the internet and upload videos with you using this." Gov't Ex. 2; Gov't Ex. 2A, at 3. Based on this evidence, the jury could reasonably conclude that each Defendant knew the unlawful purpose of their plan and willfully joined it.

In sum, the Court concludes that sufficient evidence supported each of the jury's guilty verdicts as to the conspiracy charge in Count One and the related firearms offenses in Counts Two through Eight and Ten through

Twelve.[2]  Therefore, Defendants' requests for judgments of acquittal are due to be denied.

### 2. Vagueness

Hoover argues that "[a]s applied against Mr. Hoover, 26 U.S.C. §§ 5861(e) and 5871, and 18 U.S.C § 2 are unconstitutionally vague under the Fifth Amendment."  Hoover's Motion at 21; see also id. at 13–15 (citing several cases that applied the vagueness doctrine).  He asserts, "In no event would a reasonably intelligent person foresee that the conduct charged in this case—talking about a card with a drawing on it—would be deemed criminal, much less that a homogenous piece of steel with a drawing on it would be deemed a combination of parts."  Id. at 21.

Challenging a statute for vagueness is an assertion that "criminal responsibility should not attach [because] one could not reasonably understand that his contemplated conduct is proscribed."  United States v. Nat'l Dairy Prods. Corp., 372 U.S. 29, 32–33 (1963).  A statute must "define the criminal

---

[2]  Defendants raise several additional arguments based on evidence that they contend shows their innocence.  See Hoover's Motion at 6 (Ervin's instructions to Orange Park Machine & Fab.); id. (testimony that drawings and templates are not machineguns); id. at 8 (witness who failed to convert his rifle to fire automatically); id. at 10 (Hoover's statements about the legality of the Auto Key Card); id. at 21 (no evidence showing that a purchaser of the Auto Key Card successfully converted a weapon to shoot automatically).  However, to succeed on a motion for judgment of acquittal, "[t]he defendant must do more than 'put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt.'"  United States v. Toll, 804 F.3d 1344, 1354 (11th Cir. 2015) (quoting United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006)).

offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." United States v. Awan, 966 F.2d 1415, 1424 (11th Cir. 1992) (citing Kolender v. Lawson, 461 U.S. 352, 357 (1983)). If a vagueness challenge to a statute does not involve the First Amendment, then the analysis must be applied to the facts of the case.[3] United States v. Duran, 596 F.3d 1283, 1290 (11th Cir. 2010). Notably, the Supreme Court has instructed that there is a "strong presumption supporting the constitutionality of legislation." Nat'l Dairy Prods. Corp., 372 U.S. at 32. The Eleventh Circuit has instructed that "[i]n analyzing a vagueness claim, the first step in determining whether a statute provides fair warning is to begin with the language of the statute itself. Where the language alone sets forth plainly perceived boundaries, no further inquiry is necessary." Duran, 596 F.3d at 1291 (citation omitted).

Here, the language of the relevant statutory provisions sets forth plainly perceived boundaries. The NFA prohibits possessing or transferring unregistered machineguns. See 26 U.S.C. § 5861(d)–(e). The statute defines the term "machinegun" as follows:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function

---

[3]  Defendants do not argue that their vagueness challenge involves the First Amendment, and they specifically state that they are challenging the statutes "as applied." Hoover's Motion at 21.

of the trigger.  The term shall also include . . . any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun . . . .

26 U.S.C. § 5845(b).  This language is clear and definite.  In the context of a prosecution for possessing and transferring machinegun conversion devices, the former Fifth Circuit rejected a defendant's argument that the statute is unconstitutionally vague.  See United States v. Campbell, 427 F.2d 892, 893 (5th Cir. 1970) (per curiam).[4]  Notably, Hoover does not identify which portion of this definition is supposedly vague.  He does not explain how the statute fails to define the crime "with sufficient definiteness that ordinary people can understand what conduct is prohibited."  Awan, 966 F.2d at 1424.  Nor does he explain how the statute encourages "arbitrary and discriminatory enforcement."  Id.

Instead, Hoover emphasizes that the NFA does not give notice that drawings and tchotchkes are illegal.  For example, Hoover asserts, "[i]t should not be controversial to state that a statute proscribing a 'combination of parts' gives no notice that a drawing, or even a drawing that could become a

---

[4]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. However, because vagueness challenges are "as applied" and the court in Campbell faced somewhat different facts, the holding in Campbell likely is not controlling in this case.  It is nevertheless persuasive authority that the statutory language generally is sufficiently clear to put a person of reasonable intelligence on notice as to what is forbidden.

combination of parts through transformative labor, [is] covered." Hoover's Motion at 14; see also id. at 18 ("Such tchotchkes are not regulated under the Gun Control Act or the [NFA]."); id. at 20–21 ("The statute does not refer to something that may one day become a part, nor does it refer to drawings or schematics for parts. It refers, quite simply, to something that is a combination of parts."). However, the Government has never suggested that the NFA applies to mere drawings or novelties. And, the Court did not instruct the jury that it could convict based on the transfer of a mere tchotchke, drawing, or drawing that could become a combination of parts. Rather, the Court instructed the jury that it could only find Defendants guilty if the Government proved beyond a reasonable doubt that Defendants had possessed and transferred a "combination of parts designed and intended" for use in converting a weapon into a machinegun. Jury Instructions at 18, 25. Thus, Hoover's arguments about drawings and trinkets are unavailing.

Hoover also lists hypotheticals and asks whether they are prohibited by the statute. See Hoover's Motion at 19 ("If the DXF File of the Drawing and instructions how to break the law, like the Anarchist Cookbook, are constitutionally protected speech, is the Drawing with oil-based paint on [a] piece of stainless steel, okay? What about military grade plastic with the etching—is that Kosher?"). While those hypotheticals may identify difficult or

close cases, they do not explain what is vague about the statutory language itself.  The Eleventh Circuit has instructed,

> [Void for vagueness] does not mean that the statute must define every factual situation that may arise.  The existence of "marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense." Moreover, ignorance of the fact that one's conduct is a violation of the law is no defense to criminal prosecution.

United States v. Nelson, 712 F.3d 498, 508 (11th Cir. 2013) (citations omitted) (quoting United States v. Biro, 143 F.3d 1421, 1430 (11th Cir. 1998)); see also Johnson v. United States, 576 U.S. 591, 601 (2015) ("[E]ven clear laws produce close cases . . . .").  The Supreme Court also has noted, "As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct; 'the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree.'"  Johnson, 576 U.S. at 603–04 (alteration in original) (quoting Nash v. United States, 229 U.S. 373, 377 (1913)).  Whether Defendants transferred a "combination of parts" may not have been obvious in this particular case.  But the law itself provides a meaningful standard.  Applying that standard to Defendants' real-world conduct, the jury found that Defendants went too far and, rather than transferring mere art, they were, in

fact, transferring a combination of machinegun parts. Resolving that factual question was well-within the province of the jury.[5]

In addition, "[b]ecause 'objections to vagueness under the Due Process Clause rest on the lack of notice,' an as-applied vagueness challenge 'may be overcome in any specific case where reasonable persons would know that their conduct is at risk.'" United States v. Edgar, 304 F.3d 1320, 1327 (11th Cir. 2002) (quoting Maynard v. Cartwright, 486 U.S. 356, 361 (1988)). Here, the Court concludes that a reasonable person would know that selling an Auto Key Card would place him at risk. In fact, as discussed above, the evidence showed that Ervin and Hoover knew their conduct was at risk. See id. at 1328 (rejecting a vagueness challenge in light of the defendant's "knowledge and experience," which showed that he "[s]urely" knew his conduct was unlawful). The Supreme Court has found that it is not "unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." Boyce Motor Lines v. United States, 342 U.S. 337, 340 (1952). Ervin and Hoover acted deliberately to sell a product that they knew was

---

[5] For the same reasons, Defendants' argument fails to the extent they rely on the rule of lenity. See Hoover's Motion at 16–18. The rule of lenity applies "where there is a 'grievous ambiguity or uncertainty' in the statute." United States v. Izurieta, 710 F.3d 1176, 1182 (11th Cir. 2013) (quoting Chapman v. United States, 500 U.S. 453, 456 (1991)). Defendants do not identify any ambiguity in 26 U.S.C. §§ 5845, 5861, and 5871. Defendants wrongly equate uncertainty about a factual question (whether the items Defendants transferred were mere drawings or a combination of parts) with doubt about a legal question (the meaning of the statute itself).

"edgy," Gov't Ex. 14; Gov't Ex. 14A, at 1, and a "gray-market item," Tr. Vol. 4, at 266–67. Having knowingly taken that risk, Defendants may not now complain that the statute provided them insufficient notice. For all of these reasons, Defendants' vagueness challenge is unavailing.

### 3. Constructive Amendment of the Indictment

Hoover argues that the Government impermissibly shifted from prosecuting a "part" theory to prosecuting a "combination of parts" theory. Hoover's Motion at 11. In support of this argument, Hoover cites <u>United States v. Chandler</u> for the proposition that it is error for the grand jury to indict on one theory of illegal conduct and the Government to prosecute the case on another, entirely different theory. <u>See</u> <u>388 F.3d 796, 798</u> (11th Cir. 2004). But no impermissible shift in the Government's theory occurred here. In the operative Indictment, the Government charged that Defendants had transferred and possessed a "combination of parts designed and intended for use in converting a weapon into a machinegun." Indictment at 2, 10–16. At trial, the Government presented proof and argued that the Auto Key Card is a combination of parts. <u>See</u> Tr. Vol. 8, at 35. And, consistent with the language of the Indictment, the Court instructed the jury on the "combination of parts" portion of the definition of a machinegun. Jury Instructions at 18, 25. Because the Government did not impermissibly shift its theory of the case, Defendants' argument is unavailing.

## B.    Structuring Currency Transactions (Count Nine)

With regard to Count Nine of the Indictment, the jury found Ervin guilty of structuring, and attempting to structure, currency transactions for the purpose of evading currency transaction reporting requirements.  <u>See</u> Ervin Verdict at 4.  Ervin argues that "there is no record evidence that [he] was attempting to avoid the reporting requirement."[6]  Ervin's Motion at 5.

The Court finds that the record contains sufficient evidence from which the jury could reasonably conclude that Ervin acted with the purpose to evade the transaction-reporting requirements.  An employee of Ervin's bank Amy Sarkese testified that Ervin asked her what the threshold to trigger the reporting requirement was.  <u>See</u> Tr. Vol. 3, at 162 ("Well, how much can I take out so it's not reported?").  Sarkese stated that Ervin asked this question sometime before he started repeatedly withdrawing $9,000 in cash from his account.  <u>See</u> <u>id.</u> at 197.  On the day of the first structured transaction,

---

[6] Ervin also argues that the law requires the Government to prove that he knew of the "actual reporting requirement" and of his duty not to avoid triggering a transaction report. Ervin's Motion at 5 (citing <u>Ratzlaf v. United States</u>, <u>510 U.S. 135, 146</u>–47 (1994)).  This argument misstates the law because Congress amended <u>31 U.S.C. § 5324</u> after the Supreme Court's decision in <u>Ratzlaf</u>.  <u>See</u> <u>United States v. Vazquez</u>, <u>53 F.3d 1216, 1218</u> n.2 (11th Cir. 1995).  "[T]he only mental state apparently required under the new penalty provision is a purpose to evade the filing requirement."  <u>Id.</u>; <u>see</u> <u>United States v. Hernandez</u>, <u>490 F. App'x 250, 253</u> (11th Cir. 2012) (per curiam).

In citing <u>Hernandez</u>, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point.  <u>See</u> <u>McNamara v. GEICO</u>, <u>30 F.4th 1055, 1060</u>–61 (11th Cir. 2022); <u>see generally</u> <u>Fed. R. App. P. 32.1</u>; <u>11th Cir. R. 36–2</u> ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

December 28, 2020, Ervin initially asked to withdraw all of the money in his account in cash. See id. at 170–71. According to Sarkese, she informed him that he could not withdraw all of the money in cash that day. See id. at 171. Sarkese instead offered to allow him to withdraw $10,000. See id. Although Ervin at first agreed to withdraw this amount, he changed his mind and asked to withdraw $9,000. See id. at 171–73. Based on this testimony, the jury could reasonably infer that Ervin heard "$10,000," became concerned about the reporting threshold, and requested a lower amount to avoid triggering the reporting requirement. In addition, Sarkese testified that Ervin had the option of withdrawing all of his money in cash at once through a special order that could have been available by the end of the following week. See id. at 171. Instead of requesting a special order and waiting less than two weeks to receive all of his money, Ervin returned to a branch of his bank on seven separate days over the course of a week and a half and withdrew $9,000 in cash each time. See Gov't Ex. 95C (Doc. 259-302) at 22–23, 26. This course of conduct readily supports an inference that Ervin was acting with the intent to evade the reporting requirement. See United States v. Vigil-Montanel, 753 F.2d 996, 999 (11th Cir. 1985) ("A defendant's intent can be inferred from his conduct and all the surrounding circumstances."). Therefore, the Court will deny Ervin's Motion as to Count Nine.

## III.   Conclusion

Viewing all of the evidence in the light most favorable to the jury's verdict, the Court finds that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt as to each conviction.   And Defendants' legal challenges are unavailing.   Accordingly, it is

**ORDERED:**

Defendant   Kristopher   Justinboyer   Ervin's   Post-Verdict   Motion   for Judgment of Acquittal (Doc. 273) and Defendant Matthew Raymond Hoover's Motion for Judgment of Acquittal (Doc. 274) are **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on August 23, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

Counsel of Record

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

KRISTOPHER JUSTINBOYER ERVIN

Case Number: 3:21-cr-22(S4)-MMH-MCR

USM Number: 32680-509

Alex King, Retained
1805 Copeland Street
Jacksonville, FL 32204

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve of the Fourth Superseding Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 371 | Conspiracy to Transfer Unregistered Machinegun Conversion Devices | July 2021 | One |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials D.S. | November 2020 | Two |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials J.M. | November 2020 | Three |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials R.D. | December 2020 | Four |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials S.D. | December 2020 | Five |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials J.A. | December 2020 | Six |

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

| | | | |
|---|---|---|---|
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials R.W. | January 2021 | Seven |
| 26 U.S.C. §§ 5861(e) and 5871 and 18 U.S.C. § 2 | Transferring Unregistered Machinegun Conversion Devices to a Person with the Initials A.O. | February 2021 | Eight |
| 31 U.S.C. §§ 5324(a)(3) and (d)(1) | Structuring, and Attempting to Structure, Currency Transactions for the Purpose of Evading Currency Transaction Reporting Requirements | January 2021 | Nine |
| 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2 | Possessing Unregistered Machinegun Conversion Devices on February 22, 2021 | February 2021 | Ten |
| 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2 | Possessing Unregistered Machinegun Conversion Devices on February 24, 2021 | February 2021 | Eleven |
| 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2 | Possessing Unregistered Machinegun Conversion Devices on March 2, 2021 | March 2021 | Twelve |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The original Indictment, Superseding Indictment, Second Superseding Indictment, and Third Superseding Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

Date of Imposition of Sentence:
September 7, 2023

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

September _____, 2023

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **SIXTY-EIGHT (68) MONTHS, consisting of SIXTY (60) MONTHS as to each Count One and Nine and SIXTY-EIGHT (68) MONTHS as to each Count Two through Eight and Ten through Twelve, all such terms to run concurrently.**

The Court makes the following recommendations to the Bureau of Prisons:

- Incarceration at a facility located as close as possible to Jacksonville, Florida.
- Defendant receive mental health treatment.
- Defendant enroll in any educational and vocational programs available.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By: _____
Deputy United States Marshal

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS, consisting of THREE (3) YEARS as to each Count One through Twelve, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4.  You must cooperate in the collection of DNA as directed by the probation officer.


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____      Date:_____

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.    You shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, you are directed to submit to random drug testing.

2.    You shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3.    You shall provide the probation officer access to any requested financial information.

4.    You shall submit to a search of your person, residence, place of business, any storage units under your control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| TOTALS | $1,200.00 | $0.00 | $0.00 | $0.00 | $0.00 |

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO245B (Rev. 09/19) Judgment in a Criminal Case

Kristopher Justinboyer Ervin
3:21-cr-22(S4)-MMH-MCR

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$1,200.00** is due in full and immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

See Preliminary Order of Forfeiture (Dkt. No. 16).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO245B (Rev. 09/19) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No:        3:21-cr-22-MMH-MCR

KRISTOPHER ERVIN
_____/

### NOTICE OF APPEAL

COMES NOW the Defendant, Kristopher Ervin, by and through the undersigned counsel, pursuant to Rule 4(b), Fed. R. App. P., and hereby gives notice of his appeal of the (1) Order Denying Motion for Judgment of Acquittal (Doc. 310), (2) September 8, 2023 sentenced imposed, and (3) the subsequent September 14, 2023 Judgment in a Criminal Case (Doc. 324) issued by United States District Court Judge Marcia Morales Howard.

Respectfully submitted,
**First Coast Criminal Defense**

 /s/ Alex King
Alex King, Esq.
Florida Bar No.: 0086034
1805 Copeland Street
Jacksonville, Florida 32204
Tel: (904) 355-7777
E-mail: Admin@MonroeKingLaw.com
Attorney for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to: Laura Cofer Taylor, Esq., Office of the United States Attorney, Laura.C.Taylor@usdoj.gov, this 19th day of September, 2023.

 /s/ Alex King
ATTORNEY